**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT CINCINNATI)**

| | | |
|---|---|---|
| **KIMBERLY HARSMAN, et al.,** | : | Case No. 1:21-cv-00597-TSB |
| | : | |
| Plaintiffs, | : | (Judge Timothy S. Black) |
| | : | |
| v. | : | |
| | : | **PLAINTIFFS' MOTION FOR** |
| **CINCINNATI CHILDREN'S HOSPITAL** | : | **REMAND** |
| **MEDICAL CENTER, et al.,** | : | |
| | : | |
| Defendants. | | |

COME NOW Plaintiffs Kimberly Harsman, et al., by and through counsel, and pursuant to 28 U.S.C. §§ 1441, 1447, and 1332(d), moves this Court to remand this case back to the Court of Common Pleas, Hamilton County, Ohio, where it was originally filed. Plaintiff so moves on the basis that this Court lacks federal jurisdiction, as neither federal question nor diversity jurisdiction exists in this matter. In support of this Motion, Plaintiffs present the following.

Plaintiffs filed their Verified Complaint for equitable and other relief against the Defendants on September 14, 2021. Plaintiffs' allegations result from ill-conceived vaccine mandates issued by the Defendants. Plaintiffs filed claims based exclusively upon state law, including Ohio's anti-discrimination laws which require employers to reasonably grant medical and religious exemptions. Plaintiffs filed a Motion for Preliminary Injunction on September 15, 2021.

On September 17, 2021, the Mercy Health Defendants filed a Notice of Removal to this Court. On the same day, the remaining defendants filed Notices of Consent to Removal.

On September 20, 2021, Judge Wende Cross in the original action, Harsman v. Cincinnati Children's Hospital Medical Center, A2103207, Hamilton County Common Pleas, set the state case for a hearing on Plaintiffs' Motion for Preliminary Injunction for **October 4, 2021 at 11:00 a.m.**

Plaintiffs move to remand this case to state court because this Court does not have jurisdiction over the claims in this case. The Defendants' removal notice is premised on the Federal Class Action Fairness Act, which does not confer jurisdiction on this Court as written, and jurisdiction conferred by federal question, which is not supported by the Complaint.  Defendants ignore the statute's directives regarding the composition of the Plaintiffs by Ohio versus other states residences and rely completely (and incorrectly) on alleged federal issues to establish the basis for removal.  To the extent any federal issues exist in this lawsuit (none do), they are not substantial to a degree that would grant this Court subject matter jurisdiction.

1. **<u>Plaintiffs' Complaint does not confer federal jurisdiction over this case.</u>**

The Defendants attempt to focus entirely on FDA approval of the vaccine and its experimental nature. However, Defendants failed totally to address Ohio law regarding medical and religious exemptions. The tainted and misapplied medical and religious exemption process forms the heart of Plaintiffs' claims. Defendants, therefore, admit through silence these issues are not federal in nature and can be fully and adequately adjudicated by Ohio courts. Thus, this case should be remanded to the Court of Common Pleas of Hamilton County, Ohio

The party seeking removal bears the burden of demonstrating the federal court has jurisdiction over the action – original federal jurisdiction is not conferred by a state court-filed complaint alleging breach of state law unless the complaint "establishes that either

federal law creates the cause of action, or that Plaintiff's right to relief involved the resolution or interpretation of a substantial questions of federal law." *Middendorf v. West Chester Hospital, LLC,* 233 F. Supp.3d 615, 617-18 (S.D. Ohio 2017). *See also Total Quality Logistics, LLC v. Grigoryan*, S.D.Ohio No. 1:18cv363, 2019 U.S. Dist. LEXIS 197760, at *4-5 (Mar. 22, 2019) (citing *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 549 (6th Cir. 2006)). Notably, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (emphasis added).

      A plaintiff is considered to be the "master of his complaint." *Total Quality Logistics, LLC v. Johnson,* S.D. Ohio No. 1:19-cv-850, 2019 U.S. Dist. LEXIS 185867, at *5-6 (Oct. 28, 2019); citing *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 Fed. Appx. 463, 2019 U.S. App. LEXIS 21254, 2019 WL 3229347, at *3 (6th Cir. July 18, 2019). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Middendorf,* 233 F.Supp.3d at 618 (citing *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 514 (6th Cir. 2003)). "Because the plaintiff is the master if his complaint, the fact that a claim could be stated under federal law does not prevent a plaintiff from only stating it under state law." *Id.* Therefore, Plaintiffs are well within their rights to file their case in an Ohio court and base their claims on Ohio law. As the masters of their Complaint, Plaintiffs filed only claims based on Ohio law, including Ohio's anti-discrimination laws and Ohio Valentine Act. It is the position of Plaintiffs that they have the right to file in the Common Pleas Court of Hamilton County and invoke their rights under the Ohio Constitution the laws of the Ohio.

The federal issues highlighted by the Defendants in this case are not substantial to a degree that would grant this Court subject matter jurisdiction. "Federal question jurisdiction would sit with this Court if the Court concludes that the federal issues presented in this case are: "(1) necessarily raised; (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (citing *Gunn v. Minton,* 568 U.S. 251 (2013)). The Defendants attempt to cast the allegations in the Plaintiffs' Complaint as substantial, but Supreme Court precedent shows that the need to interpreting FDA regulations to resolve a case does not create federal jurisdictions. *See Gunn v. Minton,* 568 U.S. 251 (2013).

In *Gunn v. Minton*, 568 U.S. 251, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013), the Supreme Court held that a state claim alleging legal malpractice in failing to raise the experimental-use argument in a patent case was not one "arising under" federal patent law, subject to exclusive jurisdiction of federal courts. Although resolution of the federal patent question was necessary to client's case, the question was not substantial.

"But the possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' exclusive patent jurisdiction, even if the potential error finds its root in a misunderstanding of patent law." *Gunn,* 133 S.Ct. at 1068. "The vast majority of relevant federal court opinions post-*Gunn* have held that a state tort claim revolving around liability for the misuse of a medical product called Infuse does not raise a substantial federal issue *despite the claim's reliance on FDCA regulations."* Middendorf v. W. Chester Hosp., LLC*, 233 F. Supp. 3d 615, 620 (S.D. Ohio 2017); *See Schilmiller v. Medtronic, Inc.*, 44 F.Supp.3d 721, 731 (W.D. Ky. 2014); *Hilyard v. Medtronic, Inc.*, 21 F.Supp.3d 1012, 1018–20 (E.D. Mo. 2014); *Anders v. Medtronic, Inc.*, No. 4:14cv194, 2014 WL 1652352, at *5–7 (E.D. Mo. Apr. 24,

4

2014); *Mooney v. Henkin*, No. 8:13–cv–3213, 2014 WL 523034, at *3–4 (M.D. Fla. Feb. 9, 2014); *Goade v. Medtronic, Inc.*, No. 13–5123, 2013 WL 6237853, at *4–6 (W.D. Mo. Dec. 3, 2013). *But see Dooley v. Medtronic, Inc.*, 39 F.Supp.3d 973 (W.D. Tenn. 2014) (finding in an analogous case that state claims over the use of Infuse raised a substantial federal question due to the importance of federal regulations to the case).

The interpretation of FDA regulations will not be relevant at all to the Ohio medical exemptions claims. As such, Defendants' arguments fail in this regard and the case should be remanded to state court.

**2. The Class Action Fairness Act does not confer jurisdiction over this action.**

To be clear, the Plaintiffs categorically deny the Defendants have established jurisdiction is conferred by the Class Action Fairness Act of 2005. The Defendants' allegations regarding the citizenship of potential class members are immaterial where federal question jurisdiction is not conferred by CAFA. Even if the allegations were not immaterial, the class Plaintiffs seek to represent is limited to residents domiciled in Ohio. *See Complaint.* The Complaint is not a multi-state class action and, by definition, confines the proposed class action to those affected by Ohio state law who reside or work in Ohio. While there may be national interest in the resolution of this matter, said national interest in how employers in Ohio are limited by Ohio state law in enacting and applying vaccine mandates is a distinctly state issue to resolve given that Ohio possesses the plenary power to protect Ohio citizens' health, safety and welfare. If this is unclear to the Court, the Plaintiffs request the opportunity to amend the Complaint accordingly.

5

Defendants' arguments on the amount in controversy also fail. Defendants' assertion the amount in controversy is over $5,000,000 is purely hypothetical because the main relief that is sought is declaratory /injunctive.  Moreover, there is no diversity of citizenship on the face of the complaint.  The burden is on the Defendants, and they engage only in speculation regarding the residential composition of the Plaintiffs or proposed class. The Defendants are all located in Ohio and the discriminatory acts complained of occurred in Ohio.

Defendants' arguments regarding the federal questions are disingenuous because the approval process is not the substantial question of this lawsuit. The cardinal question is whether anyone can be forced to have a vaccine they don't want which is a question of state law.

Defendants' attempts to divert the Court's attention by discussing other lawsuits not before this Court is another concession that Plaintiffs' claims regarding medical and religious exemptions do not belong before this Court.  No matter how Defendants frame the issue, the Ohio claims based on failure to accommodate/consider exemptions and tampering with the exemption process are not subject to the dual dismissal rule.

    Respectfully submitted,

    /s/Glenn Feagan_____
Glenn Feagan (#0041520)
Deters Law II
5247 Madison Pike
Independence, KY 41051
(859) 363-1900
gfeagan@feaganlaw.com
Counsel for Plaintiffs

6

**CERTIFICATE OF SERVICE**

   Pursuant to Fed. R. Civ. P. 5(d) and other applicable law, I certify that on September 21, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record who are deemed to have consented to electronic service.

              /s/Glenn Feagan\_\_\_\_
              Glenn Feagan