**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY HARSMAN,** *et al.,* | : | |
| | : | **Case No. 1:21-cv-00597** |
| **Plaintiffs,** | : | **Judge Timothy S. Black** |
| | : | |
| **v.** | : | |
| | : | |
| **CINCINNATI CHILDREN'S** | : | |
| **HOSPITAL MEDICAL CENTER,** | : | |
| *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

**THE CHRIST HOSPITAL DEFENDANTS'**
**SUPPLEMENTAL MEMORANDUM IN OPPOSITION**
**TO MOTIONS FOR REMAND AND INJUNCTIVE RELIEF**

Defendants, The Christ Hospital and The Christ Hospital Physicians, LLC (collectively, The Christ Hospital Health Network or "TCHHN") hereby respectfully submit this supplemental memorandum in opposition to plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 14) and Motion to Remand (Doc. 21). For the additional reasons set forth herein, plaintiffs' motions should be denied.

<u>TCHHN Vaccination Policy</u>

In early August, after the Ohio Hospital Association recommended that hospitals "adopt policies requiring COVID-19 vaccinations for employees and staff, with local factors determining whether, how and when such policies are implemented," TCHHN decided to require all team members to be vaccinated, subject to the right to request an exemption or deferment for documented medical reasons or sincerely held religious or spiritual beliefs. Decl. of Jeff Hutchins,

Sept. 27, 2021 ("Hutchins Decl."), at ¶ 3 (Ex. 1); Ohio Hosp. Ass'n, Policy Stmt. Regarding COVID-19 Vaccination, Aug. 2, 2021, https://ohiohospitals.org/OHA/media/OHA-Media/Documents/Patient%20Safety%20and%20Quality/COVID19/Vaccination-Policy-Statement-Aug-2-2021.pdf (last visited Aug. 29, 2021).  After careful and thoughtful consideration and consultation with its medical staff leadership, in order to provide the safest and highest quality of care to its patients and ensure that its team members have the ability to perform their roles in the safest possible environment, TCHHN made COVID vaccination a condition of employment for all TCHHN team members, effective August 5, 2021.  *Id.* at ¶ 3-4.

Team members were informed of the new policy, via email, on August 5, 2021:

> **All employees of The Christ Hospital Health Network, regardless of physical location, and all medical staff, contractors, vendors, students, or other personnel who work in our facilities, are required to provide proof of full vaccination for the COVID-19 virus no later than October 1, 2021.**
>
> **A process is in place for those who wish to request an exemption.**
>
> **If exemptions are granted based on those requests, those individuals will be required to undergo testing for COVID-19 on a weekly basis.**

(the "Policy")  *Id.* at ¶ 4-5, Ex. A.  At the same time, team members were also informed of the deadlines for compliance, based upon their individual situations and choice of vaccine:

**Required COVID-19 Vaccinations for TCHHN Workforce**

Frequently Asked Questions

Deadlines for Compliance:

| 9/2/21 | Final date for unvaccinated individuals to receive Dose 1 on Moderna vaccine. |
|---|---|
| 9/10/21 | Final day for unvaccinated individuals to receive Dose 1 of Pfizer |
| 9/24/21 | Applications for exemption are due |
| 10/1/2021 | - Final day for staff to receive Dose 2 of Pfizer or Moderna.<br>- Final day for staff who choose to receive the one-dose vaccine (J&J/Janssen).<br>- Final day to submit documentation of vaccination at another location. |

*Id.* at ¶ 4, 6, Ex. B.

Under the Policy, TCHHN team members are required to be vaccinated, or have an approved exemption or deferment, by October 1, 2021.  *Id.* at ¶ 7.

<u>Standing</u>

As noted in the Healthcare Systems' omnibus Memorandum in Opposition to Motion for Temporary Restraining Order and/or Preliminary Injunction, plaintiffs have failed to establish their standing to pursue their purported claims.  Doc. 34 at PAGEID 1043-44.

> The U.S. Constitution confines the federal judiciary's power to "Cases" and "Controversies."  U.S. Const. Art. III, § 2.  For a case or controversy to exist, a plaintiff must have standing – an injury, fairly traceable to the defendant's conduct, that the court's decision will likely redress.

*Klaassen v. Trustees of Indiana Univ.*, No. 1:21-CV-238, 2021 U.S. Dist. LEXIS 133300, at *36 (N.D. Ind. July 18, 2021) (citing *Uzuegbunam v. Preczewski*, __ U.S. __, 141 S. Ct. 792, 797 (2021); *Spokeo*,

3

*Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1547 (2016)).  A justiciable controversy in the vaccine mandate context only exists if plaintiffs do not qualify for exemptions.  *Id*. at *36-37.

No justiciable controversy exists between named plaintiff Amanda Bagby ("OHIO RESIDENT CHRIST HOSPITAL") and TCHHN because she applied for and has been granted a religious exemption from the vaccine mandate.  Hutchins Decl. at ¶ 10.  So too have all but one of the other affiants on whom plaintiffs' rely to support their request for injunctive relief against TCHHN.  *Id*.

<u>Plaintiffs' Improperly Pled Complaint Precludes Remand</u>

This lawsuit is the third iteration of politically-charged allegations unattached to any viable legal claim.  The first version was filed against individual hospitals and health care organizations in state court seeking injunctive relief designed to derail mandatory vaccine mandates.  Those cases were voluntarily dismissed by the plaintiffs after one state court judge denied injunctive relief.  The plaintiffs then filed a combined action against the Ohio entities in this Court.  After the initial case management conference, plaintiffs once again dismissed their claims voluntarily.  Then plaintiffs filed a third case, once again in state court, alleging the previously pled conspiracies, concealments, lies and evil-doing, but recast as state law claims, not federal law claims.  Cognizant of plaintiffs' forum shopping and the federal questions presented by plaintiffs' editorial allegations, defendant Mercy, joined by the other defendants, removed the case to this Court.  Relying, ironically, on the properly-pleaded complaint rule, plaintiffs seek remand to the Hamilton County Court of Common Pleas.

While unclear as to the legal underpinnings of plaintiffs' seventeen causes of action, the rhetoric consistent throughout the complaint imagines conspiracies between the defendant hospital systems and the federal government:

> 19.    The world can disagree by 50% or more.  This Court can disagree if it chooses.  But, these Plaintiffs assert, with testimonial firsthand knowledge, the covid and vaccine issue in this country has been one of fraud upon the public from government, pharmaceutical, social media, mainstream media, corporate America, healthcare and political parties.  These Plaintiffs are not along.  The most recent fraud is Americans are not receiving an FDA approved vaccine.

> * * * * *

> 27.    The FDA approval letter to Defendant workers is also a lie. The Comirnaty vaccine is the one approved and is not even in production.

> * * * * *

> 237.   Dr. Fauci, the NIAID, and others are complicit in fraud as categorically outlined by Dr. Martin

> * * * * *

> **TEN LIES BEING TOLD TO THE AMERICAN PUBLIC ABOUT COVID**

> 310.   Lie #1:  Covid is still contagious when you're asymptomatic.

> 311.   Lie #2:  PCR tests tell you whether or not you have or had Covid-19 (or Delta).

> 312.   Lie #3:  Vaccines usually prevent you from catching Covid, or make it a mild case if you do.

> 313.   Lie #4:  Covid-19 vaccines help with immunity against variants, like Delta and Lambda.

314. Lie #5: A lab can test for Covid-19 and prove in court if you had it (like forensic DNA).

315. Lie #6: Covid vaccines are safe, even for pregnant women.

316. Lie #7: Vaccine immunity is stronger than natural immunity.

317. Lie #8: Without vaccines, you're at high risk of catching and dying from Covid.

318. Lie #9: Vaccines provide better immunity for Covid than vitamin D, zinc and ivermectin.

319. Lie #10: Masks, social distancing and lockdowns have helped "flatten the curve."

* * * * *

402. The CDC and NIH have participated in the fraud upon the public with refusal to release information and misrepresenting other information.

These allegations and many others implicate the United States government as a party to fraud, ignore federal preemption, rebuff safety and efficacy of the COVID-19 vaccine and at least putatively infer federal statutory and Constitutional violations. The nature and extent of plaintiffs' allegations, while dubious, cannot simply be relabeled to eliminate their basis in federal law. Although plaintiffs are the master of a "well pleaded complaint," giving them the right to choose the forum, a clever "artful" complaint like the one here forfeits the preemption.

Under the "artful pleading" doctrine, a federal court has federal question jurisdiction over an action where: (1) a plaintiff has creatively drafted his complaint so as to avoid naming a federal statute as the basis for his claim; and (2) the claim is, in reality, based upon a federal statute. *See Yousif v. Ocwen Mortg. Co.*, LLC, 816 F. Supp. 2d 463, 470 (E.D. Mich. 2010).

Under the artful-pleading doctrine, "plaintiffs may not avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims." *Id.* (internal quotation marks and citation omitted). Where it appears that the plaintiff may have carefully crafted her complaint to circumvent federal jurisdiction, "we consider whether the facts alleged in the complaint actually implicate a federal cause of action." *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 358 (6th Cir. 2015).

While the plaintiffs' complaint alludes to the Ohio equivalent of the ADA, there is no reference in the complaint to a qualifying, required state administrative proceeding. The complaint also refers to the Ohio Constitution to support privacy, due process and "Bill of Rights" entitlement when Ohio has no bill of rights comparable to federal law. Absent a procedurally well-pleaded complaint, remand is improper.

<u>Likelihood of Success on the Merits</u>

Finally, as Judge Bunning held in *Beckerich v. St. Elizabeth Med. Ctr., Inc.*, plaintiffs cannot establish a strong likelihood of success on the merits with respect to their Ohio "ADA" and "Title VII" claims. No. 21-cv-105, Doc. 34, at 6-12 (E.D. Ky. Sept. 24, 2021) (Ex. 2). While Ohio Rev. Code Chapter 4112 and Ohio Adm. Code Section 4112 (the "Ohio Civil Rights Act") broadly prohibit discrimination against qualified individuals on the basis of religion and medical disability as they apply to aspects of employment, plaintiffs have utterly failed to demonstrate that TCHHN has not complied with the Ohio Civil Rights Act in providing necessary medical accommodations and appropriate religious exemptions to its vaccine mandate.

Plaintiffs contend that, in violation of the Ohio Civil Rights Act, TCHHN has

> knowingly, illegally, unethically, and outrageously tampered with the medical exemption process by intimidating, threatening (directly and indirectly), "leaning on," and other means of coercion, local physicians from granting exemptions on this untested, unvetted, unverified, experimental vaccine . . . [and] refused to even consider granting an exemption based upon the bona fide and sincerely held religious beliefs of the Plaintiffs. By refusing to even consider, much less grant, any religious accommodation or exemption to [its] COVID-19 Vaccine Mandate, [TCHHN has] discriminated against Plaintiffs' sincerely held religious beliefs with respect to the terms, conditions, and privileges of employment.

Doc. 13 at PAGEID 787-88, ¶¶ 434, 439. Plaintiffs do not, however, allege any specific facts supporting their claims. TCHHN's numbers, moreover, belie plaintiffs' allegations.

As of September 27, 2021, TCHHN has granted 86.7% (104 of 120) of the medical exemptions requested by its employees. Hutchins Decl. at ¶ 9. It has granted 87% (348 or 400) of the religious exemptions requested by its employees – including to the named TCHHN plaintiff, Amada Bagby, and all but one of the other affiants on whom plaintiffs' rely to support their request for injunctive relief against TCHHN. *Id.* at ¶ 10. Furthermore, Ms. Bagby (nor any of the affiants, for that matter) has not suffered an adverse employment because of her religious beliefs. Plaintiffs' Civil Rights Claims with respect to TCHHN, therefore, fail.

<u>Conclusion</u>

For all the reasons set forth in the Healthcare Systems' opposition to plaintiffs' motion for injunctive relief, and the additional reasons elucidated here, plaintiffs' request for a temporary restraining order and/or preliminary injunction must be denied.

September 27, 2021                    Respectfully submitted,

                                      *s/ Jean Geoppinger McCoy*
                                      _____
                                      J. David Brittingham (OH 0061577)
                                      David P. Kamp (OH 0046881)
                                      Jean Geoppinger McCoy (OH 0046881)
                                      Allison G. Knerr (OH 0088235)
                                      DINSMORE & SHOHL LLP
                                      255 East Fifth Street, Suite 1900
                                      Cincinnati, Ohio  45202
                                      david.brittingham@dinsmore.com
                                      david.kamp@dinsmore.com
                                      jean.mccoy@dinsmore.com
                                      allison.knerr@dinsmore.com
                                      (513) 977-8200

                                      *Counsel for Defendants, The Christ Hospital*
                                      *and The Christ Hospital Physicians, LLC*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served, via the Court's CM/ECF system, on:

> Glenn D. Feagan, Esq.
> DETERS LAW
> 5247 Madison Pike
> Independence, Kentucky  41051
> gfeagen@feaganlaw.com
>
>                and
>
> Alan J. Statman, Esq.
> STATMAN, HARRIS & EYRICH, LLC
> 35 East Seventh Street, Suite 315
> Cincinnati, Ohio  45202
> ajstatman@statmanharris.com

9

this 27th day of September, 2021.

*s/ Jean Geoppinger McCoy*

_____

Jean Geoppinger McCoy