**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **KIMBERLY HARSMAN,** *et. al.,* ) | Case No: 1:21-cv-00597 |
| ) | |
| **PLAINTIFFS,** ) | **JUDGE BLACK** |
| ) | |
| v. ) | **MOTION TO DISMISS OF** |
| ) | **DEFENDANTS UC HEALTH, LLC,** |
| **CINCINNATI CHILDREN'S HOSPITAL** ) | **UNIVERSITY OF CINCINNATI** |
| **MEDICAL CENTER, INC.** *et al.,* ) | **MEDICAL CENTER, LLC, AND** |
| ) | **UNIVERSITY OF CINCINNATI** |
| **DEFENDANTS**. ) | **PHYSICIANS COMPANY, LLC** |

Defendants UC Health, LLC, University of Cincinnati Medical Center, LLC, and University of Cincinnati Physicians Company, LLC move to dismiss Plaintiffs' Complaint due to *res judicata*, lack of standing and failure to state a claim upon which relief can be granted. A memorandum in support of this Motion is attached.

                                                              Respectfully submitted,

                                                    /s/ *Patricia Anderson Pryor*
                                                    Patricia Anderson Pryor (0069545)
                                                    JACKSON LEWIS P.C.
                                                    201 E. Fifth Street, 26th Floor
                                                    Cincinnati, OH 45202
                                                    Telephone:  (513) 898-0050
                                                    Facsimile:   (513) 898-0051
                                                    patricia.pryor@jacksonlewis.com

                                                   *Counsel for Defendants UC Health, LLC,*
                                                   *University of Cincinnati Medical Center, LLC,*
                                                   *and University of Cincinnati Physicians*
                                                   *Company, LLC*

1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **KIMBERLY HARSMAN,** *et. al.,* | ) Case No: 1:21-cv-00597 |
| | ) |
| PLAINTIFFS, | ) JUDGE BLACK |
| | ) |
| v. | ) MEMORANDUM IN SUPPORT OF |
| | ) MOTION TO DISMISS OF |
| **CINCINNATI CHILDREN'S HOSPITAL** | ) DEFENDANTS UC HEALTH, LLC, |
| **MEDICAL CENTER, INC.** *et al.,* | ) UNIVERSITY OF CINCINNATI |
| | ) MEDICAL CENTER, LLC, AND |
| DEFENDANTS. | ) UNIVERSITY OF CINCINNATI |
| | ) PHYSICIANS COMPANY, LLC |

## I. INTRODUCTION

Defendants UC Health, LLC ("UC Health"), University of Cincinnati Medical Center, LLC ("UCMC"), and University of Cincinnati Physicians Company, LLC ("UCPC") respectfully request that this Court grant its Motion to Dismiss.

Plaintiffs (or those in privity with them) have already filed and dismissed three similar actions alleging the same claims or claims arising out of the same transaction or occurrence. This is their fourth attempt to challenge the region's premier healthcare organizations' requirement that its employees be vaccinated against COVID-19. Under Federal Rule of Civil Procedure 41(a) their second (and third) dismissals operated as an adjudication on the merits. As a result, Plaintiffs are precluded from filing this additional action based on the same transaction or occurrence as those filed by its other class members due to *res judicata*.

Additionally, Plaintiffs' latest complaint must be dismissed against UC Health, UCMC and UCPC because nowhere in the Complaint does it allege that any of the Plaintiffs were employed by UC Health, UCMC or UCPC or that any of them have been harmed by these Defendants such that they have standing to assert this action or can otherwise state a claim against these three Defendants upon which relief can be granted. Dismissal is appropriate as a matter of law.

2

## II. ARGUMENT

### A. Plaintiffs' Claims Are Barred By *Res Judicata.*

This is the fourth action that Plaintiffs' counsel has filed against UC Health, UCMC and UCPC on behalf of the same class. On August 23, 2021, Plaintiffs Glenn Beier, Caroline Cieminski, Donna Crase, Alaina Davis, Leslie Davis, Tamra Elders, Greg Ellington, Ron Gerdes, Rebecca Gerrein, Hannah Heilman, Toni Iacobucci, Emily Madonis, Jill Pabst, Amanda Preston-Clapper, Heather Rapp, Kim Ruedebusch, Mary Toennis, and Kim Woolums, filed an action in state court on behalf of a class of individuals, alleging the same or similar claims as asserted here and purporting to represent a class of others. (Complaint 1 attached as Exhibit 1) UC Health removed that case to this Court on August 25, 2021 (Case No. 1:21-cv-00551). On August 25, 2021, the same plaintiffs filed a separate action in this Court (Case No. 1:21-cv-00548), once again purporting to represent a class of individuals, against all of the Defendants here alleging a Sherman Act violation, which the plaintiffs had also alleged in the first complaint. (Complaint 2 attached as Exhibit 2) On Sunday, August 29, 2021, the plaintiffs dismissed Complaint 1 and Complaint 2. (Dismissals attached as Exhibit 3 and 4) On September 3, 2021, the same plaintiffs as those in the first action, with the addition of others including Constance Shepard (who has also filed an affidavit in this case), filed a third action (Case No. 1:21-cv-00576), alleging the same or similar claims as asserted here and purporting to represent a class of others. (Complaint 3 attached as Exhibit 5) On Friday, September 10, 2021, the Plaintiffs dismissed Complaint 3. (Dismissal attached as Exhibit 6) Each of the lawsuits has been asserted as a class action, with the plaintiffs purporting to represent others. Each of the lawsuits has been filed by Plaintiffs' counsel Glenn Feagan at Deters Law.

Under Federal Rule of Civil Procedure 41, a notice of dismissal acts as an adjudication on the merits if the plaintiff has previously dismissed another action including the same claim or based

3

on the same transaction or occurrence. The Sixth Circuit has held that a "voluntary dismissal under Fed. R. Civ. P. 41(a) has the effect of a judgment with prejudice when it is the second suit based on the same transaction… Because of the ease with which a voluntary dismissal may be secured, courts have held that the two-dismissal rule was 'practically necessary to prevent an unreasonable use of dismissals.'" *Evans v. Laborers' Dist. Council & Contractors' Pension Fund*, 602 Fed. Appx. 608, 614 (6th Cir. 2015). The Sixth Circuit has held that a "transaction" is defined as a "common nucleus of operative facts." *Demsey v. Demsey*, 488 Fed. Appx 1, 4 (6th Cir. 2012). Since the "double dismissal rule establishes that a second voluntary dismissal of essentially the same civil case operates as an adjudication on the merits, it carries with it the preclusive effects of a decision on the merits" and therefore "can be used as the basis for invoking *res judicata* to bar subsequent actions." *Demsey v. Demsey,* No. 1:09-CV-503, 2010 U.S. Dist. LEXIS 49987, at **11-12 (N.D. Ohio May 20, 2010), *aff'd* 488 Fed. Appx. 1 (6th Cir. 2012).

Each of the class plaintiffs' Complaints have challenged the COVID-19 vaccination requirement that UC Health (and others) have determined is necessary to help protect its patients and employees from the COVID-19 virus.[1] Each of the four complaints is based on the same transaction and same common nucleus of facts (indeed, most of the allegations in each of the complaints are identical). As such, the dismissal of the prior three complaints, bars the filing of this fourth complaint due to *res judicata*/claim preclusion.

Dismissal is appropriate under claim preclusion when there is (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a subsequent action involving the same parties or their privies, as the first; (3) a subsequent action raising claims that were or could

---

[1] Plaintiffs' own complaint states: "The American Hospital Association, the American Medical Association, and the Ohio Hospital Association recently advised healthcare employers require workers be vaccinated against Covid-19." (Compl. ¶ 11 (the second numbered paragraph 11))

4

have been litigated in the first action; and (4) a subsequent action arising out of the transaction or occurrence that was the subject matter of the previous action. *Ward v. Wyandot County Bd. of Comm'rs*, No. 3:04CV07552, 2005 U.S. Dist. LEXIS 522, at \*\*6-7 (N.D. Ohio 2005). Each of these is present here. Under Rule 41, Plaintiffs' double dismissal operates as an adjudication on the merits. This action involves the same parties (or their privies) as the two dismissed actions. Each of the prior actions and the current one were against UC Health, UCMC and UCPC. All of the plaintiffs from the first action (Complaint 1) were plaintiffs in the second and third actions. Although the only Plaintiff in the current case who purports to be associated with UC Health (no Plaintiff purports to be associated with UCMC or UCPC) was not a plaintiff in the original three actions, she is in privity with them. *See Lavon Moore v. Hiram Twp.*, 988 F.3d 353, 358-359 (6th Cir. 2021) (internal citation and quotation marks omitted) (Privity is "created when there is a mutuality of interest, including an identity of desired result between the two parties."). The Supreme Court has found sufficient privity when (among other reasons) (1) a nonparty was "adequately represented by someone with the same interests who [wa]s a party" to the suit, (2) a nonparty "assume[d] control" over the litigation in which that judgment was rendered, or (3) a party bound by a judgment tries to avoid its preclusive force by relitigating through a proxy or a nonparty later brings suit as an agent for a party who is bound by a judgment. *Taylor v. Sturgell*, 553 U.S. 880, 894-895 (2008). Each of these scenarios is present here. Each of the complaints has purported to represent the same class of individuals. After the earlier dismissals, the current plaintiffs assumed control over essentially the same litigation. And it is readily apparent from the submitted affidavits that this lawsuit is an attempt by earlier plaintiffs to relitigate their claims. Indeed, Ron Gerdes, one of the affiants for the current Plaintiffs was one of the earlier named plaintiffs who has already dismissed the claims three times. The claims here are the same as those

in, or those which could have been brought with, the prior actions and they arise out of the same transaction or occurrence as the prior actions (the COVID-19 vaccination requirement). Dismissal is appropriate as a matter of law.

### B. Plaintiffs Have Failed To Establish Standing, Or A Viable Cause Of Action Against Any of the Defendants.

Even if Plaintiffs' claims against UC Health, UCMC and UCPC are not subject to *res judicata*, which they are, Plaintiffs' claims are barred because they have not asserted sufficient facts to assert a cause of action against UC Health, UCMC or UCPC. Plaintiffs' Complaint is devoid of any factual allegations or legal theories supporting a claim for relief for any of the Plaintiffs against UC Health, UCMC or UCPC. Plaintiffs fail to allege a single factual allegation with respect to themselves. Plaintiffs' Complaint fails to assert whether they are or were employed by any of the defendants, whether they are vaccinated, whether they have requested an exemption, and what harm, if any, they individually have or will suffer. Plaintiffs have not set forth any facts sufficient to establish standing to assert a claim against any of the defendants. *See Wade v. University of Connecticut Board of Trustees*, No. 3:21-cv-924, 2021 U.S. Dist. LEXIS 153565, at *21 (D. Conn. Aug. 16, 2021) (plaintiffs who had been granted an exemption from vaccination requirement or who had failed to avail themselves of the process to request an exemption had not suffered an injury that the law recognizes as a basis for the right to complain in court, and therefore did not have standing to proceed); *Klaassen v. Trustees of Indiana Univ.*, No. 1:21-CV-238 DRL, 2021 U.S. Dist. LEXIS 133300, at *36-37 (N.D. Inc. July 18, 2021) (A justiciable controversy in the vaccine mandate context only exists if Plaintiffs do not qualify for exemptions). As this Court has cautioned Plaintiffs' counsel's firm in other litigation: "It is well-settled law that named plaintiffs may not rely on general class allegations to support their claims, but rather must show that each, individually, is entitled to relief." *Aaron v Durrani*, Case No. 1:13-cv-202 Doc. 76,

PageID 1451 (S.D. Ohio Sept. 12, 2013) (citing *Warth v. Seldin,* 422 U.S. 490, 502 (1975); *Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 659 (3rd Cir. 1998)) (attached as Exhibit 7). Plaintiffs have not done so here. Even if Plaintiffs' claims were not barred by *res judicata*, which they are, dismissal is appropriate for these additional independently dispositive reasons.

Finally, even if Plaintiffs could establish standing, they have not alleged sufficient facts "to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). Plaintiffs have not asserted sufficient facts to establish that any of the Plaintiffs have claims against UC Health, UCMC or UCPC. None of these Defendants are alleged to have taken any action against any of the Plaintiffs. UCPC is not even mentioned in the body of the Complaint.

### III. CONCLUSION

For each and every of the foregoing reasons, Defendants respectfully request the Court grant their Motion to Dismiss and dismiss Plaintiffs' Complaint against UC Health, LLC, University of Cincinnati Medical Center, LLC, and University of Cincinnati Physicians Company, LLC with prejudice.

Respectfully submitted,

/s/ *Patricia Anderson Pryor*
Patricia Anderson Pryor (0069545)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
patricia.pryor@jacksonlewis.com

*Counsel for Defendants UC Health, LLC, University of Cincinnati Medical Center, LLC, and University of Cincinnati Physicians Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2021, a true and accurate copy of the foregoing was electronically filed with the Court's CM/ECF system, and such system will send electronic notice to all counsel of record.

*/s/ Patricia Anderson Pryor*
Patricia Anderson Pryor (0069545)

4848-9575-2445, v. 1