## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (AT CINCINNATI)

| | | |
|---|---|---|
| **KIMBERLY HARSMAN, et al.,** | : | **Case No. 1:21-cv-00597-TSB** |
| | : | |
| **Plaintiffs,** | : | **(Judge Timothy S. Black)** |
| | : | |
| **v.** | : | |
| | : | **RESPONSE TO MOTION TO** |
| **CINCINNATI CHILDREN'S HOSPITAL** | : | **DISMISS OF DEFENDANTS UC** |
| **MEDICAL CENTER, et al.,** | : | **HEALTH, LLC, UNIVERSITY OF** |
| | : | **CINCINNATI MEDICAL CENTER,** |
| **Defendants.** | | **LLC, AND UNIVERSITY OF** |
| | | **CINCINNATI PHYSICIANS** |
| | | **COMPANY, LLC** |

COMES NOW Plaintiffs Kimberly Harsman, Rebecca Dorton, Andrea Velez, Amanda Bagby, and Andrea Klopfenstein and respond to the Motion to Dismiss of Defendants UC Health, LLC, University of Cincinnati Medical Center, LLC, and University of Cincinnati Physicians Company, LLC. *See* DOC#: 49. A memorandum in support of this Response is attached hereto and shows the Defendants' Motion lacks merit and is due to be denied.

> Respectfully submitted,
>
> /s/Glenn Feagan
> Glenn Feagan (#0041520)
> Deters Law II
> 5247 Madison Pike
> Independence, KY 41051
> (859) 363-1900
> gfeagan@feaganlaw.com
> Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d) and other applicable law, I certify that on October 25, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF

system, which will automatically send email notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/Glenn Feagan
Glenn Feagan
Deters Law II
5247 Madison Pike
Independence, KY 41051
(859) 363-1900
gfeagan@feaganlaw.com
Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT CINCINNATI)**

| | | |
|---|---|---|
| **KIMBERLY HARSMAN, et al.,** | : | **Case No. 1:21-cv-00597-TSB** |
| | : | |
| **Plaintiffs,** | : | **(Judge Timothy S. Black)** |
| | : | |
| **v.** | : | |
| | : | **MEMORANDUM IN SUPPORT OF** |
| **CINCINNATI CHILDREN'S HOSPITAL** | : | **RESPONSE TO MOTION TO** |
| **MEDICAL CENTER, et al.,** | : | **DISMISS OF DEFENDANTS UC** |
| | : | **HEALTH, LLC, UNIVERSITY OF** |
| **Defendants.** | | **CINCINNATI MEDICAL CENTER,** |
| | | **LLC, AND UNIVERSITY OF** |
| | | **CINCINNATI PHYSICIANS** |
| | | **COMPANY, LLC** |

## I.      INTRODUCTION

Despite the Court's ruling on the preliminary injunctive relief, the Plaintiffs want

to proceed with this matter so that if it does not continue in this Court on any claims, they

plan to appeal the matter through the Appellate Courts.

## II.      PROCEDURAL HISTORY

On September 14, 2021, the Plaintiffs, Kimberly Harsman, Rebecca Dorton, Andrea

Velez, Amanda Bagby and Andrea Klopfenstein (hereinafter referred to collectively as

the "Plaintiffs") filed this action, for the very first time, against Defendants Cincinnati

Children's Hospital Medical Center, Christ Hospital, The Christ Hospital, Trihealth, Inc.,

Trihealth G, LLC, Bethesda North, Good Samaritan Hospital, UC Health, LLC ("UC

Health"), University of Cincinnati Medical Center, LLC ("UCMC"), University of

Cincinnati Physicians Company, LLC ("UCPC"), Mercy Health Cincinnati, LLC, Mercy

Health-Anderson LLC, Mercy Health West Hospitals, LLC, Mercy Health Physician

Cincinnati LLC, and The Jewish Hospital.[1] *See* DOC#:1-10, Doc #: 13. On behalf of a

proposed class, the Plaintiffs asserted the following *state* law claims against the

Defendants: (1) Violation of Ohio Revised Code Section 4112 and Ohio Administrative

Code Section 4112 (Discrimination based upon Disability and Failure to Grant Medical

Exemptions); (2) Violation of the Ohio Bill of Rights and Ohio Revised Code Section

4112 (Religious Discrimination – Failure to Consider/Provide Religious Exemptions); (3)

Promissory Estoppel; (4) Violations of Section 1 of the Ohio Valentine Act, R.C.

§1331.01 *et seq.* (Illegal Anti-poaching Agreement); and (5) Violations of the Ohio

Valentine Act, R.C. §133.01 *et seq. See id.* With the exception of the promissory estoppel

claim, none of these claims have been asserted against the Defendants by plaintiffs

represented by the undersigned counsel.

The Defendants removed the action to this Court, on September 17, 2021 (*see*

DOC#: 1), to which the Plaintiffs strenuously objected and filed a Motion to Remand on

September 21, 2021. *See* DOC#: 21.

Defendants UC Health, UCMC, and UCPC move to dismiss the instant case on

the following grounds: (1) "Plaintiffs (or those in privity with them) have already filed

and dismissed three similar actions alleging the same claims or claims arising out of the

same transaction or occurrence" and said dismissals, pursuant to Fed. R. Civ. P. 41(a),

operated as an adjudication of the merits, barring the instant action due to *res judicata*;

(2) Plaintiffs lack standing to bring this action; and (3) Plaintiffs fail to state a claim upon

which relief may be granted. *See* DOC#: 49 (hereinafter referred to as Defendants'

"Motion").

---

[1] The Defendants UC Health, UCMC, and UCPC are hereinafter collectively referred to
as the "Defendants".

Plaintiffs do not challenge Defendants' statement of the procedural history as to the lawsuits initiated by the Deters Law on behalf of *other* plaintiffs seeking to stop what they believe is an illegal and unconstitutional vaccine mandate. However, contrary to the three other lawsuits referred to in Defendants' Motion, the instant action is brought by Plaintiffs who have never filed an action against the Defendants based on the illegal and unconstitutional vaccine mandate and the Defendants' *continuing* illegal and improper behavior in enforcing the illegal and unconstitutional vaccine mandate. In addition, the instant action asserts the following state law claims against the Defendants by these Plaintiffs: (1) Violation of Ohio Revised Code Section 4112 and Ohio Administrative Code Section 4112 (Discrimination based upon Disability and Failure to Grant Medical Exemptions); (2) Violation of the Ohio Bill or Rights and Ohio Revised Code Section 4112 (Religious Discrimination – Failure to Consider/Provide Religious Exemptions); (3) Promissory Estoppel; (4) Violations of Section 1 of the Ohio Valentine Act, R.C. §1331.01 *et seq.* (Illegal Anti-poaching Agreement); and (5) Violations of the Ohio Valentine Act, R.C. §133.01 *et seq.* With the exception of the promissory estoppel claim, none of the claims asserted in the Complaint have been previously asserted against the Defendants.

## III.    ARGUMENT

### A.  Plaintiffs' claims are not barred by *res judicata.*

A plaintiff . . . [has] an unqualified right, upon payment of costs, to take a nonsuit in order to file a new action after further preparation, unless the defendant would suffer some plain legal prejudice other than the mere prospect" additional litigation. *Cone v. West Va. Pulp & Paper Co.,* 330 U.S. 212, 217 (1947). The Federal Rule of Civil Procedure 41(a)(1) preserves that right so long as a dismissal pursuant to 41(a)(1)(A) is filed prior to the defendant filing an answer or motion for summary judgement. *See Cone*, 330 U.S. at 217.

5

A plaintiff "cannot be faulted for properly exercising their rights" under Fed. R. Civ. P. 41(a)(1)(A) and filing a subsequent lawsuit seeking relief to adjudicate their claims. *See Littlefuse, Inc. v. Pacific Engineering Corp, et; al.,* No. 12-cv-14957, 2013 WL 7045053, *2 -3 (E.D. Mich. Jun. 21, 2013).

Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(B) generally is without prejudice. *Sheet Metal Workers' Nat. Pension Fund Bd. Of Trustees v. Courtad, Inc.,* No. 5:12-cv-2738, 2013 WL 3893556, *2-3 (N.D. Ohio Jul. 26, 2013). The two-dismissal rule limits this general rule - "if a plaintiff previously dismissed any [federal or state court action] based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id.* (citing Fed. R. Civ. P. 41(a)(1)(B)). The two-dismissal rule "does not bar a subsequent suit, but instead merely states that when the rule applies, the dismissal of the second suit operates as an adjudication on the merits; once there is an adjudication on the merits, it is the doctrine of *res judicata* which bars subsequent suit on the same cause of action." *Id.* Given the preclusive effects of the rule, a court must be careful to apply it narrowly and must examine whether the doctrine of *res judicata* actually bars a subsequent suit. *Id.*

The Plaintiffs do not dispute that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." However, the party asserting *res judicata* as an affirmative defense to a complaint must show *each* of the following to establish that the claim is due to be dismissed:

> (1) That the instant action involves the same two parties; (2) that the instant action arose out of the same transaction or occurrence that was the subject of earlier action; (3) that the instant action could have been asserted in at least one of those previous actions; and (4) that there was a final decision on the prior action by the court of competent jurisdiction.

*Dempsey v. Dempsey,* No. 1:09-CV-503, 2010 WL 2010963, at * (N.D. Ohio May 20, 2010). The Defendants cannot meet the requirements of this four part-test.

The instant and allegedly subsequent action is not between the same parties or parties in privity as the complaints referred to by the Defendants. As shown by the Defendants in their Motion and attached exhibits, the plaintiffs who filed what the Defendants refer to as Complaint 1 (*see* Defendants' Motion, Exhibit 1) on behalf of themselves and others similar situated, are not the Plaintiffs to this action. The same is true as to Complaints 2 and 3 referenced by the Defendants. *See* Defendants' Motion, Exhibits 2 & 5.

The Defendants, without any supporting authority, assert that the Plaintiffs in this action are in privity with the plaintiffs in Complaints 1, 2 and 3. The Defendants lack supporting authority because under Ohio law, "before *res judicata* can be applied, the parties to the subsequent action must be identical to those of the former action or be in privity with them . . ." and one is not deemed to be in privity unless they are "successors to the estate of interest of another." *South Ridge Baptist Church v. Industrial Com'n of Ohio*, 676 F. Supp 799, 802 (S.D. Ohio 1987) (holding identical or similar issues raised by a subsequent plaintiff "is not sufficient to make plaintiff a privy . . ."). The Plaintiffs to this action have not brought suit against these Defendants prior to this action and no class has been certified regarding the actions complained of in the instant Complaint. Under Ohio law, privity between the plaintiffs to Complaints 1, 2 and 3 and the instant Plaintiffs does not exist and, as stated in *South Ridge Baptist Church*, raising similar issues in a subsequent action does not equate with privity. *See id.*

7

The Defendants reliance on *Taylor v. Sturgell*, 553 U.S. 880, 894-95, 128 S.Ct. 2161, 2163-64 (2008) is misplaced and their recitation of the holding in *Taylor* is incorrect. In fact, the holding in *Taylor* requires the denial of the Defendants' Motion.

In *Taylor,* an individual who was "an antique aircraft enthusiast" brought a lawsuit against the Federal Aviation Administration ("FAA") after the FAA refused his Freedom of Information Act ("FOIA") request for technical documents regarding an airplane. *See id.* at 2163. After that case was resolved, the individual's friend and fellow antique aircraft enthusiast, Taylor, made a FOIA request for the exact same documents. *See id.* at 2164. When the FAA did not respond, Taylor filed suit in the Unites States District Court for the D.C. Circuit, which was dismissed when the court found that a "nonparty may be bound by a judgment if she was 'virtual represented' by a party. *Id.* The appeals court affirmed the lower court decision, announcing a "five-factor test for 'virtual representation'." *Id.* The Supreme Court disapproved of the creation of the five-part test for virtual representation and reversed. *See id.*

In reaching its determination, the Supreme Court specifically held that "[t]he theory of preclusion by 'virtual representation' is disapproved . . . [t]he preclusive effects of a judgment . . . should instead be determined according to the established grounds for nonparty preclusion." *Id.* In discussing the defensive use on nonparty preclusion, the Court first recognized that:

> A person who was not a party to a suit has not had the full and fair opportunity to litigate the claims and issues settled in that suit. The application of claim and issue preclusion to nonparties thus runs up against the deep-rooted historic tradition that everyone should have his own day in court. Indicating the strength of that tradition, we have often repeated the general rule that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.

*Id.* at 2171-72 (internal quotations and citations omitted). The Court recognized six exceptions to "the rule against nonparty preclusion." *Id.* at 2172.

First, an individual who has agreed to be "bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement"; an example of this is when parties agree that a defendant's liability is to be determined by a test case. *Id.* Second, nonparty preclusion may be justified by a "substantive" legal relationship "between the person to be bound and a party to the judgement"; examples of "qualifying relationships" are "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor." *Id.* The Court specifically stated that these exceptions "originated as much from the needs of property law as from the values of preclusion by judgment." *Id.* (internal quotations and citations omitted). Third, in very limited circumstances, "a nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who [was] a party to the suit." *Id.* (internal quotations and citations omitted). The Court recognized that this could occur in a "properly conducted class actions." *Id.* Fourth, a "nonparty is bound by a judgment if she assumed control over the litigation in which that judgment was rendered." *Id.* The exception is implicated when the person "has had the opportunity to present proofs and arguments" to the extent he has already had his day in court. *Id.* at 2173. The fifth exception is "when a nonparty later brings suit as an agent for a party who is bound by the judgment." *Id.* This exception The sixth exception only occurs when a "special statutory scheme . . . expressly [forecloses] successive litigations by nonlitigants" such as bankruptcy and probate proceedings so long as the special statutory scheme does not violate due process. *Id.*

After recognizing these limited exceptions, the Court specifically rejected exceptions to the nonparty preclusion based on allegations of "adequate representations":

Our second reason for rejecting a broad doctrine of virtual representation rest on the limitations attending nonparty preclusion based on adequate representation. A party's representation of a nonparty is "adequate" for preclusion purposes only if, at a minimum: (1) The interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty. In additional, adequate representation requires (3) notice of the original suit to the persons alleged to have been represented . . . In the class-action context, these limitations are implemented by the procedural safeguards contained in Federal Rule of Civil Procedure 23.

An expanded doctrine of virtual representation, however, would recognize, in effect a common-law kind of class action. That is, virtual representation would authorize preclusion based on identity of interests and some kind of relationship between the parties and nonparties, short of the procedural protections prescribed in . . . Rule 23. [The] protections [of Rule 23], grounded in due process, could be circumvented were [the Court] to approve a virtual representation doctrine that allowed courts to create *de facto* class actions at will.

*Id.* at 2175-76.

The Defendants have presented no evidence or credible argument that the Plaintiffs in the instant action are in privity with the plaintiffs in Complaint 1, 2 and 3 under existing Ohio law or within any of the six specific exceptions recognized by the Court in *Taylor*. Instead, the Defendants urge this Court to engage in the behavior specifically rejected by the Supreme Court in *Taylor* – the creation of a *de facto* class action without the due process requirements of Federal Rule of Civil Procedure 23.

### B. Plaintiffs have standing to bring this action.

The Defendants cite no Ohio or Sixth Circuit law supporting their bald assertions that the Plaintiffs have no standing to bring this action. The Defendants merely assert this Court should rely on nonbinding precedent from district courts outside the Sixth Circuit in cases involving vaccine mandates at post-secondary educational institutions. The Defendants efforts must fail.

The Plaintiffs asserted the following state law claims against the Defendants: (1) Violation of Ohio Revised Code Section 4112 and Ohio Administrative Code Section 4112 (Discrimination based upon Disability and Failure to Grant Medical Exemptions); (2) Violation of the Ohio Bill or Rights and Ohio Revised Code Section 4112 (Religious Discrimination – Failure to Consider/Provide Religious Exemptions); (3) Promissory Estoppel; (4) Violations of Section 1 of the Ohio Valentine Act, R.C. §1331.01 *et seq.* (Illegal Anti-poaching Agreement); and (4) Violations of the Ohio Valentine Act, R.C. §133.01 *et seq.* The Plaintiffs assert they have alleged sufficient facts to show they have justiciable case or controversy against the Defendants. The Defendants' bald assertion that the Complaint is "devoid of any factual allegations or legal theories supporting a claim for relief of any Plaintiff against UC Health, UCMC, or UCPC" (DOC#: 49) is not sufficient to warrant dismissal for lack of standing. Accordingly, the Defendants' Motion is due to be dismissed.

### C. Plaintiffs' claims are not due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Granting a motion to dismiss is only appropriate if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Further, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to have "facial plausibility," the plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*) (quoting *Twombly,* 550 U.S. at 556). In evaluating a motion to dismiss, a court should "construe the complaint in the light most favorable to the plaintiff" and "accept all well-pleaded factual

allegations as true." *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (internal citations omitted).

The Defendants moved to dismiss this Complaint under Fed. R. Civ. P. 12(b)(6) based solely on the statement "Plaintiffs have not asserted sufficient facts to establish that any of the Plaintiffs have claims against" the Defendants. DOC#: 49. Plaintiffs have pled sufficient factual allegations to establish, at this stage in the litigation, that the Defendants have acted improperly and harmed the Plaintiffs. Accordingly, the Motion is due to be denied.

While the Defendants do not state they cannot reasonably respond with clarity on some of Plaintiffs' allegations, if they do, they should file a motion for a more definite statement under Fed. R. Civ. Pro. 12 (e), rather than move to dismiss.

## IV.    CONCLUSION

For each and every one of the foregoing reasons, the Plaintiffs respectfully request the Court deny the Defendant's Motion.

Respectfully submitted,

/s/Glenn Feagan_____
Glenn Feagan (#0041520)
Deters Law II
5247 Madison Pike
Independence, KY 41051
(859) 363-1900
gfeagan@feaganlaw.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d) and other applicable law, I certify that on October 25, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/Glenn Feagan
Glenn Feagan