UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY HARSMAN, *et al.*, | : | |
| | : | Case No. 1:21-cv-00597 |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| v. | : | |
| | : | |
| CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER, *et al.*, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS THE CHRIST HOSPITAL AND
### THE CHRIST HOSPITAL PHYSICIANS, LLC'S MOTION TO DISMISS

Plaintiffs' Complaint is a procedurally undisciplined, incongruous, unsubstantiated manifesto appropriate for an op-ed publication, not a court of law. The 570 numbered paragraphs defy the Rule 8 requirement that a complaint provide a "short and plain statement of the claim showing the pleader is entitled to relief." In those 570 paragraphs, not one plaintiff presents a cognizable claim. Indeed, the only plaintiff that is an employee of The Christ Hospital or The Christ Hospital Physicians, LLC (collectively, The Christ Hospital Health Network or "TCHHN") – Amanda Bagby – applied for and received an exemption from TCCHN's COVID-19 vaccination policy, further undermining all claims against TCHHN.

In short, the Complaint is a stream of consciousness diatribe attacking every aspect of the COVID-19 pandemic:

- the COVID-19 vaccines are not safe;

- the COVID-19 vaccines are not effective;

- there is no pandemic;

- the epidemiological data is a lie;

- President Biden is a liar; and

- everyone who promotes COVID-19 vaccination is a co-conspirator in a world-wide fraud promoting an international public health crisis that doesn't exist.

*See generally* Doc. 13.

In denying plaintiffs' Motion for a Temporary Restraining Order, the Court itself analogized the Complaint to a "bucket of mud" and then went on to identify the obvious deficiencies with plaintiffs' claims:

> As the law provides, "[t]he district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021).
>
> * * * * *
>
> The only basis for injunctive relief that appears on the face of the motion is "[c]onstitutional violations."
>
> * * * * *
>
> Here, Plaintiffs have not established that any of their claims are likely to succeed. They haven't even tried.
>
> * * * * *
>
> Plaintiffs' likelihood of successfully proving "constitutional violations" is zero.
>
> * * * * *
>
> Plaintiffs allege unsupported conspiracy theories. Rather than "suspicions" about the vaccine . . . Plaintiffs' allegations are falsehoods.
>
> * * * * *

> The complaint contains too many [falsehoods] for this Court to review given the time constraints of this Order, but a few examples illustrate the flimflam this Court is asked weight against the very real threat of COVID.
>
> More than a dozen times, Plaintiffs allege the Pfizer vaccine has not been fully approved by the FDA. This is false.
>
> * * * * *
>
> Plaintiffs assert that the statement, "Masks, social distancing and lockdowns have helped 'flatten the curve,'" is a "lie." That is not only false, it flatly contradicts Plaintiffs' own allegations 58 paragraphs prior.
>
> * * * * *
>
> Granting Plaintiffs injunctive relief, after weeks of delays, diversions, **confessed** judge shopping, and a flood of barely relevant affidavits, would improperly countenance Plaintiffs' gamesmanship to the detriment of the public's interest in a well-functioning judicial system."[1]

(Doc. 48 at 6-8, 12-14) (emphasis original).

Although pleading insufficiencies would ordinarily resolve with an amended pleading, plaintiffs' counsel has presented *nine* previous complaints with similar deficiencies. Dismissal is, therefore, appropriate under Fed. R. Civ. P. 41(b). Moreover, even wading through the mud, there is no justiciable controversy and not one of the 17 causes of action pled in the Complaint connects the dots on illegal conduct, a viable plaintiff and identifiable injury. Dismissal is, therefore, also warranted under Rules 12(b)(2) and 12(b)(6).

For the reasons set forth in the attached memorandum, this case should be dismissed, the Complaint stricken and any further sought-after injunctive or declaratory relief denied.

---

[1] *See* Eric Deters, *Bulldog Show 1*, Sept. 13, 2021, YouTube, https://youtu.be/Orxmwq 2b5mk?t=570 (last visited Oct. 8, 2021); Eric Deters, *Bulldog Show 1*, Aug. 30, 2021, Rumble, https://rumble.com/vlv5ae-vax-battle-update-august-30-2021.html?Fbclid=IwAR3OjObzOY63aSopEx3IIqbSwsYf1DrSl-RGTgc9cE7PKGqIHozdRCvvr4 (last visited Oct. 8, 2021).

October 25, 2021                             Respectfully submitted,

                                                        *s/ J. David Brittingham*

                                                        J. David Brittingham (OH 0061577)
                                                        David P. Kamp (OH 0046881)
                                                        Jean Geoppinger McCoy (OH 0046881)
                                                        Allison G. Knerr (OH 0088235)
                                                        DINSMORE & SHOHL LLP
                                                        255 East Fifth Street, Suite 1900
                                                        Cincinnati, Ohio 45202
                                                        david.brittingham@dinsmore.com
                                                        david.kamp@dinsmore.com
                                                        jean.mccoy@dinsmore.com
                                                        allison.knerr@dinsmore.com
                                                        (513) 977-8200

                                                        *Counsel for Defendants, The Christ Hospital*
                                                        *and The Christ Hospital Physicians, LLC*

**MEMORANDUM**

For more than 100 years vaccine mandates such as those implemented by Defendants have been legal. *See Jacobson v. Massachusetts*, 197 U.S. 11 (1905). Ignoring unambiguous case law, Plaintiffs' "Verified Complaint" presents a hodge-podge of impossible claims supported by imaginary facts, all of which are preposterously verified by Plaintiffs' counsel. Plaintiffs' Complaint is patently implausible, defying the Federal Rules of Civil Procedure and warranting immediate dismissal.

**I.     PROCEDURAL POSTURE**

On August 23, 2021, Plaintiffs' counsel filed six individual, purportedly verified class action complaints against defendants, including TCHHN,[2] and St. Elizabeth Medical Center, Inc./Summit Medical Group, Inc., d/b/a St. Elizabeth Physicians ("St. Elizabeth").[3] Two days later, they filed a separate complaint alleging antitrust claims against the Healthcare Systems and St. Elizabeth.[4] After the Hamilton County Court of Common Pleas denied the request for TRO in the *Aldridge* case,[5] and the U.S. District Courts for the Southern District of Ohio and Eastern

---

[2] Defendants comprise Cincinnati Children's Hospital Medical Center ("CCHMC"); TCHHN; TriHealth, Inc., TriHealth G, LLC, d/b/a TriHealth Physician Partners and Group Health Physician Partners, Bethesda Hospital, Inc., Bethesda North and Good Samaritan Hospital ("TriHealth"); UC Health, LLC, University of Cincinnati Medical Center, LLC and University of Cincinnati Physicians Company, LLC ("UC Health"); and Mercy Health Cincinnati, LLC, Mercy Health – Anderson Hospital LLC, Mercy Health – West Hospital LLC, Mercy Health Physicians Cincinnati LLC and The Jewish Hospital, LLC, d/b/a The Jewish Hospital – Mercy Health ("Mercy") (collectively, the "Healthcare Systems").

[3] *Beckerich v. St. Elizabeth Med. Ctr., Inc.*, Case No. 2:21-cv-00100 (E.D. Ky.) (removed from Boone Cnty. Cir. Ct.); *Beier v. UC Health, LLC*, Case No. 1:21-cv-00551 (S.D. Ohio) (removed from Hamilton Cnty. C.P.); *Aldridge v. Mercy Health Cincinnati, LLC*, Case No. A2102965 (Hamilton Cnty. C.P.); *Alexander v. Cincinnati Children's Hosp. Med. Ctr.*, Case No. 1:21-cv-00545 (S.D. Ohio) (removed from Hamilton Cnty. C.P.); *Allen v. TriHealth, Inc.*, Case No. A2102964 (Hamilton Cnty. C.P.); and *Durrough v. Christ Hosp.*, Case No. 1:21-cv-00549 (S.D. Ohio) (removed from Hamilton Cnty. C.P.).

[4] *Beckerich v. St. Elizabeth Med. Ctr., Inc.*, Case No. 1:21-cv-00548 (S.D. Ohio).

[5] *Aldridge*, No. A2102965, Entry Denying Pls.' Mot. Temp. Restraining Order, Aug. 27, 2021 (Ex. A).

District of Kentucky set expedited briefing and hearing schedules in the two *Beckerich* cases, Plaintiffs' counsel voluntarily dismissed all of their complaints, noting their "inten[t] to refile."

On September 3, 2021, the same plaintiffs (and counsel) refiled against the Healthcare Systems and St. Elizabeth collectively (but only as to their antitrust claims against St. Elizabeth) in the Southern District of Ohio,[6] and also against St. Elizabeth in the Eastern District of Kentucky.[7] Within hours of this Court holding a Rule 65 telephone conference in *Beckerich Ohio* on September 10, Plaintiffs' counsel again voluntarily dismissed Plaintiffs' complaint. Thereafter, in a public broadcast explaining the dismissal to their clients, Plaintiffs' counsel's "spokesperson" attacked this Court and admitted to judge-shopping. They also pledged to refile – again. *See* https://www. youtube.com/watch?v=Orxmwq2b5mk (last visited Sept. 26, 2021).

True to their word, on September 14, Plaintiffs' counsel refiled in the Hamilton County Court of Common Pleas.[8] On September 17, Mercy removed *Harsman* to this Court; all of the other Healthcare Systems consented to the removal. Plaintiffs challenged removal in a motion for remand (Doc. 21), but abandoned that motion on the day their reply brief was due. (Doc. 42). On September 30, 2021, the Court denied plaintiffs' Motion for a Temporary Restraining Order. (Doc. 48). Thereafter, on October 14, 2021, the undersigned wrote to Plaintiffs' counsel, offering them safe harbor from a Rule 11 motion for sanctions if they would immediately dismiss their claims with prejudice. *See* Letter from J. David Brittingham to Glenn Feagan, Oct. 14, 2021 (Ex. B). Plaintiffs' counsel rebuffed that overture, forcing TCHHN to file this motion. *See* Letter from Feagan to Brittingham, Oct. 15, 2021 (Ex. C).

---

6      *Beckerich v. St. Elizabeth Med. Ctr., Inc.*, No. 1:21-cv-00576 (S.D. Ohio) ("*Beckerich Ohio*").

7      *Beckerich v. St. Elizabeth Med. Ctr., Inc.*, No. 2:21-cv-00195 (E.D. Ky.).

8      *Harsman v. Cincinnati Children's Hosp. Med. Ctr.*, No. A2103207 (Hamilton Cnty. C.P.).

<” 

## II.  STANDARD OF REVIEW

TCHHN assumes the Court's familiarity with the applicable standards of review, except to note that Rule 41(b) authorizes dismissal of an action where a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rules 8(a)(2) and (d)(1). *Sevier v. Apple, Inc.*, No. 3:13-0607, 2015 U.S. Dist. LEXIS 106614, at *23 (M.D. Tenn. Aug. 13, 2015). *See also Pymale v. Freeman*, No. 90-2202, 1991 U.S. App. LEXIS (6th Cir. Apr. 12, 1991)).

Further, in order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When, as here, there are insufficient facts to "nudge[] the claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## III.  ARGUMENT

### A.  Plaintiffs have made absolutely no effort to comply with Rule 8.

Pursuant to Fed. R. Civ. P. 8(a)(2), "[a] pleading . . . must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Further, [e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

As this Court has noted:

> The Federal Rules of Civil Procedure require litigants to set forth a short and plain statement of the claims demonstrating that the pleaders are entitled to relief. Fed. R. Civ. P. 8(a)(2). The rule

7

> requires Plaintiffs "to edit and organize their claims and supporting allegations into a manageable format."

*Aaron v. Durrani*, No. 1:13-cv-202, 2013 U.S. Dist. LEXIS 130510, at *5 (S.D. Ohio Sept. 12, 2013) (quoting *Hollon v. E. Ky. Corr. Complex*, No. 10-CV-177-KSF, 2012 U.S. Dist. LEXIS 74676, at *5 (E.D. Ky. July 22, 2010). "When faced with voluminous pleadings, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange." *Schied v. Daughtrey*, No. 08-14944, 2008 U.S. Dist. LEXIS 104697, at *4 (E.D. Mich. Dec. 29, 2008).

Plaintiffs and their counsel clearly eschew the requirements of Fed. R. Civ. P. 8(a)(2) and 8(d)(1), which "taken together . . . underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Sevier*, 2015 U.S. Dist. LEXIS 106614 at *23. Their Complaint is anything but. Indeed, it is so disorganized and convoluted that they could not be bothered, when attempting to secure injunctive relief, to sift through their own allegations to even try to explain why *any* of their claims would likely succeed on the merits. (Doc. 48 at 6). Having "waded through the entire complaint," the Court correctly analogized the Complaint to a "bucket of mud," from which "[it] and defendants should not have to fish a gold coin . . . to identify the allegations really at issue." *Id.* (quoting *Kensu*, 5 F.4th at 651).

Plaintiffs' Complaint, which – in its tenth iteration – is still "unnecessarily lengthy, disorganized, argumentative, [and] includes inappropriate extraneous allegations," and contains no "particularized allegations for each of the [p]laintiffs," violates Rule 8 and should be dismissed with no further leave to amend. *Sevier*, 2015 U.S. Dist. LEXIS 106614 at *23 (citing *Morales v. New York*, 22 F. Supp. 3d 256 (S.D.N.Y. 2014); *Smith v. Chattanooga*, No. a:10-cv-206, 2010 U.S. Dist. LEXIS 134171 (E.D. Tenn. Dec. 17, 2010); *Barnard v. Beckstrom*, No. 07-CV-19, 2007

U.S. Dist. LEXIS 38864 (E.D. Ky. MY 29, 2007); *Brown v. Knoxville News-Sentinel*, 41 F.R.D. 283 (E.D. Tenn. 1966)); *Aaron*, 2013 U.S. Dist. LEXIS 130510 at *10.

### B. The Court lacks personal jurisdiction because Plaintiffs do not have standing.

As the Supreme Court has recently observed, "[f]ederal courts do not possess a roving commission to publicly opine on every legal question" and, therefore, "do not adjudicate hypothetical or abstract disputes." *TransUnion LLC v. Ramirez*, __ U.S. __, 141 S. Ct. 2190, 2203 (2021). The United States Constitution confines the federal judiciary's power to "Cases" and "Controversies." U.S. Const., Art. III, § 2. For a case or controversy to exist, a plaintiff must have standing – an injury fairly traceable to the defendant's conduct, that the court's decision will likely redress. *Uzuegbunam v. Preczewski*, __ U.S. __, 141 S. Ct. 792, 797 (2021); *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1547 (2016).

This Court does not have jurisdiction because, as pled, Plaintiffs have no standing. *Tibbs v. Sebelius*, No. 2:09-cv-773, 2010 U.S. Dist. LEXIS 42464, at *9 (S.D. Ohio Apr. 30, 2010) (plaintiff's burden to establish standing is an "indispensable part of plaintiff's case."). A justiciable controversy in the vaccine mandate context only exists if plaintiffs have not been vaccinated and do not qualify for exemptions. *Klaassen v. Tr. of Ind. Univ.*, No. 1:21-CV-238 DRL, 2021 U.S. Dist. LEXIS 133300, at *36-37 (N.D. Ind. July 18, 2021); *see also Wade v. Univ. of Conn. Bd. of Tr.*, No. 3:21-cv-924, 2021 U.S. Dist. LEXIS 153565, at *21 (D. Conn. Aug. 16, 2021) (plaintiffs who were granted exemption from vaccination requirement, or failed to avail themselves of process to request exemption, did not suffer cognizable injuries and, therefore, did not have standing to proceed).

Here, the only named plaintiff affiliated with TCHHN (Amanda Bagby) applied for and received a religious exemption. (Doc. 39-1 at ¶ 10). In fact, the Complaint is devoid of any factual

9

allegations or legal theories supporting a claim for relief for any of the individual plaintiffs against any of the defendants. Plaintiffs fail to allege a single factual allegation with respect to themselves. Not a single one (including Bagby) asserts that they are or were employed by any of the defendants, whether they are vaccinated, whether they have requested an exemption and what harm, if any, they individually have or will suffer. Because Bagby and all of her fellow plaintiffs unequivocally lack standing, their claims against TCHHN (and all of the other Healthcare Systems) must be dismissed.

Further, as this Court has cautioned Plaintiffs' counsel's firm in other litigation, "It is well-settled law that named plaintiffs may not rely on general class allegations to support their claims, but rather must show that each, individually, is entitled to relief." *Aaron*, 2013 U.S. Dist. LEXIS 130510 at *11 (citing *Warth v. Seldin,* 422 U.S. 490, 502 (1975); *Rolo v. City Inv. Co. Liquidating Tr.*, 155 F.3d 644, 659 (3rd Cir. 1998)). Plaintiffs have not done so here. Having failed to plead that they have not been vaccinated, or are ineligible for an exemption, Plaintiffs have failed to demonstrate their standing and that a justiciable case or controversy exists. Such a failure warrants dismissal pursuant to Rule 12(b)(2).

      C.    **_Res judicata_ bars Plaintiffs' Claims.**

As fully explained in UC Health's Motion to Dismiss, which TCHHN hereby adopts and incorporates by reference, Plaintiffs' claims are barred by the doctrine of *res judicata* given that this is now their fourth attempt to bring these claims against TCHHN. (Doc. 49 at 3-6). Plaintiffs' counsel's repeated dismissal and retread of their claims is even more egregious given that it was admittedly done for purposes of judge-shopping.

### D. Plaintiffs ignore other existing decisions and precedent in bringing their meritless claims.

Procedural reasons aside, Plaintiffs have also failed to state a claim on which relief can be granted. Dismissal is, therefore, warranted under Fed. R. Civ. P. 12(b)(6).

As an initial matter, both this Court and the Honorable David L. Bunning (E.D. Ky.) denied Plaintiffs' request for injunctive relief (Counts VI and XVI), explicitly finding that Plaintiffs' claims were unlikely to succeed on the merits. (Doc. 48 at 6-9); *Beckerich v. St. Elizabeth Med. Ctr.*, No. 21-105, 2021 U.S. Dist. LEXIS 183757, *5-15 (E.D. Ky. Sept. 24, 2021) ("*Beckerich Ky.*"). Both went even further, expressly noting that the likelihood of success in proving constitutional violations was "zero" because Defendants are not state actors. Doc. 48 at 7-8; *Beckerich Ky.* at *7. Plaintiffs' "constitutional" claims under the "Ohio Bill of Rights" (Count II) and for the purported violation of Plaintiffs' right to refuse unwanted/medically unnecessary care (Count VII) must, therefore, be dismissed. Plaintiffs' other claims fare no better.[9]

- The only named plaintiff affiliated with TCHHN (Amanda Bagby) applied for and was granted a religious exemption. (Doc. 39-1). There can, therefore, be no failure to accommodate (Count I and Count II). *See Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982-83 (6th Cir. 2011); *Abdi Mohamed v. 1st Class Staffing, LLC*, 286 F. Supp. 3d 884, 903 (S.D. Ohio 2017). In any event, Bagby's discrimination claims should be dismissed for failure to exhaust her administrative remedies under Ohio Rev. Code §4112.052(B)(1) with the Ohio Civil Rights Commission. *Alexander v. Univ. of Memphis*, No. 20-5426, 2021 U.S. App. LEXIS 16949, at *9 (6th Cir. June 7, 2021) (upholding dismissal of Title VII claims on a motion to dismiss for failure to exhaust to the EEOC).

- Promissory estoppel (Count III) requires a clear and ambiguous promise, reliance and damages. *Padula v. Wagner*, 2015-Ohio-2374, 37 N.E.3d 799, ¶¶ 40-44 (9th

---

[9] Given the considerable reasons meriting wholesale dismissal, TCHHN only briefly highlights the most glaring deficiencies for each remaining claim.

11

Dist.). None of these elements are met as there was no specific promise, no reliance and Bagby is still employed.

- Plaintiffs have also failed to establish any of the elements of an Ohio Valentine Act claim (Count IV and Count V),[10] including that the goal of alleged anti-competitive conduct is illegal. Attempting to mitigate the spread of a deadly pandemic is decidedly proper and certainly not illegal. *See Commonwealth of Ky. v. Marathon Petroleum Co., LP*, 191 F. Supp. 3d 694, 701 (W.D. Ky. 2016) (dismissing a *per se* claim because the anticompetitive agreements had "redeeming qualities"); *Coleman v. Cannon Oil Co.*, 849 F. Supp. 1458, 1465 (M.D. Ala. 1993) ("[C]ourts have the added responsibility in antitrust conspiracy cases of assuring that underlying lawful conduct is not brought within the prohibitive reach of the law."). There is also extensive circuit precedent that a hospital's decisions regarding staffing are not anticompetitive. *See Nilavar v. Mercy Health Sys. Western Ohio*, 244 F. App'x 690, 700 (6th Cir. 2007) (collecting cases).

- Plaintiffs' civil claims for alleged criminal coercion and conspiracy (Counts VIII and XII) have no basis in Ohio law. Additionally, requiring an employee to be vaccinated does not qualify as coercion. *Bridges v. Houston Methodist Hosp.*, No. H-21-1774, 2021 U.S. Dist. LEXIS 110382, *2 (S.D. Tex. June 12, 2021) ("Although her claims fail as a matter of law, it is also necessary to clarify that Bridges has not been coerced. Bridges says that she is being forced to be injected with a vaccine or be fired. This is not coercion.").

- Plaintiffs' "Civil Liability for Criminal Conduct" claim (Count XIII) fails as a matter of law because Plaintiffs have not alleged that TCHHN was ever criminally charged or convicted of any crime, which is a prerequisite to bringing a claim under Ohio Rev. Code § 2307.60. *See Jane v. Patterson*, No. 1:16 CV 2195, 2017 U.S. Dist. LEXIS 55952, *10 (N.D. Ohio Apr. 12, 2017) (plaintiff's state law claims for civil recovery based on criminal act "are not viable in the absence of a criminal conviction").

- Under established Ohio law, an action for civil conspiracy (Count XII) cannot be maintained unless an underlying unlawful act is committed, independent from the alleged

---

[10] The Ohio Valentine Act is modeled after the Sherman Antitrust Act and interpreted accordingly. *Schweizer v. Riverside Methodist Hosp.*, 108 Ohio App. 3d 539, 542, 671 N.E.2d 312, 313 (1996).

12

conspiracy. *Mangelluzzi v. Morley*, 2015-Ohio-3143, 40 N.E.3d 588, ¶ 54 (8th Dist.). Again, there is no unlawful act at issue.

- Plaintiffs' fraud claims (Count IX and Count XI) likewise fail because there is no allegation that Plaintiffs actually relied on TCHHN's supposed "misrepresentations" or "concealments" regarding the vaccine. To the contrary, Plaintiffs have ignored TCHHN's representations regarding the vaccine and refused to be vaccinated. *See Wilkey v. Hull*, 366 F. App'x 634, 639 (6th Cir. 2010) (plaintiff "failed to offer any evidence that he actually relied on any representation or omissions [defendant] might have made.").

- Nor does Ohio (or any other state) recognize a claim for "Tortious Interference with Personal Healthcare" (Count X).

- As the Sixth Circuit has recognized that a fiduciary relationship does not exist in an ordinary, at-will employment relationship, Plaintiffs' claims for breach of fiduciary duty and negligence (Count XIV) also fail. *See Gresh v. Waste Servs. of Am.*, 311 F. App'x 766, 771 (6th Cir. 2009) (citing *Grappo v. Alitalia Linee Aeree Italiane*, 56 F.3d 427, 432 (2d Cir. 1995)) (applying Kentucky law).

- Duress (Count XV), in turn, is an affirmative defense, not a cause of action. *Brown v. Vaniman*, 2d Dist. Montgomery No. 17503, 1999 Ohio App. LEXIS 3821, *14 (Aug. 20, 1999) ("Likewise, we conclude that the trial court correctly dismissed Brown's claim for duress. Duress is typically asserted as an affirmative defense. It does not state a cause of action for which relief can be granted.").

- Finally, termination or threat of termination is not sufficient grounds to support an intentional infliction of emotional distress claim (Count XVII). *Leyes v. Sunrise Senior Living, Inc.*, No. 3:04-cv-00120-TMR, 2005 U.S. Dist. LEXIS 10277, at *7 (S.D. Ohio May 31, 2005) ("The stress of trying to find a job of comparable work and hours, embarrassment in front of those supervised, the embarrassment of explaining the termination when applying for another position and being nervous, crying, being depressed and staying in bed just after termination is not severe emotional distress for an at-will employee whose employment was terminated."); *Mason v. Bexley City Sch. Dist.*, Case No. 2:07-CV-654, 2010 U.S. Dist. LEXIS 24198, *32 (S.D. Ohio Mar. 15, 2010).

### III. CONCLUSION

For all the reasons set forth herein, and for any additional reasons set forth in TCHHN's co-defendants' motions to dismiss, Plaintiffs' Complaint should be dismissed.

October 25, 2021

Respectfully submitted,

*s/ J. David Brittingham*

J. David Brittingham (OH 0061577)
David P. Kamp (OH 0046881)
Jean Geoppinger McCoy (OH 0046881)
Allison G. Knerr (OH 0088235)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
david.brittingham@dinsmore.com
david.kamp@dinsmore.com
jean.mccoy@dinsmore.com
allison.knerr@dinsmore.com
(513) 977-8200

*Counsel for Defendants, The Christ Hospital and The Christ Hospital Physicians, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served, via the Court's CM/ECF system, on all counsel of record this 25th day of October, 2021.

*s/ Jean Geoppinger McCoy*

Jean Geoppinger McCoy