# EXHIBIT B



*Legal Counsel.*

DINSMORE & SHOHL LLP
255 E. Fifth St., Suite 1900
Cincinnati, OH 45202
www.dinsmore.com

J. David Brittingham
(513) 977-8455 (direct) · (513) 977-8141 (fax)
david.brittingham@DINSMORE.COM

October 14, 2021

VIA ELECTRONIC MAIL

Glenn Feagan, Esq.
The Deters Law Firm
5247 Madison Avenue
Independence, Kentucky 41051
gfeagen@feaganlaw.com

Re: *Harsman, et al. v. Cincinnati Children's Hosp. Med. Ctr.*, et al.
Case No. 1:21-cv-00597 (S.D. Ohio)

Dear Mr. Feagan:

As you know, our firm represents The Christ Hospital and The Christ Hospital Physicians, LLC ("TCHHN") in the above-captioned litigation. In light of the Court's recent ruling denying your Motion for Temporary Restraining Order or Preliminary Injunction – in particular the Court's finding regarding the conduct of plaintiffs' counsel – we intend to file the enclosed Motion for Sanctions to recover TCHHN's attorney fees and costs from you and the Deters Law firm.

In order to comply with Fed. R. Civ. P. 11(b)(1), (2) and (3) ("Rule 11"), we are sending you this letter in order to give you and the Deters Law firm a "safe harbor" opportunity to avoid sanctions by immediately dismissing the lawsuit with prejudice. Consistent with Rule 11, we will not file the attached motion if the lawsuit is dismissed by November 4, 2021.

Additionally, while Rule 11 affords you and your clients a 21-day safe-harbor period, the October 25 deadline for TCHHN to respond to the Complaint is only 11 days away. Therefore, TCHHN will incur significant additional attorneys' fees and expenses as it prepares to file a motion to dismiss. If you and your clients decide to drop these baseless claims against TCHHN, it would be prudent to do so no later than Monday, October 18, 2021, so that TCHHN does not have to incur the additional potential expense of drafting and filing a motion to dismiss.

Glenn Feagan, Esq.
October 14, 2021
Page 2

                Very truly yours,

                DINSMORE & SHOHL LLP

                J. David Brittingham

Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY HARSMAN, *et al.*, | : | |
| | : | Case No. 1:21-cv-00597 |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| v. | : | |
| | : | |
| CINCINNATI CHILDREN'S | : | |
| HOSPITAL MEDICAL CENTER, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MOTION FOR SANCTIONS

Defendants, The Christ Hospital and The Christ Hospital Physicians, LLC (collectively, The Christ Hospital Health Network or "TCHHN") requests this Court grant their Motion and impose monetary sanctions against Plaintiffs' counsel and the Deters Law firm for filing a frivolous lawsuit. TCHHN requests this Court award the attorney fees and litigation expenses it has incurred in defending this case. The full legal and factual basis for this Motion is set forth in the accompanying Memorandum in Support.

November 4, 2021

Respectfully submitted,

/s/ J. David Brittingham
J. David Brittingham (OH 0061577)
David P. Kamp (OH 0046881)
Jean Geoppinger McCoy (OH 0046881)
Allison G. Knerr (OH 0088235)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
david.brittingham@dinsmore.com
david.kamp@dinsmore.com
jean.mccoy@dinsmore.com
allison.knerr@dinsmore.com
(513) 977-8200

*Counsel for Defendants, The Christ Hospital and The Christ Hospital Physicians, LLC*

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

The Court needs no introduction to the feckless allegations of this lawsuit. The Court identified them in its Order Denying Plaintiffs' Motion for a Temporary Restraining Order:

> The only basis for injunctive relief that appears on the fact of the motion is "[c]onstitutional violations."
>
> * * * * *
>
> Plaintiffs' likelihood of successfully proving "constitutional violations" is zero.
>
> * * * * *
>
> Plaintiffs allege unsupported conspiracy theories. Rather than "suspicions" about the vaccine . . . Plaintiffs' allegations are falsehoods.
>
> * * * * *
>
> The complaint contains too many [falsehoods] for this Court to review given the time constraints of this Order, but a few examples illustrate the flimflam this Court is asked weight against the very real threat of COVID.
>
> More than a dozen times, Plaintiffs allege the Pfizer vaccine has not been fully approved by the FDA. This is false.
>
> * * * * *
>
> Plaintiffs assert that the statement, "Masks, social distancing and lockdowns have helped 'flatten the curve,'" is a "lie." That is not only false, it flatly contradicts Plaintiffs' own allegations 58 paragraphs prior.
>
> * * * * *
>
> Granting Plaintiffs injunctive relief, after weeks of delays, diversions, *confessed* judge shopping, and a flood of barely relevant affidavits, would improperly countenance Plaintiffs' gamesmanship

> to the detriment of the public's interest in a well-functioning judicial system."[1]

(Doc. 48 at 7-8, 12-14) (emphasis original).

In responding to Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. 14) (the "Motion for TRO"), Defendants, The Christ Hospital and The Christ Hospital Physicians, LLC (collectively, The Christ Hospital Health Network or "TCHHN") was forced to "wade through" a 77-page, 570-paragraph Complaint that was impossibly verified by Plaintiffs' counsel, Glenn Feagan, probing for a viable claim. TCHHN was forced to retain counsel, research Plaintiffs' allegations and respond to a vacuous Motion for TRO, based on a complaint that this Court analogizes to a "bucket of mud."

> As the law provides, "[t]he district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021).

(Doc. 48 at 6). Plaintiffs' bucket of mud was not inadvertent; it was not the unanticipated consequence of lawyer naiveté. Instead, the Complaint is a political propaganda piece having no business in this or any court.

The procedural transgressions of the Plaintiffs' counsel and the Deters Law firm warrant sanctions.

## II. ANALYSIS

### A. Standard for Sanctions under Rule 11.

Under Fed. R. Civ. P. 11(b)(2), an attorney who presents the court a pleading, written motion or other paper – whether by signing, filing, submitting, or later advocating it – "certifies

---

[1] *See* Eric Deters, *Bulldog Show 1 | September 13, 2021*, YouTube, https://youtu.be/Orxmwq2b5mk?t=570 (last visited Oct. 8, 2021); Eric Deters, *Bulldog Show 1 | August 30, 2021*, Rumble, https://rumble.com/vlv5ae-vax-battle-update-august-30-2021.html?Fbclid=IwAR3OjObzOY63aSopEx3IIqbSwsYf1DrSl-RGTgc9cE7PKGqIHozdRCvvr4 (last visited Oct. 8, 2021).

that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Likewise, the attorney certifies that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(1), (3).

In determining whether an attorney has violated Rule 11, the Court must objectively assess the attorney's conduct under the circumstances. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.,* 88 F.3d 368, 372 (6th Cir. 1996). Additionally, the reasonableness requirement of Rule 11 is a "'continuing responsibility to review and reevaluate [the] pleadings and where appropriate modify them to conform to Rule 11.'" *Id.* at 374 (quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335-36 (6th Cir. 1988)).

Rule 11 sanctions are designed to deter factually and legally baseless litigation and are appropriate when a district court, in its discretion, determines that "a reasonable inquiry would have disclosed that the complaint was either lacking in factual support or unwarranted by existing law." *See Herron*, 858 F.2d at 33. "Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with the needless expense and delay." *Cooter & Gell v. Hrtmarx Corp.,* 496 U.S. 384, 398 (1990). The primary goal of Rule 11 is to deter baseless filings; the secondary goal is to compensate the requesting party for expenses needlessly incurred in baseless litigation. *Jackson v. O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989).

Courts also possess the inherent power to "protect the efficient and orderly administration of justice . . . [and] to command respect for the court's orders, judgments, procedures, and

4

authority." *Florance v. Bush*, No. 3:09-CV-1470-B-BH, 2010 U.S. Dist. LEXIS 68229, at *14 (N.D. Tex. June 24, 2010). Included in this power is the power to levy sanctions in response to abusive litigation practices. Before filing a motion for sanctions under Rule 11, the motion must be served on the lawyer or party against whom sanctions are sought and cannot "be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). TCHHN served a copy of this Motion, along with an accompanying letter, on Plaintiffs' counsel on October 14, 2021. (See Declaration of J. David Brittingham, attached hereto as Exhibit 1.) Because Plaintiffs and their counsel have not withdrawn their claims against TCHHN within 21 days, this Motion for Sanctions is timely and comports with the requirements of Rule 11(c)(2).

When warranted, sanctions may include an order directing payment to an opposing party of some or all of the reasonable attorneys' fees or costs incurred as a result of the violation. Fed. R. Civ. P. 11(c)(2), (4). Here, Plaintiffs' counsel and the Deters Law firm conduct violates Fed. R. Civ. P. 11(b)(1)-(3). Consequently, TCHHN's attorney fees and costs in defending this action should be imposed as a sanction upon them.[2]

    **B.**    **Plaintiffs' claims are frivolous and harassing.**

        **1.**    **Plaintiffs make no effort to comply with Rule 8.**

As this Court has noted:

> The Federal Rules of Civil Procedure require litigants to set forth a short and plain statement of the claims demonstrating that the pleaders are entitled to relief. Fed. R. Civ. P. 8(a)(2). The rule requires Plaintiffs "to edit and organize their claims and supporting allegations into a manageable format."

---

[2] Plaintiffs' counsel and the Deters Law firm are also violating 28 U.S.C. § 1927 as detailed more fully in Mercy Defendants' Motion for Sanctions. TCHHN hereby incorporates the arguments of Mercy and other defendants as if fully restated herein as additional cause for the sanctions requested.

*Aaron v. Durrani*, No. 1:13-cv-202, 2013 U.S. Dist. LEXIS 130510, at *5 (S.D. Ohio Sept. 12, 2013) (quoting *Hollon v. E. Ky. Corr. Complex*, No. 10-CV-177-KSF, 2012 U.S. Dist. LEXIS 74676, at *5 (E.D. Ky. July 22, 2010). "When faced with voluminous pleadings, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discovery whether the essentials of claims asserted can be found in such a mélange." *Schied v. Daughtrey*, No. 08-14944, 2008 U.S. Dist. LEXIS 104697, at *4 (E.D. Mich. Dec. 29, 2008).

Plaintiffs' counsel and the Deters Law firm clearly eschew Fed. R. Civ. P. 8(a)(2)'s requirement to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' 570-paragraph complaint is not only "unnecessarily lengthy, disorganized, argumentative, [and] include[s] inappropriate extraneous allegations," but fails "to provide particularized allegations for each of the [p]laintiffs," violates Rule 8 and should be dismissed. *Sevier v. Apple, Inc.*, No. 3:13-0607, 2015 U.S. Dist. LEXIS 106614, at *23 (M.D. Tenn. Aug. 13, 2015); *Aaron*, 2013 U.S. Dist. LEXIS 130510 at *10.

Indeed, Plaintiffs' Complaint is so disorganized and convoluted that they could not even be bothered to sift through their own allegations to explain why *any* of their claims would likely succeed on the merits when attempting to support their request for injunctive relief. (Doc. 13 at 2). Plaintiffs have simply not asserted sufficient facts to establish that any of the Plaintiffs have claims against TCHHN. Additionally, none of these Defendants are alleged to have taken any action against any of the Plaintiffs.

The Court, having attempted to wade through the allegations on its own, correctly analogized the Complaint to a "bucket of mud" and recognized that neither it nor defense counsel should be forced to search it for a cognizable claim. (Doc. 48 at 6). Plaintiffs' counsel and the

6

Deters Law firm's willful and repeated failure to comply with Rule 8 can only be construed as unnecessary harassment and an attempt at delay, which warrants both dismissal and sanctions.

### 2. Plaintiffs lack standing to bring claims.

This Court does not have jurisdiction (and Plaintiffs do not have support for their claims) because, as pled, Plaintiffs have no standing. *Tibbs v. Sebelius*, No. 2:09-cv-773, 2010 U.S. Dist. LEXIS 42464, at *9 (S.D. Ohio Apr. 30, 2010) (plaintiff's burden to establish standing is an "indispensable part of plaintiff's case.") A justiciable controversy in the vaccine mandate context only exists if plaintiffs have not been vaccinated and do not qualify for exemptions. *Klaassen v. Trustees of Indiana Univ.*, No. 1:21-CV-238 DRL, 2021 U.S. Dist. LEXIS 133300, at *36-37 (N.D. Ind. July 18, 2021); *see also Wade v. University of Conn. Bd. of Tr.*, No. 3:21-cv-924, 2021 U.S. Dist. LEXIS 153565, at *21 (D. Conn. Aug. 16, 2021) (plaintiffs granted exemption from vaccination requirement, or who failed to avail themselves of process to request exemption, had not suffered injury that law recognizes as basis for right to complain in court and, therefore, did not have standing to proceed).

Here, the only named plaintiff affiliated with TCHHN (Amanda Bagby) applied for and received a religious exemption. (Doc. 39-1). Plaintiffs provide no evidence or allegations to the contrary. In fact, the Complaint is devoid of any factual allegations or legal theories supporting a claim for relief for any of the individual plaintiffs against any of the individual defendants. Plaintiffs fail to allege a single factual allegation with respect to themselves. Since Ms. Bagby, as the only named TCHHN plaintiff, unequivocally lacks standing under *Klassen* and *Wade*, her claims against TCHHN must be dismissed.

As this Court has cautioned Plaintiffs' counsel's firm in other litigation, "It is well-settled law that named plaintiffs may not rely on general class allegations to support their claims, but rather must show that each, individually, is entitled to relief." *Aaron*, 2013 U.S. Dist. LEXIS

130510 at *11 (citing *Warth v. Seldin,* 422 U.S. 490, 502 (1975); *Rolo v. City Inv. Co. Liquidating Tr.*, 155 F.3d 644, 659 (3rd Cir. 1998)). Plaintiffs have not done so here. Plaintiffs don't even attempt to demonstrate their standing or that a justiciable case or controversy exists. Such a failure warrants sanctions again Plaintiffs' counsel and the Deters Law firm.

### 3. *Res judicata* bars Plaintiffs' Claims.

As fully explained in Defendants UC Health, LLC, University of Cincinnati Medical Center, LLC and University of Cincinnati Physicians Company, LLC's (collectively, "UC Health") Motion to Dismiss, Plaintiffs' claims are barred by the doctrine of *res judicata* given that this is now their fourth attempt to bring these claims. (Doc. 49 at 3-6). TCHHN hereby adopts UC Health's Motion as if fully set forth herein. Plaintiffs' counsel's repeated dismissal and retread of their claims is even more egregious given that is was clearly done for purposes of judge-shopping. *See*, *supra*, at 4.

### 4. Plaintiffs ignore existing decisions on their claims.

Both this Court and Judge Bunning (E.D. Ky.) denied Plaintiffs' request for injunctive relief, explicitly finding that Plaintiffs' claims were unlikely to succeed on the merits. (Doc. 48 at 6-9); *Beckerich v. St. Elizabeth Med. Ctr.*, No. CIV 21-105-DLB-EBA, 2021 WL 4398027 (E.D. Ky. Sept. 24, 2021). Both went even further, expressly noting that the likelihood of success in proving constitutional violations was "zero." *Id*. Despite these findings, Plaintiffs continue to pursue these claims. In particular, Plaintiffs' counsel admonished Judge Bunning for "adopt[ing] the political position of the 'left' in this country" rather than providing any authority supporting their constitutional claims. (Motion for Reconsideration before Judge Bunning, Exhibit 2.) Plaintiffs' counsel even went so far as to ask Judge Bunning to adopt an activist stance, comparing

8

this matter to Dred Scott. *Id.* Plaintiffs' counsel and the Deters Law firm's persistence in pursuing their constitutional claims is in clear contravention of the law and a willful violation of Rule 11.[3]

### III. CONCLUSION

For all the reasons set forth herein, and in other Motions for Sanctions filed by co-Defendants, this Court should find that Plaintiffs' counsel and the Deters Law firm have violated Rule 11 and 28 U.S.C. § 1927 by filing a frivolous lawsuit that lacks any good faith basis and award appropriate monetary sanctions against them.

November 4, 2021

Respectfully submitted,

*/s/ J. David Brittingham*
J. David Brittingham (OH 0061577)
David P. Kamp (OH 0046881)
Jean Geoppinger McCoy (OH 0046881)
Allison G. Knerr (OH 0088235)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
david.brittingham@dinsmore.com
david.kamp@dinsmore.com
jean.mccoy@dinsmore.com
allison.knerr@dinsmore.com
(513) 977-8200

*Counsel for Defendants, The Christ Hospital and The Christ Hospital Physicians, LLC*

---

[3] TCHHN notes that there are other reasons warranting dismissal of Plaintiffs' claims not set forth herein that will be addressed in a motion to dismiss. For purposes of sanctions, TCHHN focuses on those areas where Plaintiffs most willfully and egregiously have persisted in a course of conduct for harassment or delay despite their obligations under Rule 11.

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was served, via the Court's CM/ECF system, on all counsel of record this 4th day of November, 2021.

                                                                               _____

23180871