# EXHIBIT B

| | |
|---|---|
| **From:** | Ruf Dolwick, Julie R. |
| **Sent:** | Monday, October 11, 2021 1:52 PM |
| **To:** | gfeagan@feaganlaw.com |
| **Cc:** | ajstatman@statmanharris.com; Burke, James E.; Posey, William A.; Yoder, Bryce J.; Burton, Amanda Stubblefield; Beckham, Taylor M. |
| **Subject:** | Kimberly Harsman, et al. v. Cincinnati Children's Medical Center, et al. / 1:21-cv-597-TSB (S.D. Ohio) [IWOV-IMANAGE.FID1875417] |
| **Attachments:** | 2021.10.11 Letter to Glenn Feagan re Motion under Rule 11 and 28 USC 1927.pdf |

Please see the attached correspondence from William A. Posey, Esq.

Thank you,
Julie



**William A. Posey**
D: 513.579.6535
wposey@kmklaw.com

October 11, 2021

**VIA EMAIL AND CERTIFIED MAIL**

Glenn D. Feagan
Deters Law
5247 Madison Pike
Independence, Kentucky 41051
gfeagan@feaganlaw.com

   Re: *Kimberly Harsman, et. al., v. Cincinnati Children's Medical Center, et al.,*
      Case No. 1:21-cv-597-TSB (S.D. Ohio)

Dear Mr. Feagan:

   As you know, this firm is legal counsel to Mercy Health Cincinnati LLC; Mercy Health – Anderson Hospital LLC; Mercy Health – West Hospital LLC; Mercy Health Physicians Cincinnati LLC; and Jewish Hospital, LLC d/b/a The Jewish Hospital – Mercy Health (collectively, "Mercy") in the above-referenced matter. The purpose of this correspondence is to put you and your clients on notice of our intention to pursue sanctions against you and the Deters Law firm under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. As discussed more fully below, there is no factual or legal basis for the claims asserted against Mercy in the Complaint. Moreover, considering that this suit has been filed no less than four times, and in every other instance, voluntarily dismissed days after the court entered an unfavorable order or counsel for Mercy entered their appearance, it is quite apparent that this lawsuit was filed for an improper purpose. Accordingly, pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, we are serving you with this letter and the enclosed Motion for Sanctions, which triggers the 21-day safe-harbor period for you and your clients to dismiss the claims asserted against Mercy with prejudice. This letter outlines the grounds for the Motion and provides additional detail regarding Mercy's request that you immediately remedy the Rule 11 violations.

   Since filing its first lawsuit against Mercy on August 23, 2021, you and your clients have engaged in vexatious litigation conduct, caused unnecessary delay, and needlessly increased the cost of litigation. As a result of the tactics you and your clients have employed, Mercy was sued four separate times in only 22 days. In each case, Plaintiffs filed lengthy complaints, asserting baseless claims based on false allegations, and sought emergency injunctive relief. Given the emergent nature of Plaintiffs' requests and the importance of the issues involved, each action Plaintiffs filed required the immediate attention of Mercy's counsel and a significant investment of time reviewing pleadings and preparing Mercy's response to the claims. But, in the first three actions, Mercy was unable to file its response because each time you and your clients encountered

Glenn D. Feagan
October 11, 2021
Page 2

an unfavorable decision—or even the hint of one—you dismissed the case and refiled in a new court, on behalf of the same class. Those actions, and the continued pursuit of this case, warrant sanctions under Rule 11 and under 28 U.S.C. § 1927.

Although you should be familiar with the tortuous procedural history in these cases, a brief summary highlights the grounds for the Motion for Sanctions. First, there was *Aldridge, et al. v. Mercy Health Cincinnati, LLC, et al.*, Case No. A2102965 (Hamilton Cnty. C.P.), which was filed on August 23, 2021, and dismissed a mere six days later, after Judge Branch issued an Entry Denying Plaintiffs' Motion for Temporary Restraining Order because you and your clients had failed to comply with Ohio Rule of Civil Procedure 65(A) and because the affidavit attached to the Complaint was "devoid of facts that specifically support any of the factors necessary to entitle Plaintiffs to a TRO," and did "not support the facts necessary for Plaintiffs to obtain an injunction because much of the affiant's statements [were] opinions." While the *Aldridge* case was still pending in state court, you and your clients filed a second, competing suit against Mercy in federal court, captioned *Beckerich, et al. v. Saint Elizabeth Medical Center, Inc., et al.*, Case No. 1:21-cv-548 (S.D. Ohio). On August 29, 2021, you and your clients voluntarily dismissed both the *Aldridge* action and the *Beckerich* action.

Then, on September 3, 2021, you and your clients filed another suit against Mercy, alleging the same underlying facts and seeking the same relief on behalf of the same putative class. *Beckerich, et al. v. Saint Elizabeth Medical Center, Inc., et al.*, Case No. 1:21-cv-576 (S.D. Ohio). On September 10, 2021—only seven days later—you and your clients dismissed the third suit, hours after Judge Black held an informal preliminary conference and set an expedited briefing schedule for the Motion for Restraining Order and/or Preliminary Injunction. The spokesman for Deters Law left no doubts as to why the third case against Mercy (and the third Motion for TRO and/or Preliminary Injunction) was dismissed: You and your clients believed Judge Black "was going to dismiss the case" and wanted to ensure the Court could not "rule on that sucker because he was going to rule against" you. *See* Eric Deters, Bulldog Show, *Bulldog Show 1 | September 13, 2021*, YouTube (Sept. 13, 2021), https://youtu.be/Orxmwq2b5mk?t=570.

Four days later—on September 14, 2021—you and your clients commenced the fourth suit against Mercy and again filed a motion seeking the same emergency injunctive relief. In an effort to plead around federal jurisdiction, you and your clients named only five named plaintiffs who were alleged to be Ohio residents and asserted only state-law causes of action. But because there were still substantial federal questions embedded in the Complaint and because the Court had jurisdiction under the Class Action Fairness Act, Mercy removed the case to federal court. Despite the clear bases for federal jurisdiction, which were detailed in Mercy's Notice of Removal, Plaintiffs filed a Motion to Remand. Given Plaintiffs' pending Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion for TRO"), the Court held another informal preliminary conference on September 23, 2021, and set an expedited briefing schedule on Plaintiffs' Motion for TRO and on Plaintiffs' Motion to Remand. Defendants were ordered to file their opposition to both Motions within four days—by Monday, September 27, 2021. In accordance with the Court's Orders, Mercy and the other defendants worked over the weekend and filed numerous opposition briefs, supplemental briefs, and declarations in support of their positions. Those efforts were ultimately unnecessary though, because, two days later, Plaintiffs

Glenn D. Feagan
October 11, 2021
Page 3

filed a Reply brief that withdrew the Motion to Remand and all but abandoned the Motion for TRO.

As the Court noted in its Order Denying Plaintiffs' Motion for TRO: "after keeping Defendants and this Court in limbo for nearly a month, Plaintiffs and their counsel [were] back where they started." (Doc. # 48 at 4). Simply put, Mercy has been forced to—needlessly and repeatedly—defend itself against the same baseless accusations in four different actions, and, because of these litigation antics, Mercy has expended significant time and resources responding to meritless claims and motions that you and your clients ultimately dismissed.

Although you and your clients withdrew the Motion to Remand and the Court has rightly denied the Motion for TRO, it appears that Plaintiffs intend to continue pursuing their claims against Mercy and, according to the spokesman for Deters Law, potentially an appeal, too. *See* Eric Deters, The Bulldog Show, *Mandate Law Update | October 1, 2021*, Rumble (Oct. 1, 2021), https://rumble.com/vn6tot-mandate-law-update-october-1st-2021.html?fbclid=IwAR2cndxvipFs k5f1actzieZqxUz7hcu4m8z5ChnIi1eBX5jaEY_yzl0aND0. Please know, if you and your clients continue to pursue these claims against Mercy, either in the trial court or through an appeal, those actions will constitute further violations of Rule 11 and 28 U.S.C. § 1927 because there is no factual or legal basis for the claims asserted against Mercy.

As the Court noted in its Order Denying Plaintiffs' Motion for TRO, the Complaint and the affidavits attached to the Complaint are riddled with falsehoods.[1] (Doc. # 48 at 12). The same can be said for Plaintiffs' Motion for TRO and the affidavits submitted in support of that Motion.

With respect to Mercy, specifically, the Complaint alleges that "Plaintiffs are not given any other choice other than to accept the vaccination forced upon them by Defendants and complete it first by a shot by September 1 and then complete by October 1," and that "irreparable injury to the Plaintiffs will result from their being obligated to take the vaccine or be terminated." (Doc. # 13 at ¶¶ 269, 270, 550). This is false. Mercy's vaccination policy has no September 1 or October 1 deadline and it does not call for any employee to be terminated for failure to receive a COVID-19 vaccination—it has never done so. *See* (Doc. # 32-1; Doc. # 35-1). During the COVID-19 pandemic, Mercy has suspended the disciplinary levels that would result in termination and unpaid administrative leave. Mercy's communications with its employees made that clear, and counsel for Mercy explained that fact, in the presence of counsel for Deters Law, during both informal preliminary conferences with the Court. These misstatements in the Complaint could have—and should have—been avoided, had you and your clients exercised the most basic care and examined Mercy's policy before filing suit.

---

[1] Moreover, the verification page attached to the Complaint (Doc. # 13 at p. 78), appears to be merely a photocopy of the verification page attached to the complaint Plaintiffs filed in their first action: *Aldridge, et al. v. Mercy Health Cincinnati, LLC, et al.*, Case No. A2102965 (Hamilton Cnty. C.P.). (Doc. # 1-1 at p. 104). Indeed, the verification page attached to the current Complaint is dated August 23, 2021—the same day the first action was filed and a full three weeks before this case was filed—and it also pre-dates several of the facts alleged in the Complaint. *See* (Doc. # 13 at ¶¶ 338, 340). It is obvious that the signatures of both counsel and the notary are hand-signed and identical in both documents. Not only does the filing of the Complaint and the other pleadings in this case constitute clear Rule 11 violations, so too does the use of the invalid, photo-copied verification that was prepared for a different complaint.

Glenn D. Feagan
October 11, 2021
Page 4

In addition to the falsehoods alleged in the Complaint that you verified, you and your clients also submitted false testimony to the Court.  For example, the affidavit of Brittany Aldridge (an employee of Mercy Health Clermont), which was attached to Plaintiffs' Motion for TRO, falsely stated "after being duly sworn and cautioned":  "If I do not get the vaccination by my employer's deadline, I will be terminated from my job." (Doc. # 14-1 at p. 26).  And on September 27, 2021, you and your clients filed four additional affidavits from Mercy employees, repeating the same false testimony. *See* (Doc. # 31-4; Affidavits of Salena Barrickman, Andrea Klopfenstein, and Pamela Volker).  Again, under Mercy's vaccination policy, employees who do not receive a COVID-19 vaccination will not be suspended, placed on unpaid administrative leave, furloughed without pay, or terminated.  Despite that fact, you and your clients filed numerous complaints and affidavits containing false statements and lacking any legal or factual support.

For all the reasons outlined above and in the enclosed Motion for Sanctions, I expect you and your clients to voluntarily dismiss the claims against Mercy with prejudice, and I request that you and/or the Deters Law firm pay Mercy $28,500 in attorneys' fees, which represents a portion of the fees Mercy incurred in responding to the meritless Motion to Remand that you and your clients subsequently withdrew.  Because of your Motion to Remand and the short deadline to respond, counsel for Mercy had to work through the weekend to prepare its opposition brief.  Had you simply informed the Court of your intent to withdraw that Motion during the preliminary conference on Thursday, September 23, 2021, counsel's efforts to respond, and the fees incurred by Mercy, would not have been necessary.  If you do not immediately dismiss the claims against Mercy with prejudice and pay the requested attorneys' fees related to the Motion to Remand, Mercy will seek to recover the entire cost of its defense of these meritless actions, which, as of the date of this letter, totals approximately $162,350.

One final point bears mentioning.  While Rule 11 affords you and your clients a 21-day safe-harbor period, the October 25 deadline for Mercy to respond to the Complaint is only 14 days away.  Therefore, Mercy will incur significant additional attorneys' fees and expenses in the coming weeks.  If you and your clients decide to drop these baseless claims against Mercy, it would be prudent to do so no later than Thursday, October 14, 2021, so that Mercy does not have to incur the additional expense of drafting and filing a motion to dismiss.  Although immediate dismissal of the claims against Mercy may not prevent the Court from conducting its Rule 11 analysis, such a dismissal would limit the costs and attorneys' fees that Mercy will incur, the total sum of which will likely be awarded to Mercy as a sanction against you and the Deters Law firm for your continued violations of Rule 11 and 28 U.S.C. § 1927.

Please let me know if you have any questions or if you would like to discuss.

Sincerely,

KEATING MUETHING & KLEKAMP PLL

By: _____

William A. Posey

Glenn D. Feagan
October 11, 2021
Page 5


WAP:lms

Enclosures:

      Motion for Sanctions

Cc:    Alan J. Statman
       James E. Burke
       Bryce J. Yoder
       Amanda Stubblefield Burton

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| KIMBERLY HARSMAN, *et al.*, | **Case No. 1:21-cv-00597** |
| Plaintiffs, | **Judge: Timothy S. Black** |
| -v- | |
| CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER, *et al.*, | |
| Defendants. | |

## MERCY DEFENDANTS' MOTION FOR SANCTIONS

Defendants Mercy Health Cincinnati LLC; Mercy Health – Anderson Hospital LLC; Mercy Health – West Hospital LLC; Mercy Health Physicians Cincinnati LLC; and Jewish Hospital, LLC d/b/a The Jewish Hospital – Mercy Health (collectively, "Mercy"), by and through counsel, respectfully request that the Court grant this Motion and impose monetary sanctions against Plaintiffs' counsel and the Deters Law firm for violations of Rule 11 and 28 U.S.C. § 1927.

## I.    INTRODUCTION

The ongoing misconduct of Plaintiffs' counsel and the Deters Law firm in filing numerous—and frivolous—claims against multiple hospital defendants across Ohio and Kentucky regarding COVID-19 vaccine mandates cannot be allowed to continue with impunity. As the Court is well aware, this is now the fourth action that Plaintiffs' counsel filed against Mercy in less than one month, asserting the exact same allegations, seeking the exact same relief, on behalf of the same putative class. Every time, and due to the emergency nature of the relief Plaintiffs requested, Mercy (and the other hospital defendants) had to incur significant time and attorney expenses in responding to Plaintiffs' claims, before being forced to start all over again. Moreover,

1

the Deters Law firm has made clear, through various public statements, that these litigation tactics served a purpose: blatant forum- and judge-shopping. This abusive conduct must be stopped.

Even more troubling is the fact that the claims asserted in the Complaint lack any legal or factual support. As this Court has previously recognized, "Plaintiffs' allegations are falsehoods." (Dkt. #48 at Page ID # 1243.) This is particularly true with regard to Mercy, which—contrary to the heart of Plaintiffs' claims—has never, in fact, implemented a policy that provided for the termination of employees who do not receive a COVID-19 vaccine. Mercy first adopted and published its COVID-19 vaccination policy on September 1, 2021. Yet, prior to September 1, 2021, Plaintiffs' counsel filed two competing complaints against Mercy (one in state court and one in federal court) challenging a vaccination policy that Mercy had not adopted—and never did. And, even after September 1, 2021, Plaintiffs' counsel filed the third and fourth actions, continuing to allege that Mercy would terminate any employees who refused to receive the COVID-19 vaccine. Even the most basic vetting by Plaintiffs' counsel before filing these complaints would have confirmed that there was no factual or legal basis for any of the claims asserted against Mercy. Nonetheless, Plaintiffs' counsel went ahead and filed four actions against Mercy and, to date, still have not dismissed their frivolous claims, causing Mercy to incur significant and ongoing attorneys' fees and other expenses.

The behavior of Plaintiffs' counsel and the Deters Law firm demands a monetary sanction to deter this misconduct, and sanctions are fully warranted under both Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. Specifically, Mercy requests an award of sanctions for all of its attorneys' fees incurred in defending itself against the repeated and frivolous claims Plaintiffs' counsel have filed. To be clear, Mercy does not seek sanctions against Plaintiffs themselves; rather, sanctions should be assessed against Plaintiffs' counsel and the Deters Law

firm, to dissuade both counsel and his firm from continuing this pattern of dismissing and refiling the exact same meritless class-action claims against Mercy.

## II.    **LEGAL STANDARD**

Under Rule 11 of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The attorney's signature acts as a certification "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading, motion, or other paper complies with the following requirements: (1) it is not presented for any improper purpose, such as to harass, cause undue delay, or needlessly increase the cost of litigation; (2) the claims and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; and (3) the factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.[1]

In the Sixth Circuit, courts judge the attorney's conduct by "an objective standard of reasonableness under the circumstances." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987). An attorney's subjective good faith is not a defense. *Id.* The "duty under Rule 11 imposes a continual obligation on attorneys to refrain from pursuing meritless or frivolous claims at any stage of the proceedings" and the "context of the litigation history" is "important"—Rule 11 is not a "one-time obligation." *Merritt v. Int'l Ass'n of Machinists & Aero. Workers*, 613 F.3d 609, 626-27 (6th Cir. 2010) (internal citations and quotation marks omitted). "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1).

---

[1]   The requirement set out in Rule 11(b)(4) that denials of factual contentions be warranted or reasonably based on belief or lack of information is not at issue here.

3

Additionally, 28 U.S.C. § 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[2] Sanctions under § 1927 are warranted "when an attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *LCA-Vision, Inc. v. Goel*, No. 1:19-cv-818-SJD, 2020 WL 6827493, 2020 U.S. Dist. LEXIS 218394, at *24 (S.D. Ohio Nov. 21, 2020) (quoting *Saenz v. Kohl's Dep't Stores, Inc.*, 834 F. App'x 153, 158-59 (6th Cir. 2020); *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996)). This standard "does not require subjective bad faith, but something more than negligence or incompetence must be demonstrated." *Id.* (internal citation and quotation marks omitted).

## III.  <u>ARGUMENT</u>

Plaintiffs' counsel has violated Rule 11 in three separate ways:  (i) by filing numerous complaints (and motions) for improper purposes, such as to harass, cause unnecessary delay, and needlessly increase the cost of litigation, in violation of Rule 11(b)(1); (ii) by alleging factual contentions wholly lacking evidentiary support, in violation of Rule 11(b)(3); and (iii) by asserting claims and legal contentions that are not warranted by existing law or by a nonfrivolous argument for extending or changing existing law, in violation of Rule 11(b)(2).  This misconduct also violated 28 U.S.C. § 1927 by unreasonably and vexatiously multiplying the proceedings in this action (and the other three actions) Plaintiffs' counsel filed.

---

[2]  Unlike Rule 11, § 1927 does not "authorize the imposition of sanctions on a law firm," but courts have the "inherent power to sanction" a law firm "for conduct which abuses the judicial process."  *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 750-52 (6th Cir. 2010).  Under the Sixth Circuit's three-prong test, sanctions against the Deters Law firm are warranted if:  (1) Plaintiffs' suit was meritless, (2) the Deters Law firm knew or should have known that its suit was meritless, and (3) the Deters Law firm acted in bad faith or with an improper purpose.  *Id.* at 754 (citing *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)).

A. **Plaintiffs' Counsel Violated Rule 11 and 28 U.S.C. § 1927**

1. **This Action and the Three Previous Actions Were Presented for an Improper Purpose and Have Unreasonably Multiplied the Proceedings Against Mercy.**

Between August 23, 2021 and September 14, 2021—a mere 22 days—Plaintiffs and their counsel sued Mercy four separate times. In each case, Plaintiffs filed lengthy complaints asserting baseless claims based on false allegations, and filed motions seeking emergency injunctive relief enjoining Mercy from implementing a COVID-19 vaccination policy Mercy never had. Given the emergent nature of Plaintiffs' requests and the importance of the issues involved, each action Plaintiffs filed required the immediate attention of Mercy's counsel and a significant investment of time reviewing pleadings and preparing Mercy's response to the claims. But, in the first three actions, Mercy was unable to file its drafted responses because each time Plaintiffs and their counsel encountered an unfavorable decision—or even the hint of one—they dismissed the case and refiled in a new court, on behalf of the same class. Those vexatious litigation tactics, and the continued pursuit of this case, warrant sanctions under Rule 11 and under 28 U.S.C. § 1927.

Although this Court is well aware of the tortuous procedural history in these cases and has recounted it before, (*see* Dkt. #48 at Page ID # 1233-35), a brief summary highlights the vexatious litigation conduct that Plaintiffs' counsel engaged in, and the unnecessary delay and increased litigation cost that those antics have caused.

First, there was *Aldridge, et al. v. Mercy Health Cincinnati, LLC, et al.*, Case No. A2102965 (Hamilton Cnty. C.P.), which was filed on August 23, 2021 (Dkt. #1-1, Ex. A to Notice of Removal), and dismissed just six days later, after Judge Branch issued an Entry Denying Plaintiffs' Motion for Temporary Restraining Order because Plaintiffs and their counsel had failed to comply with Ohio Rule of Civil Procedure 65(A) and because the affidavit attached to the Complaint was "devoid of facts that specifically support any of the factors necessary to entitle

Plaintiffs to a TRO," and did "not support the facts necessary for Plaintiffs to obtain an injunction because much of the affiant's statements [were] opinions." (Dkt. #1-2, Ex. B to Notice of Removal; Dkt. #1-3, Ex. C to Notice of Removal.) While the *Aldridge* case was still pending in state court, Plaintiffs and their counsel filed a second, competing suit against Mercy in federal court, captioned *Beckerich*, *et al. v. Saint Elizabeth Medical Center, Inc., et al.*, Case No. 1:21-cv-548 (S.D. Ohio). (Dkt. #1-4, Ex. D to Notice of Removal.) On August 29, 2021, Plaintiffs and their counsel voluntarily dismissed both the *Aldridge* action and the *Beckerich* action. (Dkt. #1-3, Ex. C to Notice of Removal; Dkt. #1-6, Ex. F to Notice of Removal.)

Then, on September 3, 2021, Plaintiffs and their counsel filed another suit against Mercy, alleging the same underlying facts and seeking the same relief on behalf of the same putative class. *Beckerich*, *et al. v. Saint Elizabeth Medical Center, Inc., et al.*, Case No. 1:21-cv-576 (S.D. Ohio). (Dkt. #1-7, Ex. G. to Notice of Removal.) On September 10, 2021—only seven days later— Plaintiffs and their counsel dismissed the third suit, hours after this Court held an informal preliminary conference and set an expedited briefing schedule for the Motion for Restraining Order and/or Preliminary Injunction. (Dkt. #1-9, Ex. I to Notice of Removal.) The spokesman for Deters Law left no doubts as to why the third case against Mercy (and the third Motion for TRO and/or Preliminary Injunction) was dismissed: Plaintiffs and their counsel believed this Court "was going to dismiss the case" and they wanted to ensure the Court could not "rule on that sucker because he was going to rule against" them. (*See* Eric Deters, Bulldog Show, *Bulldog Show 1 | September 13, 2021*, YouTube (Sept. 13, 2021), https://youtu.be/Orxmwq2b5mk?t=570.)

Four days later—on September 14, 2021—Plaintiffs and their counsel commenced the fourth suit against Mercy and again filed a motion seeking the same emergency injunctive relief. (Dkt. #13; Dkt. # 14.) In an effort to plead around federal jurisdiction, the Complaint named only

five named plaintiffs, who were alleged to be Ohio residents, and asserted only state-law causes of action. But, because there were still substantial federal questions embedded in the Complaint and because the Court had jurisdiction under the Class Action Fairness Act, Mercy removed the case to federal court. (Dkt. # 1.) Despite these bases for federal jurisdiction, which were detailed in Mercy's Notice of Removal, Plaintiffs filed a Motion to Remand. (Dkt. # 21.) Given Plaintiffs' pending Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion for TRO"), this Court held another informal preliminary conference on September 23, 2021, and set an expedited briefing schedule on Plaintiffs' Motion for TRO and on Plaintiffs' Motion to Remand. Defendants were ordered to file their opposition to both Motions within four days—by Monday, September 27, 2021. In accordance with the Court's Orders, Mercy and the other defendants worked over the weekend and filed numerous opposition briefs, supplemental briefs, and declarations opposing both of Plaintiffs' Motions. (Dkt. #32; Dkt. #33; Dkt. #34; Dkt. #35; Dkt. #36; Dkt. #37; Dkt. #38; Dkt. #39.) Those efforts were ultimately unnecessary though, because, two days later, Plaintiffs filed a Reply brief that withdrew the Motion to Remand and all but abandoned their Motion for a TRO. (Dkt. #42.)

As this Court noted in its Order Denying Plaintiffs' Motion for TRO: "[A]fter keeping Defendants and this Court in limbo for nearly a month, Plaintiffs and their counsel are back where they started." (Dkt. #48 at Page ID # 1235.) Simply put, Mercy has been forced to—needlessly and repeatedly—defend itself against the same baseless accusations in four different actions, and, because of Plaintiffs' counsel's litigation antics, Mercy has expended significant time and resources responding to meritless claims and motions that Plaintiffs' counsel ultimately dismissed.

Given the lack of merit in Plaintiffs' claims and that this suit has been filed no less than four times, and in every other instance, voluntarily dismissed days after the court entered an

unfavorable order or counsel for Mercy entered their appearance, it is quite apparent that this lawsuit and the Motion to Remand were filed for an improper purpose in violation of Rule 11(b)(1). Additionally, Plaintiffs' counsel's repeated filing and dismissal of these claims, and the similar tactics employed for the Motion to Remand, unreasonably and vexatiously multiplied the proceedings in this case and caused Mercy to incur excess costs, expenses, and attorneys' fees. Therefore, sanctions are warranted under Rule 11 and under § 1927. *See Lockheed Martin Energy Sys., Inc. v. Slavin*, 190 F.R.D. 449, 458 (E.D. Tenn. 1999) (holding that the "filing of meritless and redundant pleadings" warrants sanctions under Rule 11).

### 2. Plaintiffs' Factual Allegations Against Mercy Lack Any Evidentiary Support.

Each of the eighteen causes of action asserted in Plaintiffs' Complaint against Mercy are premised on one fact: That plaintiffs and members of the putative class will be terminated by Mercy if they do not receive a COVID-19 vaccine. That factual allegation is untrue.

It is plain that Plaintiffs and their counsel failed to conduct any reasonable factual inquiry before filing this case. After all, the Court need look no further than its own docket, where multiple lawsuits were brought by Plaintiffs and their counsel against the hospital defendants individually in state court, then all of them together in federal court (twice), and then again in state court, before Mercy removed the instant case to this Court. Each lawsuit contains similar, unspecified accusations of misconduct, with barely any specific (or relevant) allegations against Mercy. (*See* Dkt. #13 at ¶¶ 219-235.) Even a brief review of Plaintiffs' Complaint, and the existence of numerous, nearly identical complaints in this and other courts, demonstrates that Plaintiffs' counsel shirked his duty to ensure that Plaintiffs' allegations had "evidentiary support." Fed. R. Civ. P. 11(b)(3).

Indeed, as the Court noted in its Order Denying Plaintiffs' Motion for TRO, the Complaint and the affidavits attached to the Complaint are riddled with falsehoods. (Dkt. #48 at Page ID # 1243.) The Complaint alleges that "Plaintiffs are not given any other choice other than to accept the vaccination forced upon them by Defendants and complete it first by a shot by September 1 and then complete by October 1," and that "irreparable injury to the Plaintiffs will result from their being obligated to take the vaccine or be terminated." (Dkt. #13 at ¶¶ 269, 270, 550.) This is false. Mercy's vaccination policy ("Mercy's Policy") has no September 1 or October 1 deadline and it does not call for any employee to be terminated for failure to receive a COVID-19 vaccine—it has never done so. (*See* Dkt. #32-1; Dkt. # 35-1.) During the COVID-19 pandemic, Mercy has suspended the disciplinary levels that would result in termination and unpaid administrative leave. These misstatements in the Complaint could have—and should have—been avoided, had Plaintiffs' counsel exercised the most basic care and examined Mercy's Policy before filing suit.

Not only are there falsehoods alleged in the Complaint, Plaintiffs' and their counsel also submitted numerous affidavits containing false testimony to this Court. For example, the affidavit of Brittany Aldridge (an employee of Mercy Health Clermont), which was attached to Plaintiffs' Motion for TRO, falsely stated "after being duly sworn and cautioned": "If I do not get the vaccination by my employer's deadline, I will be terminated from my job." (Dkt. #14-1 at Page ID # 887.) And on September 27, 2021—the day Mercy's opposition to the Motion for TRO was due—Plaintiffs' counsel filed a Notice attaching numerous affidavits in support of the request for injunctive relief, which included four additional affidavits from Mercy employees, repeating the same false testimony.[3] (*See* Dkt. #31; Dkt. #31-4; Affidavits of Salena Barrickman, Andrea

---

[3] Although Rule 11 sanctions can be imposed on parties when they misrepresent key facts, *see Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384-85 (6th Cir. 1997), given the identical language used in almost every affidavit filed by Plaintiffs, this false testimony appears to have been solicited by Plaintiffs' counsel through pre-drafted form

Klopfenstein, and Pamela Volker). Again, under Mercy's Policy, employees who do not receive a COVID-19 vaccine will not be suspended, placed on unpaid administrative leave, furloughed without pay, or terminated. Despite that fact, Plaintiffs' counsel filed numerous complaints and affidavits containing false statements and lacking any factual or legal support.

"This is not a case where additional discovery was necessary to enlighten plaintiff's attorney to the fact that no claim existed." *McGhee v. Sanilac Cnty.*, 934 F.2d 89, 93 (6th Cir. 1991). "All plaintiff's attorney needed to do was read the [Mercy Policy], question his client concerning the [Policy], and do a little research on the law . . . ." *Id.* Rule 11 mandates that an attorney conduct a "reasonable inquiry" before signing a pleading. *Id.* Given that Mercy's communications with its employees explained that Mercy's Policy did not subject them to termination for failure to get a COVID-19 vaccine, and that counsel for Mercy explained that fact, in the presence of counsel for Deters Law, during both informal preliminary conferences with the Court,[4] it is clear no "reasonable inquiry" was made before filing suit. Therefore, Plaintiffs' claims against Mercy are wholly lacking in factual support and Plaintiffs' counsel's conduct was not reasonable under the circumstances. Accordingly, Plaintiffs' counsel's filing of this action warrants sanctions under Rule 11 and under § 1927. *See Nieves v. City of Cleveland*, 153 F. App'x 349, 353 (6th Cir. 2005) (affirming Rule 11 sanctions where attorney "did not do any reasonable investigation to establish the truth of plaintiff's claims, but only blindly relied on his client's accusations."); *see also Kempter v. Mich. Bell Tel. Co.*, 534 F. App'x 487, 494-95 (6th Cir. 2013) (explaining § 1927 does "not permit a lawyer, ostrich-like, to continue prosecuting a case while

---

affidavits. Accordingly, Mercy does not seek sanctions against the individual plaintiffs, and instead seeks sanctions only against Plaintiffs' counsel and the Deters Law firm.
[4] Attorney Jim Maus appeared for Plaintiffs, on behalf of Glenn Feagan, at the September 10, 2021 informal preliminary conference this Court held in the third action. *See Beckerich, et al. v. Saint Elizabeth Med. Ctr., Inc., et al.*, Case No. 1:21-cv-576 (S.D. Ohio) (Sept. 10, 2021 Minute Entry & Notation Order). Glenn Feagan appeared for Plaintiffs at the September 23, 2021 informal preliminary conference in this action. *See Harsman, et al. v. Cincinnati Children's Hosp. Med. Ctr., et al.*, Case No. 1:21-cv-597 (S.D. Ohio) (Sept. 23, 2021 Minute Entry & Notation Order).

refusing to recognize the relevant legal standards or counter the opposing party's factual arguments").

### 3. Plaintiffs' Claims Against Mercy Have No Basis in Law.

In addition to the factual fallacies in Plaintiffs' case against Mercy, which should have given pause to any reasonable litigator or litigant, Plaintiffs' causes of action against Mercy are also legally flawed. Thus, Plaintiffs' counsel violated Rule 11(b)(2) by filing a complaint (and motions) based on claims and legal contentions that were not supported by law.

Take, for example, Plaintiffs' constitutional claims. In denying Plaintiffs' Motion for TRO, the Court noted that it "ha[d] waded through the entire complaint, probing the seemingly insurmountable obstacles to Plaintiffs' likelihood of success of any of their claims . . . ." (Dkt. #48 at Page ID # 1237.) And the only plausible legal claim that the Court could discern from the Motion for TRO was for "constitutional violations." (*Id*. at Page ID # 1238.) But "[b]ecause Plaintiffs cannot establish that Defendants are state actors," the Court held that "Plaintiffs' likelihood of successfully proving 'constitutional violations' is zero." (*Id*. at Page ID # 1239.)

In fact, all of Plaintiffs' claims fail as a matter of law, both because of threshold procedural defects and on the merits. Had Plaintiffs' counsel conducted a reasonable inquiry before filing the Complaint, he would have known—as demonstrated in Mercy's Motion to Dismiss—that Plaintiffs lack standing to maintain their claims against Mercy, that res judicata bars this action, and that none of the asserted causes of action set forth a plausible claim for relief.

Nor can Plaintiffs' counsel claim that the allegations and issues raised in this action are somehow novel or untried before the courts. As this Court recognized in denying Plaintiffs' Motion for TRO, "the overwhelming majority of courts to consider vaccine mandates have found them constitutionally sound." (Dkt. #48 at Page ID # 1239.) It further observed that the United States Supreme Court held over 115 years ago that vaccine mandates do not offend the

Constitution.  (*Id*.)  Given such longstanding jurisprudence, and for all of the reasons outlined in Mercy's Motion to Dismiss, it is evident that Plaintiffs' counsel should have known that the legal claims asserted in the Complaint lack any basis in law.  Therefore, an award of sanctions against Plaintiffs' counsel and the Deters Law firm is further warranted because the claims asserted in this case (and the three prior cases) lack legal merit.  *See Nieves*, 153 F. App'x at 353-54 (affirming sanctions where "no reasonably prudent attorney, having performed even a modicum of investigation, would have filed those claims" and finding "the filing of two § 1983 claims against a private individual to be particularly egregious").

**B.**     **The Court Should Sanction Plaintiffs' Counsel and the Deters Law Firm**[5]

The "central purpose of Rule 11 is to deter baseless filings."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  When Rule 11 is violated, the court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[6]  Fed. R. Civ. P. 11(c)(1).  The sanction may include nonmonetary directives, as well as "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).  "Absent exceptional circumstances, a law firm *must be held jointly responsible* for a violation committed by its partner, associate, or employee."  Fed. R. Civ. P. 11(c)(1) (emphasis added).

As the Sixth Circuit has explained, "the purpose of Rule 11 sanctions is to deter rather than to compensate," but "compensating the victim and deterring the perpetrator of Rule 11 violations

---

[5]  Before filing a motion for sanctions under Rule 11, the motion must be served on the party against whom sanctions are sought and cannot "be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service."  Fed. R. Civ. P. 11(c)(2).  Mercy served a copy of this Motion, along with an accompanying letter, on Plaintiffs on October 11, 2021.  (*See* Declaration of William A. Posey, attached hereto as **Exhibit A**.)  Because Plaintiffs and their counsel have not withdrawn their claims against Mercy within 21 days, this Motion for Sanctions is timely and comports with the requirements of Rule 11(c)(2).
[6]  Although Rule 11 authorizes a court to impose sanctions on a party, Mercy seeks sanctions only against Plaintiffs' counsel and the Deters Law firm, not against the Plaintiffs themselves.

are not mutually exclusive." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 400 (6th Cir. 2009). Therefore, in cases where it is clear that "effective deterrence" "requires compensating the victim for attorney fees arising from abusive litigation," the Sixth Circuit has remanded with instructions to increase monetary sanctions. *Id.* at 400, 403; *see also Tilmon-Jones v. Boladian*, 581 F. App'x 493, 499-500 (6th Cir. 2014). Unlike sanctions under Rule 11, however, sanctions imposed under § 1927 are not just for deterrence, they are also intended to be punitive. *See Stalley v. Mt. States Health All.*, 644 F.3d 349, 352 (6th Cir. 2011) (rejecting appeal challenging sanctions imposed under § 1927 on the grounds that the court did not explain why it had to award the defendants all of their fees and expenses ($276,589.69) in order to assure the desired deterrence).

Here, Plaintiffs' counsel and the Deters Law firm committed numerous violations of both Rule 11 and § 1927 that merit monetary sanctions. Plaintiffs' counsel signed his name to the Complaint, the Motion for TRO, the Motion to Remand, and a Notice of Filing of Affidavits in Support of Injunctive Relief—certifying that all complied with the requirements of Rule 11(b)(1)-(3), yet each violated Rule 11, as outlined above. In fact, Plaintiffs' counsel not only signed and filed the Complaint, but *he personally verified it as well.*[7] (*See* Dkt. #13 at Page ID # 808.) Moreover, the Deters Law firm's pattern of filing and then quickly dismissing numerous, sometimes competing, complaints against Mercy—treating the state and federal courts like a game of litigation whack-a-mole—needlessly and vexatiously multiplied the proceedings in this case and, as a result, caused Mercy additional expense. Because such conduct objectively falls short of

---

[7] Curiously, the verification page attached to the Complaint appears to be merely a photocopy of the verification page attached to the complaint Plaintiffs filed in their first action: *Aldridge, et al. v. Mercy Health Cincinnati, LLC, et al.*, Case No. A2102965 (Hamilton Cnty. C.P.). (*See* Dkt. #1-1 at Page ID # 121.) Indeed, the verification page attached to the current Complaint is dated August 23, 2021—the same day the first action was filed and a full three weeks before this Complaint was filed—and the verification also pre-dates several of the facts alleged in the Complaint. (*See* Dkt. #13 at ¶¶ 338, 340.) It is obvious that the signatures of both counsel and the notary are hand-signed and identical in both documents. Not only does the filing of the Complaint and the other pleadings in this case constitute clear violations of Rule 11, so too does the use of the invalid, photo-copied verification that was prepared for a different complaint.

the obligations owed by a member of the bar, Plaintiffs' counsel should be required "to satisfy personally the excess costs, expenses, and attorneys' fees" that Mercy "reasonably incurred because of such conduct." 28 U.S.C. § 1927.

As a sanction, the Court should order Plaintiffs' counsel and/or the Deters Law Firm to pay all of the attorneys' fees and other expenses that Mercy has incurred in defending itself against these repeated, vexatious, and meritless actions.[8]  A monetary sanction against the Deters Law firm is particularly warranted here, where Plaintiffs' counsel have repeatedly filed—and then quickly dismissed—the exact same class-action claims, against the exact same defendants, seeking the exact same relief, all in the name of judge- and forum-shopping.  *See James v. Caterpillar, Inc.*, 824 F. App'x 374, 379 (6th Cir. 2020) (noting the appropriate sanction in cases where counsel engage in forum-shopping is "a monetary one") (citing *Bender v. Newell Window Furnishings, Inc.*, 560 F. App'x 469, 476 (6th Cir. 2014); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514 n.11 (6th Cir. 2002)).  Without a monetary sanction to deter them, Plaintiffs' counsel and the Deters Law firm could elect yet again to simply file a new lawsuit— reasserting the same allegations and seeking the same relief—before a different court and on behalf of a different set of named plaintiffs.

Indeed, this case is merely part of a pattern of ongoing, repeated misconduct.  Plaintiffs' counsel and the Deters Law firm have filed countless lawsuits against hospital defendants throughout Ohio and Kentucky challenging COVID-19 vaccination policies and advancing unsupported conspiracy theories and false allegations, without ever asserting a single, plausible cause of action.  *See, e.g.*, *Beckerich, et al. v. St. Elizabeth Med. Ctr.*, No. 2:21-cv-100-DLB-EBA (E.D. Ky. Aug. 23, 2021); *Beckerich, et al. v. St. Elizabeth Med. Ctr.*, No. 2:21-cv-105-DLB-EBA

---

[8]  Mercy stands ready to submit to the Court, at the appropriate time, affidavits from its counsel detailing the attorneys' fees and expenses incurred by Mercy.

(E.D. Ky. Sept. 3, 2021); *Alexander, et al. v. Cincinnati Children's Hosp. Med. Ctr.*, Case No. 1:21-cv-545 (S.D. Ohio Aug. 23, 2021); *Beier, et al. v. UC Health LLC*, Case No. 1:21-cv-551 (S.D. Ohio Aug. 23, 2021); *Durrough, et al. v. Christ Hosp.*, Case No. 1:21-cv-549 (S.D. Ohio Aug. 23, 2021); *Allen, et al. v. TriHelath Inc.*, Case No. A 2102964 (Hamilton Cnty. C.P. Aug. 23, 2021); *Abner, et al. v. Kettering Health Servs., LLC, et al.*, Case No. 21CV03774 (Montgomery Cnty. C.P. Sept. 14, 2021); *Beckman, et al. v. Premier Health Partners, et al.*, Case No. 21CV03767 (Montgomery Cnty. C.P. Sept. 13, 2021); *Boyer, et al. v. Dayton Children's Hosp., et al.*, Case No. 21CV03764 (Montgomery Cnty. C.P. Sept. 13, 2021). And multiple attorneys, each purportedly associated with the Deters Law firm, have appeared in front of this Court and others, on behalf of Plaintiffs to pursue these claims and request injunctive relief. (*See* Dkt. #13, Complaint signed and verified by attorney Glenn Feagan; Dkt. #22, Notice of Entry of Appearance of Alan J. Statman); *see also Beckerich, et al. v. Saint Elizabeth Med. Ctr., Inc., et al.*, Case No. 1:21-cv-576 (S.D. Ohio) (Minute Entry and Notation Order for Sept. 10, 2021 Informal Preliminary Conference, noting that attorney Jim Maus appeared for Plaintiffs); *Beckerich, et al. v. St. Elizabeth Med. Ctr.*, No. 2:21-cv-105-DLB-EBA (E.D. Ky. Sept. 3, 2021) (Dkt. #31, Minute Entry for Sept. 22, 2021 Oral Argument on Plaintiffs' Motion for Restraining Order, noting that attorneys Anthony Romeo and Alan Statman appeared for Plaintiffs).

In each case, the face of the complaints reveal that, just as here, Plaintiffs' counsel undertook no reasonable investigation—into the facts or the law—prior to filing. So far, every court to consider the claims brought by Plaintiffs' counsel have agreed that they lack legal merit and do not support the requested injunctive relief. (*See* Dkt. #48); *see also Beckerich, et al. v. St. Elizabeth Med. Ctr.*, No. 2:21-cv-105-DLB-EBA, 2021 WL 4398027, 2021 U.S. Dist. LEXIS 183757 (E.D. Ky. Sept. 24, 2021). An award of Mercy's attorneys' fees and expenses will deter

further violations of Rule 11 by Plaintiffs' counsel, the Deters Law firm, and others similarly situated, and will penalize Plaintiffs' counsel as required by § 1927.

## IV. <u>CONCLUSION</u>

For all the foregoing reasons, Mercy respectfully requests that the Court grant their Motion for Sanctions and enter an Order directing Plaintiffs' counsel and the Deters Law firm to pay all of the reasonable attorneys' fees and expenses incurred by Mercy in defending these meritless claims and imposing any further sanctions that the Court determines are proper.

Respectfully submitted,

*/s/ William A. Posey*
William A. Posey (0021821)
James E. Burke (0032731)
Bryce J. Yoder (0089816)
Amanda B. Stubblefield (0097696)
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: 513.579.6400
Fax: 513.579.6457
wposey@kmklaw.com
jburke@kmklaw.com
byoder@kmklaw.com
astubblefield@kmklaw.com

and

Thomas J. Wiencek
VP/Associate General Counsel
Bon Secours Mercy Health
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: 513.639.0196
TJWiencek@mercy.com

*Attorneys for Defendants Mercy Health Cincinnati LLC; Mercy Health – Anderson Hospital LLC; Mercy Health – West Hospital LLC; Mercy Health Physicians Cincinnati LLC; and Jewish Hospital, LLC*

16

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been electronically filed on this Court's CM/ECF system and served by electronic mail this _____ day of _____, 2021, upon the following:

Glenn D. Feagan
Deters Law
5247 Madison Pike
Independence, KY 41051
gfeagan@feaganlaw.com

Alan J. Statman
35 E. 7th Street, Suite 315
Cincinnati, OH 45202
ajstatman@statmanharris.com

*Attorneys for Plaintiffs*

*/s/ William A. Posey*
William A. Posey