# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY HARSMAN, *et al.*, | : | Case No. 1:21-cv-00597 |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| v. | : | |
| CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER, *et al.*, | : | |
| Defendants. | : | |

## MOTION FOR SANCTIONS

Defendant Cincinnati Children's Hospital Medical Center ("CCHMC") moves the Court under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 for monetary sanctions against Plaintiffs' counsel and the Deters Law firm. Plaintiffs have made this motion necessary—their baseless claims, grounded in reckless and often self-evidently false allegations, are presented for the purpose of garnering headline-grabbing attention, and not for any legitimate purpose. CCHMC asks this Court to award the attorney fees and litigation expenses CCHMC incurred in defending this case. The accompanying Memorandum in Support explains this Motion's factual and legal basis.

November 12, 2021

Respectfully submitted,

*/s/ Beth A. Bryan*
Beth A. Bryan (0082076)
Russell S. Sayre (0047125)
Aaron M. Herzig (0079371)
Spencer S. Cowan (0099556)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
sayre@taftlaw.com
aherzig@taftlaw.com
bryan@taftlaw.com

scowan@taftlaw.com
*Counsel for Defendant Cincinnati Children's Hospital Medical Center*

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

Plaintiffs' September 14, 2021 Complaint violates Rule 11 in many ways. To begin, Plaintiffs' counsel's signature and verification on the Complaint was signed and dated on August 23, 2021. But the Complaint makes allegations that postdate August 23. A lawyer cannot certify that claims are warranted by existing law, or that the facts have evidentiary support, when the claims are based on "facts" that did not exist when he signed the Complaint. And Plaintiffs' counsel himself "verified" the Complaint, swearing on August 23 that that allegations made on September 14 were true. (In fact, the verification for the September 14 Complaint is a *photocopy* of the August 23 verification; counsel did not even bother with signing a new verification.)

Reasonable people could disagree about what the worst abuse is here. First, Plaintiffs' counsel cannot possibly have personal knowledge of the factual allegations (if anyone does, it is each Plaintiff). And, by verifying the Complaint, Plaintiffs' counsel was asking this Court to rely on those facts as if they were true. So, Plaintiffs' counsel didn't just lie about the Defendants, he lied to the Court. It is hardly a surprise, then, that the notary and counsel bear the same surname, indicating a familial relationship and a possible conflict of interest. *See* R.C. 147.141(A)(4).

But that is not all. The Complaint asserts no factual or legal basis for its claims against CCHMC. Even worse, Plaintiffs repeatedly filed and voluntarily dismissed this baseless action each time they caught even a hint of an unfavorable outcome. This yo-yoing litigation, marked by demands for emergency relief, required CCHMC to expend significant resources responding to "emergency actions" that vanished almost as quickly as they appeared. All said, Plaintiffs forced CCHMC, and its co-defendant hospital systems, to play an expensive game of litigation whack-a-mole to rebut baseless filings. This egregious conduct warrants sanctions under Federal Rule of Civil Procedure 11 and an award of fees, costs, and expenses under 28 U.S.C. § 1927.

To be clear, Plaintiffs knowingly made false allegations about CCHMC's vaccine policy. Take for instance Plaintiff Kimberly Harsman, the *only* CCHMC employee named in the Complaint. The Complaint gives no details about Ms. Harsman's dealings with CCHMC, except by implication that she, in some way, shape, or form, objects to CCHMC's vaccination policies. Plaintiffs' Complaint emphasizes CCHMC's alleged unwillingness to fairly provide religious and medical exemptions under its vaccination policy. (*See* Compl., Doc. 13, Page ID #744–52). But Ms. Harsman *never requested an exemption from CCHMC*. Given that Ms. Harsman is the only CCHMC employee involved here, the Complaint fails on its face to state a viable claim against CCHMC. So Plaintiffs not only filed a Complaint rife with inaccuracies and engaged in bad-faith litigation maneuvers but also forced CCHMC to address claims that were already dead on arrival.

What is more, the Court itself outlined Plaintiffs' misconduct in its Order Denying Plaintiffs' Motion for TRO. (Doc. 48). To start, the Court observed that the "complaint does not establish that success on any of its claims would be likely." (Order Denying Pls.' Mot. For TRO, Doc. 48, Page ID #1237). And it only gets worse from there. As the Court noted, Plaintiffs alleged constitutional claims against *private* organizations. (*Id.* at #1239). Those arguments flout Sixth Circuit precedent that hospitals are generally not state actors absent close ties between a hospital's conduct and state action. *Cf. Siefert v. Hamilton Cnty.*, 951 F.3d 753, 760 (6th Cir. 2020) (holding that constitutional claims against a private hospital could only succeed if the hospital acted as an "arm of the state" by working in tandem with the government).

Plaintiffs' Complaint also fails to assert any nexus between CCHMC and state actors regarding the vaccine when listing the elements of Plaintiffs' constitutional claims. (*See* Compl., Doc. 13, Page ID #796–98, 805–06). And on top of that, as the Court pointed out, Plaintiffs' Complaint teems with "falsehoods" and "flimflam" about Covid-19 and vaccinations. (*Id.* at

2

#1243). Not only did Plaintiffs violate Rule 11's obligation to assert claims with evidentiary support but they also filled the Complaint with immaterial "factual" assertions and accusations. CCHMC agrees with the Court's analysis of the Complaint and urges the Court to confirm that Plaintiffs' pleadings and litigation strategy went far beyond the pale here. Thus, CCHMC requests that the Court impose Rule 11 sanctions against Plaintiffs' counsel and the Deters Law firm.

## II. ANALYSIS

### A. FRCP Rule 11 Justifies Sanctions Against Plaintiffs' Counsel.

Under Fed. R. Civ. P. 11(b)(2), an attorney who files a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). And, by so signing, that attorney certifies that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(1), (3).

When addressing Rule 11 violations, courts objectively assess the offending attorney's conduct under the circumstances. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.,* 88 F.3d 368, 372 (6th Cir. 1996). Additionally, the reasonableness requirement of Rule 11 is a "continuing responsibility to review and reevaluate [the] pleadings and where appropriate modify them to conform to Rule 11." *Id.* at 374 (quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335–36 (6th Cir. 1988)).

Rule 11 sanctions deter frivolous allegations in litigation. To that end, a district court may impose sanctions when, in its discretion, it determines that "a reasonable inquiry would have

3

disclosed that the complaint was either lacking in factual support or unwarranted by existing law." *See Herron*, 858 F.2d at 33. "Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with the needless expense and delay." *Cooter & Gell v. Hrtmarx Corp.,* 496 U.S. 384, 398 (1990). The goal of Rule 11 is to dissuade against baseless filings; another goal is to compensate the requesting party for expenses needlessly incurred in baseless litigation. *Jackson v. O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989).

Courts also have the inherent power to "protect the efficient and orderly administration of justice . . . [and] to command respect for the court's orders, judgments, procedures, and authority." *Florance v. Bush*, No. 3:09-CV-1470-B-BH, 2010 U.S. Dist. LEXIS 68229, at *14 (N.D. Tex. June 24, 2010). That power permits courts to award sanctions for abusive litigation practices.

Before filing a motion for sanctions under Rule 11, a party must present the offending lawyer or party with a proposed motion seeking sanctions, so that the offending lawyer will know exactly what is at issue. That motion cannot "be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). CCHMC served a copy of this Motion, along with an accompanying letter expressing an intent to pursue sanctions, on Plaintiffs' counsel on October 21, 2021. (See Rule 11 Letter, attached as Ex. 1.) Because Plaintiffs failed to withdraw all claims against CCHMC within 21 days, this Motion for Sanctions is timely and meets the requirements of Rule 11(c)(2). Sanctions may include an award of reasonable attorneys' fees or costs incurred as a result of the violation. Fed. R. Civ. P. 11(c)(2), (4). The Court should require Plaintiffs and the Deters Law firm to pay CCHMC's attorney fees and costs in defending this series of baseless Complaints, which are more publicity stunt than real lawsuits.[2]

### B. Plaintiffs' claims are baseless in law and fact.

### 1. Plaintiffs' Complaint relies on facts postdating the Complaint's filing.

Plaintiffs' counsel filed a Complaint asserting facts that occurred *after* he signed the Complaint. Federal Rule of Civil Procedure 11(b)(3) requires counsel to verify that all facts in the Complaint "have evidentiary support." Counsel must also have personal knowledge of the facts alleged. So filing a Complaint that includes facts that happened *after* filing and verification defies Rule 11.

Start with the signature at the end of the Complaint.

> Respectfully submitted,
>
> *[signature]*
> Glenn D. Feagan (#0041520)
> Deters Law
> 5247 Madison Pike
> Independence, Kentucky 41051
> gfeagan@feaganlaw.com
>
> **JURY DEMAND**
>
> Plaintiff makes a demand for a jury under all claims.
>
> *[signature]*
> Glenn D. Feagan (#0041520)
>
> **VERIFICATION**
>
> Counsel signs this under oath to verify it in support of injunctive relief.
>
> *[signature]*
> Glenn D. Feagan (#0041520)
>
> **NOTARY**
>
> Sworn to and subscribed before me, by Glenn D. Feagan this 23rd day of August 2021.
>
> JENNIFER FEAGAN
> NOTARY PUBLIC, STATE OF OHIO
> LORAIN COUNTY
> My Comm. Expires Jan. 09, 2023
>
> *[signature]* Jennifer Feagan
> Notary Public
> My Comm. Exp. 1/9/2023
> Lorain County
> State of Ohio

(Compl., Doc. 13, Page ID #808). That signature date is a serious problem for Plaintiffs' counsel. Plaintiffs' counsel filed the Complaint with a photocopy containing the verification signature made on August 23, 2013, and no other signature indicating verification on the date of filing, September 14, 2021. Rephrased, Plaintiffs' counsel verified the Complaint via signature on August 23 and

5

filed the September 14 Complaint with a photocopy of the signature and verification page for the August 23 Complaint. That means any update to the physical photocopied document following the August 23 signature date would have come *after* verification. So any facts concerning events after that date came without verification, in violation of the Federal Rules of Civil Procedure. All said, roughly three weeks passed between the verification signature and Plaintiffs filing the Complaint. At minimum, Plaintiffs' counsel must explain this discrepancy. And he has failed to do so.

But it gets even worse. The Complaint contains many facts postdating the notarized verification (which appears to be the date counsel signed the Complaint). For instance, Plaintiffs' Complaint asserts that "[o]n August 31, 2021, two top FDA officials resigned in protest" and then discusses those resignations in depth. (Compl., Doc. 13, Page ID #778). What is more, Plaintiffs frequently refer to "the present" or "now." (*See, e.g.*, *id.* at #782). Because "now" meant "at the time of filing," i.e., "as of September 14, 2021," it was impossible for Plaintiffs' counsel to verify those statements through his August 23, 2021 signature. And Plaintiffs make much of pandemic-related statistics and policies, which constantly evolve (often from week to week). In sum, Plaintiffs' counsel, by filing the Complaint, attested to facts he could not have known when he signed the Complaint. That cannot fly under the Federal Rules of Civil Procedure.

One last problem. Plaintiffs' counsel himself verified that facts alleged in the Complaint were true. At best, Plaintiffs' counsel had secondhand knowledge of what occurred between Plaintiffs and the Defendant hospital systems. That doesn't cut it for verifying a Complaint seeking a TRO. By relying on self-verification, Plaintiffs' counsel yet again cut corners in following the Federal Rules of Civil Procedure.

Thus, by verifying the Complaint on August 23, 2021 and filing a Complaint containing facts that allegedly occurred afterwards, Plaintiffs' counsel violated his Rule 11 duty to offer facts

with evidentiary support. Plaintiffs' counsel had no way of knowing, at the time of verification, about facts that allegedly happened *after* the verification. All said, Plaintiffs' counsel verified a Complaint, added facts that *could not have been known by him at the time of verification*, filed the same version of the Complaint three weeks later, and kept quiet about that discrepancy. In other words, Plaintiffs' counsel knowingly filed a Complaint filled with facts that could not have been properly verified, but failed to alert the Court or any Defendants. If Rule 11 sanctions are ever justified, such gamesmanship and dishonesty fit the bill.

### 2. Plaintiffs make no effort to provide accurate facts and flooded Defendants with many inaccurate and irrelevant allegations.

Though Plaintiffs' Complaint exceeds **500 paragraphs**, Plaintiffs make no effort to allege the facts that are essential to demonstrate their entitlement to any relief. As this Court has noted:

> The Federal Rules of Civil Procedure require litigants to set forth a short and plain statement of the claims demonstrating that the pleaders are entitled to relief. Fed. R. Civ. P. 8(a)(2). The rule requires Plaintiffs 'to edit and organize their claims and supporting allegations into a manageable format.'

*Aaron v. Durrani*, No. 1:13-cv-202, 2013 U.S. Dist. LEXIS 130510, at *5 (S.D. Ohio Sept. 12, 2013) (quoting *Hollon v. E. Ky. Corr. Complex*, No. 10-CV-177-KSF, 2012 U.S. Dist. LEXIS 74676, at *5 (E.D. Ky. July 22, 2010). "When faced with voluminous pleadings, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange." *Schied v. Daughtrey,* No. 08-14944, 2008 U.S. Dist. LEXIS 104697, at *4 (E.D. Mich. Dec. 29, 2008).

Plaintiffs' counsel and the Deters Law firm violated Fed. R. Civ. P. 8(a)(2)'s requirement to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiffs' 570-paragraph complaint is not only "unnecessarily lengthy, disorganized, argumentative, [and] include[s] inappropriate extraneous allegations," but also fails "to provide particularized allegations for each of the [p]laintiffs," violates Rule 8 and should be dismissed. *Sevier v. Apple, Inc.*, No. 3:13-0607, 2015 U.S. Dist. LEXIS 106614, at *23 (M.D. Tenn. Aug. 13, 2015); *see also Aaron*, 2013 U.S. Dist. LEXIS 130510 at *10.

Indeed, Plaintiffs' Complaint is so disorganized and convoluted that Plaintiffs could not even be bothered to sift through their own allegations to explain why *any* of their claims would likely succeed on the merits when requesting injunctive relief. Plaintiffs have simply not asserted sufficient facts to support any named Plaintiffs' claims against CCHMC, or any other Defendant. Plaintiffs also fail to allege that Defendants have taken any action against any Plaintiffs.

The Court, having waded through the allegations on its own, correctly analogized the Complaint to a "bucket of mud" and recognized that neither the Court nor defense counsel should bear the burden of excavating a cognizable claim out of the morass. (Order Denying Pls.' Mot. For TRO, Doc. 48, Page ID #1237). Plaintiffs' counsel and the Deters Law firm's willful and repeated failure to comply with Rule 8 can only be construed as unnecessary harassment and an attempt at delay, which warrants both dismissal and sanctions.

### 3. Plaintiffs lack standing to sue CCHMC and its co-defendants.

Plaintiffs do not even have standing to assert these claims. *Tibbs v. Sebelius*, No. 2:09-cv-773, 2010 U.S. Dist. LEXIS 42464, at *9 (S.D. Ohio Apr. 30, 2010) (plaintiff's burden to establish standing is an "indispensable part of plaintiff's case.") A justiciable controversy in the vaccine mandate context exists only if Plaintiffs have not taken the Covid-19 vaccine and do not qualify for exemptions. *Klaassen v. Trs. of Indiana Univ.*, No. 1:21-CV-238 DRL, 2021 U.S. Dist. LEXIS 133300, at *36-37 (N.D. Ind. July 18, 2021); *see also Wade v. Univ. of Conn. Bd. of Trs.*, No. 3:21-

8

cv-924, 2021 U.S. Dist. LEXIS 153565, at *21 (D. Conn. Aug. 16, 2021) (plaintiffs granted exemption from vaccination requirement, or who failed to avail themselves of process to request exemption, had not suffered injury that law recognizes as basis for right to complain in court and, therefore, did not have standing to proceed). Absent a case or controversy between *this* Plaintiff and *this* hospital, the Court does not even have subject matter jurisdiction. That is the case here. Ms. Harsman has never requested that she be excused from the vaccine requirement. She has nothing to complain about and cannot represent those who have sought exemptions.

Plaintiffs do not allege that any named plaintiff suffered an injury related to CCHMC's vaccination policy. Although Plaintiffs make noise about CCHMC allegedly denying its employees' medical and religious exemptions, (*See* Compl., Doc. 13, Page ID #745–52), Plaintiffs name only one CCHMC worker in their Complaint. And that employee, Kimberly Harsman, never requested a vaccine exemption from CCHMC or that CCHMC otherwise excused her from the vaccine requirement. That sort of gross error characterizes Plaintiffs' entire suit. In fact, the Complaint contains no factual allegations or legal theories supporting a claim for relief for any of the individual Plaintiffs against any of the individual Defendants. Again, absent a controversy between *this* Plaintiff and *this* hospital, the Court lacks subject matter jurisdiction. Ms. Harsman cannot obtain the relief sought, and cannot represent those who do seek that relief. Because Ms. Harsman, the only named CCHMC plaintiff, lacks standing under *Klassen* and *Wade*, her claims against CCHMC must be dismissed.

As this Court has cautioned Plaintiffs' counsel's firm in other litigation, "[i]t is well-settled law that named plaintiffs may not rely on general class allegations to support their claims, but rather must show that each, individually, is entitled to relief." *Aaron*, 2013 U.S. Dist. LEXIS 30510 at *11 (citing *Warth v. Seldin,* 422 U.S. 490, 502 (1975)); *see also Rolo v. City Inv. Co. Liquidating*

*Tr.*, 155 F.3d 644, 659 (3rd Cir. 1998). Plaintiffs have not done so here. Plaintiffs have not even sought to establish standing or show that a justiciable case or controversy exists. That failure warrants sanctions again Plaintiffs' counsel and the Deters Law firm.

### 4. Res judicata bars Plaintiffs' claims.

As fully explained in Defendants UC Health, LLC, University of Cincinnati Medical Center, LLC and University of Cincinnati Physicians Company, LLC's (collectively, "UC Health") Motion to Dismiss, Plaintiffs' claims are barred by res judicata given that this is now their fourth attempt to bring these claims. (Doc. 49 at 3–6). CCHMC adopts UC Health's Motion as if fully presented here. Plaintiffs' counsel's repeated dismissal and retread of Plaintiffs' claims is even more serious given that these litigations reflect a textbook case of judge-shopping.

### 5. Plaintiffs willfully ignore existing decisions on their claims.

Both this Court and the United States District Court for the Eastern District of Kentucky have denied Plaintiffs' request for injunctive relief, explicitly finding that Plaintiffs' claims were unlikely to succeed on the merits. (Order Denying Pls.' Mot. For TRO, Doc. 48, Page ID #1239); *Beckerich v. St. Elizabeth Med. Ctr.*, No. CIV 21-105-DLB-EBA, 2021 WL 4398027 (E.D. Ky. Sept. 24, 2021) (Bunning, J.). Both rulings went even further, expressly noting that the likelihood of success in proving constitutional violations was "zero." *Id*. Despite that, Plaintiffs are undeterred. In particular, Plaintiffs' counsel admonished Judge Bunning for "adopt[ing] the political position of the 'left' in this country" rather than providing any authority supporting their constitutional claims. (Mot. for Recons. before Judge Bunning, Ex. 2.). Plaintiffs' counsel and the Deters Law firm's persistence in pursuing their baseless claims contravenes the law and willfully violates Rule 11.

**III.     CONCLUSION**

Plaintiffs' counsel and the Deters Law firm have violated Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 by filing an unfounded lawsuit that lacks any good-faith basis. For these reasons, this Court should impose appropriate monetary sanctions against them.

November 12, 2021                                    Respectfully submitted,

/s/ *Beth A. Bryan*
Beth A. Bryan (0082076)
Russell S. Sayre (0047125)
Aaron M. Herzig (0079371)
Spencer S. Cowan (0099556)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
sayre@taftlaw.com
aherzig@taftlaw.com
bryan@taftlaw.com
scowan@taftlaw.com

*Counsel for Defendant Cincinnati Children's Hospital Medical Center*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served, via the Court's CM/ECF system, on all counsel of record this 12th day of November, 2021.

*/s/ Beth A. Bryan*
Beth A. Bryan