**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT CINCINNATI)**

| | | |
|---|---|---|
| **KIMBERLY HARSMAN, et al.,** | : | **Case No. 1:21-cv-00597-TSB** |
| | : | |
| **Plaintiffs,** | : | **(Judge Timothy S. Black)** |
| | : | |
| **v.** | : | |
| | : | **PLAINTIFFS' COMBINED** |
| **CINCINNATI CHILDREN'S HOSPITAL** | : | **RESPONSE TO MOTIONS TO** |
| **MEDICAL CENTER, et al.,** | : | **DISMISS BY DEFENDANTS** |
| | : | **CHRIST HOSPITAL, THE CHRIST** |
| **Defendants.** | : | **HOSPITAL PHYSICIANS (DOC#:** |
| | : | **52), MERCY DEFENDANTS (DOC#:** |
| | : | **53), DEFENDANT CCHMC (DOC#:** |
| | : | **54) AND DEFENDANTS** |
| | : | **TRIHEALTH INC., TRIHEALTH G,** |
| | : | **BETHESDA HOSPITAL, INC.,** |
| | : | **BETHESDA NORTH, AND GOOD** |
| | : | **SAMARITAN HOSPITAL (DOC#:** |
| | : | **57)** |

COME NOW the Plaintiffs, Kimberly Harsman, Rebecca Dorton, Andrea Velez, Amanda

Bagby and Andrea Klopfenstein (hereinafter referred to collectively as the "Plaintiffs") and state

the Plaintiffs have standing to assert the claims alleged in the Plaintiffs' Complaint, res judicata

does not allow for dismissal of the Plaintiffs' claims, and neither Fed. R. Civ. P, 8(a), 12(b)(1)

nor 12(b)(6) support dismissal of the Plaintiffs' claims. The Memorandum contained herein

shows the reasons each of the Defendants' Motions to Dismiss (DOC#: 52, 53, 54, and 57) are

due to be denied. Alternatively, the Plaintiffs seek leave to amend their Complaint.

Respectfully submitted,

/s/Glenn Feagan_____
Glenn Feagan (#0041520)
Deters Law II
5247 Madison Pike
Independence, KY 41051
(859) 363-1900
gfeagan@feaganlaw.com

1

Counsel for Plaintiffs


## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d) and other applicable law, I certify that on November 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/Glenn Feagan _____
Glenn Feagan
Deters Law II
5247 Madison Pike
Independence, KY 41051
(859) 363-1900
gfeagan@feaganlaw.com
Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT CINCINNATI)

| | | |
|---|---|---|
| **KIMBERLY HARSMAN, et al.,** | : | **Case No. 1:21-cv-00597-TSB** |
| | : | |
| **Plaintiffs,** | : | **(Judge Timothy S. Black)** |
| | : | |
| **v.** | : | |
| | : | **PLAINTIFFS' MEMORANDUM IN** |
| **CINCINNATI CHILDREN'S HOSPITAL** | : | **SUPPORT OF THEIR COMBINED** |
| **MEDICAL CENTER, et al.,** | : | **RESPONSE TO MOTIONS TO** |
| | : | **DISMISS BY DEFENDANTS** |
| **Defendants.** | : | **CHRIST HOSPITAL, THE CHRIST** |
| | : | **HOSPITAL PHYSICIANS (DOC#:** |
| | : | **52), MERCY DEFENDANTS (DOC#:** |
| | : | **53), DEFENDANT CCHMC (DOC#:** |
| | : | **54) AND DEFENDANTS** |
| | : | **TRIHEALTH INC., TRIHEALTH G,** |
| | : | **BETHESDA HOSPITAL, INC.,** |
| | : | **BETHESDA NORTH, AND GOOD** |
| | : | **SAMARITAN HOSPITAL (DOC#:** |
| | : | **57)** |

## I.     RELEVANT PROCEDURAL HISTORY

On September 14, 2021, the Plaintiffs, Kimberly Harsman, Rebecca Dorton, Andrea Velez, Amanda Bagby and Andrea Klopfenstein (hereinafter referred to collectively as the "Plaintiffs") filed this action, for the very first time, against Defendants Cincinnati Children's Hospital Medical Center (hereinafter referred to as "CCHMC"), The Christ Hospital Physicians, LLC, and The Christ Hospital (collectively referred to as "TCHHN" as requested by TCHHN in their Motion), TriHealth, Inc., TriHealth G, LLC, Bethesda North, and Good Samaritan Hospital (collectively referred to as TriHealth), UC Health, LLC, University of Cincinnati Medical Center, LLC, University of Cincinnati Physicians Company, LLC  (collectively referred to as the

"University of Cincinnati"), Mercy Health Cincinnati, LLC, Mercy Health-Anderson LLC, Mercy Health West Hospitals, LLC, Mercy Health Physician Cincinnati LLC, and The Jewish Hospital (collectively referred to as the "Mercy" Defendants).[1] *See* DOC#:1-10, DOC#: 13. On behalf of a proposed class, the Plaintiffs asserted the following *state* law claims against the Defendants: (1) Violation of Ohio Revised Code Section 4112 and Ohio Administrative Code Section 4112 (Discrimination based upon Disability and Failure to Grant Medical Exemptions); (2) Violation of the Ohio Bill of Rights and Ohio Revised Code Section 4112 (Religious Discrimination – Failure to Consider/Provide Religious Exemptions); (3) Promissory Estoppel; (4) Violations of Section 1 of the Ohio Valentine Act, R.C. §1331.01 *et seq.* (Illegal Anti-poaching Agreement); and (5) Violations of the Ohio Valentine Act, R.C. §133.01 *et seq. See id.* With the exception of the promissory estoppel claim, none of these claims have been asserted against the Defendants by plaintiffs represented by the undersigned counsel.

The Defendants removed the action to this Court on September 17, 2021 (*see* DOC#: 1), to which the Plaintiffs strenuously objected and filed a Motion to Remand on September 21, 2021. *See* DOC#: 21.

The Defendants moved to dismiss the instant case on a combination of the following grounds: (1) *Res judicata* and Fed. R. Civ. P. 41 bar the Plaintiffs' action; (2) Plaintiffs lack standing to bring this action; (3) Plaintiffs failed to meet the pleading standards of Fed. R. Civ. P. 8; and (4) Plaintiffs fail to state a claim upon which relief may be granted. *See* DOC#: 52, 53, 54 and 57 (hereinafter referred to as Defendants' "Motions").

---

[1] The Defendants CCHMC, TCHHN, TriHealth, Mercy, and the University of Cincinnati are hereinafter collectively referred to as the "Defendants".

Plaintiffs do not challenge Defendants' statements of the procedural history as to the lawsuits initiated by the Deters Law on behalf of *other* plaintiffs seeking to stop what they believe is an illegal and unconstitutional vaccine mandate. However, contrary to the other lawsuits referred to in Defendants' Motion, the instant action is brought by Plaintiffs who have never filed an action against the Defendants based on the illegal and unconstitutional vaccine mandate and the Defendants' *continuing* illegal and improper behavior in enforcing the illegal and unconstitutional vaccine mandate. In addition, the instant action asserts the following state law claims against the Defendants by these Plaintiffs: (1) Violation of Ohio Revised Code Section 4112 and Ohio Administrative Code Section 4112 (Discrimination based upon Disability and Failure to Grant Medical Exemptions); (2) Violation of the Ohio Bill or Rights and Ohio Revised Code Section 4112 (Religious Discrimination – Failure to Consider/Provide Religious Exemptions); (3) Promissory Estoppel; (4) Violations of Section 1 of the Ohio Valentine Act, R.C. §1331.01 *et seq.* (Illegal Anti-poaching Agreement); and (5) Violations of the Ohio Valentine Act, R.C. §133.01 *et seq.* With the exception of the promissory estoppel claim, none of the claims asserted in the Complaint have been previously asserted against the Defendants.

## II.     THIS ACTION IS NOT DUE TO BE DISMISSED IN ITS ENTIRELY OR WITH PREJUDICE.[2]

This case is a case of first impression in this jurisdiction – a situation where a medical institution employer is coercing employees to participate as human subjects to investigational medical clinical trials by holding their continued employment hostage. The Defendants pile on argument after argument as to why the Plaintiffs' case should be dismissed based on their

---

[2] The Plaintiffs incorporate herein by reference their Response to Motion to Dismiss of Defendants UC Health, LLC, University of Cincinnati Medical Center, LLC, and University of Cincinnati Physicians Company, LLC. DOC#:50.

interpretation of current law, ignoring the lack of precedent addressing the issues raised by the Defendants' vaccine mandate.

The reality is that the underlying fact scenario in this case is unlike anything seen in American jurisprudence. Dismissing the Plaintiffs' claims, and allowing employer-mandated vaccination, will have grave, wide-spread consequences. The issue of compulsory vaccination led to one of the darkest days in American jurisprudence when the U.S. Supreme Court upheld a law requiring forced sterilization of those deemed "unfit". *Buck v. Bell*, 274 U.S. 200 (1927). The Court, based on its prior precedent regarding compulsory vaccination, held: "The principle that sustains compulsory vaccination is broad enough to cover cutting the Fallopian tubes . . . three generations of imbeciles is enough." *Id.* at 207. Dismissing the Plaintiffs' claims at this stage would cause a similar perversion of justice.

In his dissent in *Northern Securities Co. v. U.S.,* 193 U.S. 197 (1904), Justice Holmes observed, "great cases, like hard cases, make bad law. For great cases are called great, not by reason of their real importance in shaping the law of the future, but because of some accident of immediately overwhelming interest which appeals to the feelings and distorts the judgment." In this case, there is an "overwhelming interest which appeals to the feelings and distorts judgment." The pandemic certainly created an overwhelming interest. And as a result of that overwhelming interest, distortions of judgment are rampant. The vaccine mandate at issue here is such a distortion of judgment.

Moreover, the Attorney General of Ohio has spoken as to whether employers should be forced to require workers in the State of Ohio to be vaccinated and whether employers themselves should be forced to implement such policies. In *State of Ohio, et al. v. Occupational Safety and Health Administration, et al.,* the Attorney General stated in Ohio's Emergency

6

Motion For Stay Pending Final Judgment that the Occupational Safety and Health Administration's ("OSHA") mandate "that all companies with 100 or more employees require those employees receive a COVID-19 vaccination or else submit to (expensive and impractical) weekly testing" is "illegal" and will have "disastrous consequences" as "employers already barely scraping by after a pandemic-caused recession . . . and will have to pay fines or lay-off unvaccinated workers". *See State of Ohio, et al. v. Occupational Safety and Health Administration, et al.,* Case: 21-4031, Document 4, 14-15 (6th Cir. Nov. 5, 2021). Moreover, the State objects to the executive branch's discovery of "a power to regulate the healthcare decisions of American Workers" a year and a half into the global pandemic. *See id.* at 28. The State bolsters its' argument against the vaccine mandate proposed by OSHA by recognizing that the mandate "recklessly forces upon the entire country a novel social and economic experiment that risks tearing our social and economic fabric." *Id.* at 68 (internal quotations and citations omitted). It further recognizes that the vaccine mandate will exacerbate lost wages and economic uncertainty. *See id.* at 68-69.

The allegations in the Plaintiffs' Complaint are clear and simple. Plaintiffs, and the class of employees they seek to represent, are employed by the Defendants and the Defendants have specifically ordered the Plaintiffs, as their employees, be vaccinated for COVID-19. The Defendants mandate their employees obtain the vaccine and have threatened their employees with adverse employment consequences if Plaintiffs refuse to be vaccinated for COVID-19. The Plaintiffs do not want to be vaccinated against their wishes and do not want to suffer adverse employment consequences for choosing to remain unvaccinated.

**A.      Plaintiffs have standing to assert their claims against the Defendants.**

For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and "must construe the complaint in favor of the complaining party." *Parsons v. U.S. Dept. of Justice*, 801 F.3d 701, 706 (6th Cir. 2015). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Meyer v. McMaster,* 394 F.Supp.3d 550, 558 (D.S.C. 2019) (internal citations omitted). Generally, when ruling on a motion to dismiss for lack of standing, "courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Carrero v. Farrelly,* 270 F. Supp. 3d 851, 879 (D. Md. 2017). *See also Parsons*, 801 F.3d at 706.

To have Article III standing, the "plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant." *Carrero,* 270 F. Supp. 3d at 878. *See also Parsons*, 801 F.3d at 706.

An injury in fact is established when a plaintiff shows that "he . . . suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Meyer,* 394 F. Supp. 3d at 558. *See also Parsons*, 801 F.3d at 706. "[T]raceability is established if it is 'likely that the injury was caused by the conduct complained of and not by the independent action of some third party not before the court." *Id.* To satisfy redressability, "a plaintiff must show that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (internal citations omitted).

The named Plaintiffs, as well as the class members they seek to represent, must be vaccinated or lose their employment, with all additional employment in the same field barred by the Defendants' actions in concert. The named Plaintiffs, as well as the class members they seek to represent, may have succumbed to the vaccine mandate in violation of their conscientious objection and their legal rights. No one can credibly dispute that the Plaintiffs have suffered or will suffer an injury that is concrete and not conjectural or hypothetical. These injuries are caused by the vaccine mandate the Defendants are seeking to protect and enforce. There is no lack of a causal connection between the injury and the conduct complained of. The Plaintiffs have standing to bring this action.

Some of the Defendants assert that Plaintiffs are without standing to assert the claims in the Complaint, in their totality, because a "justiciable controversy in the vaccine mandate context only exists if plaintiffs have not been vaccinated and do not qualify for exemptions." DOC#: 52, PAGEID#:  1808. The Defendants cite *Klaassen v. Tr. Of Ind. Univ.,* No. 1:21-CV-238 DRL (N.D. Ind. Jul. 18, 2021) and *Wade v. Univ. of Conn. Bd. Of Educ. Tr.,* No. 3:21-cv-924 (D. Conn. Aug. 16, 2021) in support of this statement. The Defendants are incorrect in their assertion. First, if those court were correct in their rulings, which the Plaintiffs dispute, those decisions are limited to claims being addressed in those actions; the Plaintiffs in this action assert other and additional claims. Second, those opinions are not binding precedent in this action.

**B.      The Plaintiffs' claims are not barred by *res judicata*.**

A plaintiff . . . [has] an unqualified right, upon payment of costs, to take a nonsuit in order to file a new action after further preparation, unless the defendant would suffer some plain legal prejudice other than the mere prospect" additional litigation. *Cone v. West Va. Pulp & Paper Co.,* 330 U.S. 212, 217 (1947). The Federal Rule of Civil Procedure 41(a)(1) preserves that right so

9

long as a dismissal pursuant to 41(a)(1)(A) is filed prior to the defendant filing an answer or motion for summary judgement. *See Cone*, 330 U.S. at 217. A plaintiff "cannot be faulted for properly exercising their rights" under Fed. R. Civ. P. 41(a)(1)(A) and filing a subsequent lawsuit seeking relief to adjudicate their claims. *See Littlefuse, Inc. v. Pacific Engineering Corp, et; al.,* No. 12-cv-14957, 2013 WL 7045053, *2 -3 (E.D. Mich. Jun. 21, 2013).

Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(B) generally is without prejudice. *Sheet Metal Workers' Nat. Pension Fund Bd. Of Trustees v. Courtad, Inc.,* No. 5:12-cv-2738, 2013 WL 3893556, *2-3 (N.D. Ohio Jul. 26, 2013). The two-dismissal rule limits this general rule - "if a plaintiff previously dismissed any [federal or state court action] based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id.* (citing Fed. R. Civ. P. 41(a)(1)(B)). The two-dismissal rule "does not bar a subsequent suit, but instead merely states that when the rule applies, the dismissal of the second suit operates as an adjudication on the merits; once there is an adjudication on the merits, it is the doctrine of *res judicata* which bars subsequent suit on the same cause of action." *Id.* Given the preclusive effects of the rule, a court must be careful to apply it narrowly and must examine whether the doctrine of *res judicata* actually bars a subsequent suit. *Id.*

The Plaintiffs do not dispute that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." However, the party asserting *res judicata* as an affirmative defense to a complaint must show *each* of the following to establish that the claim is due to be dismissed:

> (1) That the instant action involves the same two parties; (2) that the instant action arose out of the same transaction or occurrence that was the subject of earlier action; (3) that the instant action could have been asserted in at least one of those previous actions; and (4) that there was a final decision on the prior action by the court of competent jurisdiction.

10

*Dempsey v. Dempsey,* No. 1:09-CV-503, 2010 WL 2010963, at * (N.D. Ohio May 20, 2010). The Defendants cannot meet the requirements of this four part-test.

The instant and allegedly subsequent action is not between the same parties or parties in privity as the complaints referred to by the Defendants. As shown by the Defendants in their Motions and attached exhibits, the plaintiffs who filed those complaints on behalf of themselves and others similar situated, are not the Plaintiffs to this action.

The Defendants, without any supporting authority, assert that the Plaintiffs in this action are in privity with the plaintiffs in prior complaints. The Defendants lack supporting authority because under Ohio law, "before *res judicata* can be applied, the parties to the subsequent action must be identical to those of the former action or be in privity with them . . ." and one is not deemed to be in privity unless they are "successors to the estate of interest of another." *South Ridge Baptist Church v. Industrial Com'n of Ohio*, 676 F. Supp 799, 802 (S.D. Ohio 1987) (holding identical or similar issues raised by a subsequent plaintiff "is not sufficient to make plaintiff a privy . . ."). The Plaintiffs to this action have not brought suit against these Defendants prior to this action and no class has been certified regarding the actions complained of in the instant Complaint. Under Ohio law, privity between the plaintiffs to Complaints 1, 2 and 3 and the instant Plaintiffs does not exist and, as stated in *South Ridge Baptist Church*, raising similar issues in a subsequent action does not equate with privity. *See id.*

The Defendants reliance on *Taylor v. Sturgell*, 553 U.S. 880, 894-95, 128 S.Ct. 2161, 2163-64 (2008) is misplaced and their recitation of the holding in *Taylor* is incorrect. In fact, the holding in *Taylor* requires the denial of the Defendants' Motion.

In *Taylor,* an individual who was "an antique aircraft enthusiast" brought a lawsuit against the Federal Aviation Administration ("FAA") after the FAA refused his Freedom of Information

11

Act ("FOIA") request for technical documents regarding an airplane. *See id.* at 2163.  After that case was resolved, the individual's friend and fellow antique aircraft enthusiast, Taylor, made a FOIA request for the exact same documents. *See id.* at 2164. When the FAA did not respond, Taylor filed suit in the Unites States District Court for the D.C. Circuit, which was dismissed when the court found that a "nonparty may be bound by a judgment if she was 'virtual represented' by a party. *Id.* The appeals court affirmed the lower court decision, announcing a "five-factor test for 'virtual representation'." *Id.* The Supreme Court disapproved of the creation of the five-part test for virtual representation and reversed. *See id.*

In reaching its determination, the Supreme Court specifically held that "[t]he theory of preclusion by 'virtual representation' is disapproved . . . [t]he preclusive effects of a judgment . . . should instead be determined according to the established grounds for nonparty preclusion." *Id.* In discussing the defensive use on nonparty preclusion, the Court first recognized that:

> A person who was not a party to a suit has not had the full and fair opportunity to litigate the claims and issues settled in that suit. The application of claim and issue preclusion to nonparties thus runs up against the deep-rooted historic tradition that everyone should have his own day in court. Indicating the strength of that tradition, we have often repeated the general rule that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.

*Id.* at 2171-72 (internal quotations and citations omitted). The Court recognized six exceptions to "the rule against nonparty preclusion." *Id.* at 2172.

First, an individual who has agreed to be "bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement"; an example of this is when parties agree that a defendant's liability is to be determined by a test case. *Id.* Second, nonparty preclusion may be justified by a "substantive" legal relationship "between the person to be bound and a party to the judgement"; examples of "qualifying relationships" are "preceding

12

and succeeding owners of property, bailee and bailor, and assignee and assignor." *Id.* The Court specifically stated that these exceptions "originated as much from the needs of property law as from the values of preclusion by judgment." *Id.* (internal quotations and citations omitted). Third, in very limited circumstances, "a nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who [was] a party to the suit." *Id.* (internal quotations and citations omitted). The Court recognized that this could occur in a "properly conducted class actions." *Id.* Fourth, a "nonparty is bound by a judgment if she assumed control over the litigation in which that judgment was rendered." *Id.* The exception is implicated when the person "has had the opportunity to present proofs and arguments" to the extent he has already had his day in court. *Id.* at 2173. The fifth exception is "when a nonparty later brings suit as an agent for a party who is bound by the judgment." *Id.* The sixth exception only occurs when a "special statutory scheme . . . expressly [forecloses] successive litigations by nonlitigants" such as bankruptcy and probate proceedings so long as the special statutory scheme does not violate due process. *Id.*

After recognizing these limited exceptions, the Court specifically rejected exceptions to the nonparty preclusion based on allegations of "adequate representations":

> Our second reason for rejecting a broad doctrine of virtual representation rest on the limitations attending nonparty preclusion based on adequate representation. A party's representation of a nonparty is "adequate" for preclusion purposes only if, at a minimum: (1) The interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty. In additional, adequate representation requires (3) notice of the original suit to the persons alleged to have been represented . . . In the class-action context, these limitations are implemented by the procedural safeguards contained in Federal Rule of Civil Procedure 23.

> An expanded doctrine of virtual representation, however, would recognize, in effect a common-law kind of class action. That is, virtual representation would authorize preclusion based on identity of interests and some kind of relationship between the

13

parties and nonparties, short of the procedural protections prescribed in . . . Rule 23. [The] protections [of Rule 23], grounded in due process, could be circumvented were [the Court] to approve a virtual representation doctrine that allowed courts to create *de facto* class actions at will.

*Id.* at 2175-76.

The Defendants have presented no evidence or credible argument that the Plaintiffs in the instant action are in privity with the plaintiffs in the other complaints under existing Ohio law or within any of the six specific exceptions recognized by the Court in *Taylor.* Instead, the Defendants urge this Court to engage in the behavior specifically rejected by the Supreme Court in *Taylor* – the creation of a *de facto* class action without the due process requirements of Federal Rule of Civil Procedure 23.

**C.      Federal Rule of Civil Procedure 8(a) does not mandate dismissal of the Plaintiffs' Complaint.**

In addressing the pleading standards contained in Fed. R. Civ. P. 8, the *Kensu* Court noted:

"We have not had much occasion to interpret Rule 8 in the posture now presented. This is a dismissal not for failure to plead facts that, if true, make the defendant's liability at least plausible. Rather, it is for Mr. **Kensu's repeated failure to plead claims and allegations with clarity, because of which the defendants lacked "fair notice" of his claims and "the grounds upon which they rest**." *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). We therefore publish this opinion to set precedent for any future cases in this vein."

*Kensu v. Corizon, Inc*., 5 F.4th 646, 650 (6th Cir. 2021) (emphasis added). Clearly, this is not the case here. Defendants have plenty of clarity. In their Motions they set forth accurately the claims of Plaintiffs and have evidently had the opportunity and did read other complaints against other defendants which they also understood very clearly. They also acknowledge that a lot of immaterial allegations have now been removed from the Complaint. Thus, unlike in *Kensu*, it cannot be said that defendants do not have "fair notice" of the claims asserted against them. *Kensu v. Corizon, Inc*., 5 F.4th at 650.

14

Federal Rule of Civil Procedure 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson,* 127 S.Ct. at 2200 (citing *Twombly,* 550 U.S. at 596). *See also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir. 2008). The complaint and "any exhibits attached thereto, public records, items appearing in the record" should be considered by the Court in determining whether a complaint is due to be dismissed pursuant to Fed. R. Civ. P. 8(a)(2). *See also Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008).

Dismissal pursuant to Fed. R. Civ. P. 8(a)(2) is not appropriate unless the complaint is indecipherable to the extent it challenges the defendants' ability to formulate an answer "without speculating or attempting to articulate Plaintiff's claims for them." *Wilson v. Board of Educ. of Fayette County,* Action No.: 5:14-cv-454, 2015 WL 4397152, *2-3 (E.D. Ky. Jul. 16, 2015). Complaints that give the defendants "fair notice of what the claim is and the grounds upon which is rests" satisfy the requirements of Fed. R. Civ. P. 8(a)(2). *Elder v. DH Capital Management, Inc.,* Civil Action No. 3:13-CV-00564, 2014 WL 708494, *3 (W.D. Ky. Feb. 24, 2014) (citing *Twombly,* 550 U.S. at 555). Moreover, length and verbosity do not provide a basis for dismissing a complaint pursuant to Fed. R. Civ. P. 8(a)(2) so long as the defendants have fair notice of the plaintiffs' claims. *Grubbs v. Sheakley Group, Inc.,* No. 1:13-cv-246, 2014 WL 202041, *6 (S.D. Ohio Jan. 17, 2014).

The Defendants cannot credibly allege that the Plaintiffs' Complaint fails to give the Defendants notice of the Plaintiffs' claims, that they cannot answer the Plaintiffs' claims without speculation, or that they have been unfairly surprised. The Defendants instead complain about the Plaintiffs' "persistent and vexatious conduct," the length of the Complaint, and claims the

15

Defendant deems frivolous. *See* Doc #12-1, 6-9. None of the Defendants' frivolous complaints amount to grounds for dismissal under Fed. R. Civ. P. (8)(a)(2).

Where a complaint fails to comply with Rule 8, "the district court has the power, on motion or *sua sponte*, to dismiss the complaint or **to strike such parts as are redundant or immaterial**." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2nd Cir.1995) (citation omitted). *See also Verfuerth v. Orion Energy Sys., Inc.*, 65 F. Supp. 3d 640, 642 (E.D. Wis. 2014) (Striking immaterial portions of employee's complaint asserting claims arising out of termination of his employment as chief executive officer (CEO), that were not the subject of employer's motion to dismiss, was warranted, for failure to comply with rule requiring a "short and plain statement of the claim," where the complaint was 96 pages and 612 paragraphs long, some 73 of the complaint's pages fell into category of background information, and employer was prejudiced by length of the complaint in that it was required to respond to each averment.). Accordingly, this Court may strike those portions of the Complaint it deems redundant or immaterial.

### D.    This Court has subject matter jurisdiction over this matter.

The Defendants assert that this Court does not have subject matter jurisdiction over this matter because Plaintiffs' have failed to demonstrate a justiciable case or controversy. This argument must fail.

The Defendants are attempting to argue there is no justiciable case or controversy because in their reading of the Complaint and affidavits filed to support the Plaintiffs' claims, which the Plaintiffs assert is incorrect, the Plaintiffs do not sufficiently allege failure to provide a medical or religious exemption to the vaccine mandate. The Defendants ignore that the mandate violates the constitutional rights of the Plaintiffs even if the Defendants' incorrect summation of the pleadings

16

as lacking is taken as true. The Plaintiffs challenge the entirety of the vaccine mandate and the

Defendants' actions in issuing the mandate and administering the mandate.

Furthermore, the Defendants insinuate that all the Plaintiffs' claims are due to be dismissed

because Plaintiffs failed to plead facts necessary to demonstrate a justiciable case or controversy

based on the Seventh Circuit's decision in *Klaassen v. Trustees of Indiana University.*, 7 F.4th 592

(7th Cir. 2021). The Defendant ignores that this decision is not binding precedent in the Sixth

Circuit. The Supreme Court of the United States has yet to weigh in on the critical constitutional

questions that must be answered about vaccine mandates.

**E.     Should this Court determine dismissal is warranted to any claim as pled, the Court should allow the Plaintiffs to amend the Complaint.**

Dismissal with prejudice in this case at this point in the case's procedural history

would violate the "well-established preference for allowing claims to be decided on their

merits where possible." *Burkeen v. A.R.E. Accessories, LLC,* 758 Fed. Appx. 412, 416 (6th

Cir. 2018) (citing *Forman v. Davis,* 371 U.S. 178, 182 (1962)). If a complaint can be saved

by amendment, dismissal with prejudice without leave to amend will not survive *de novo*

review. *See id. See also Newberry v. Silverman,* 789 F.3d 636, 645-46 (6th Cir. 2015).

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when

justice so requires." *See, e.g., Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1988). The rule is part of a

"liberal policy of permitting amendments to ensure the determination of claims on the merits."

*Marks v. Shell Oil Co.,* 830 F. 2d 68, 69 (6th Cir. 1987). The Court in *Marks* held:

> Under the Federal Rules, a party amending a pleading after a responsive pleading has been served "may amend his pleadings only by leave of the court . . .  and leave shall be freely given when justice so requires." *See* Fed. R. Civ. P. 15(a). A court's refusal to grant leave to amend is reviewable under the "abuse of discretion" standard. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-32 (1971); *Tefft v. Seward,* 689 F.2d 637 (6th Cir. 1982); *Estes v. Kentucky Utilities Co.,* 636 F.2d 1131 (6th Cir. 1980). Though the decision to grant leave to amend is

17

committed to the trial court's discretion, that discretion is limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits. *See Espey v. Wainwright,* 734 F.2d 748 (11th Cir. 1984).

*Id.* at 69.

The Defendants have requested this Court dismiss the Plaintiffs' Complaint with prejudice. To do so would be reversable error at this point in the litigation of this case. The Plaintiffs request leave to amend the Complaint if the Court determines any portion of this Complaint is due to be dismissed as pled.

## III.    CONCLUSION

For each and every one of the foregoing reasons, the Plaintiffs respectfully request the Court deny the Defendants' Motions (DOC#: 52, 53, 54 and 57). Alternatively, the Plaintiffs request leave to amend their Complaint.

> Respectfully submitted,
>
> /s/Glenn Feagan_____
> Glenn Feagan (#0041520)
> Deters Law II
> 5247 Madison Pike
> Independence, KY 41051
> (859) 363-1900
> gfeagan@feaganlaw.com
> Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d) and other applicable law, I certify that on November 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record who are deemed to have consented to electronic service.

> /s/Glenn Feagan_____ _____
> Glenn Feagan