# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY HARSMAN, *et al.*, | : | Case No. 1:21-cv-597 |
|     Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| CINCINNATI CHILDREN'S | : | |
| HOSPITAL MEDICAL CENTER, *et al.*, | : | |
|     Defendants. | : | |

### ORDER RESOLVING DEFENDANTS' MOTIONS
### FOR SANCTIONS AND ATTORNEY FEES AND
### SETTING BRIEFING SCHEDULE ON AMOUNT OF SANCTIONS

This case is before the Court on Defendants' motions for sanctions and attorney fees (Docs. 56, 59-61, 78, 79), and the parties' responsive memoranda (Docs. 64, 68, 70, 71, 73, 80-84).

## I. BACKGROUND

This Court has previously discussed the factual background of this case. (Doc. 48 at 2-4). In short, Plaintiffs presumably are (or were) employees of Defendants. Defendants are the five major healthcare systems in the Cincinnati area: Christ Hospital, Cincinnati Children's Hospital, Mercy Health, TriHealth, and UC Health (collectively, the "Ohio Defendants" or "Defendants"). Plaintiffs brought this action, opposing Defendants' COVID-19 vaccine policies.

Setting the factual background aside, however, this Order is focused solely on the tortuous <u>procedural</u> history instigated by Plaintiffs' counsel, Deters Law and "the owner of Deters Law," Glenn Feagan (collectively, "Deters Law"). *See Beckerich v. St.*

*Elizabeth Med. Ctr., Inc.*, No. 1:21-cv-576 (S.D. Ohio Sept. 16, 2021), Doc. 17 at 10:17.

      Between August 23 and 25, 2021, Deters Law filed seven class action lawsuits in state and federal court.[1] Specifically, Deters Law filed one lawsuit in the Southern District of Ohio, asserting one antitrust claim against St. Elizabeth Medical Center ("St. Elizabeth") and the Ohio Defendants. Another lawsuit, brought against St. Elizabeth only, was filed in Kentucky state court, though it was later removed to federal court in the Eastern District of Kentucky. And the remaining five lawsuits were brought against each of the Ohio Defendants individually, and were filed in Ohio state court, though three were later removed to federal court in the Southern District of Ohio.[2]

      In all seven of these the lawsuits, Deters Law moved for a restraining order, seeking to stop the Ohio Defendants' and St. Elizabeth's COVID-19 vaccine policies from going into effect. However, on August 29, 2021, after receiving an unfavorable ruling in one of the state cases, Deters Law voluntarily dismissed all seven lawsuits.[3]

---

[1] The Court notes that Mr. Feagan is on all the pleadings of the Ohio cases, both state and federal. But Mr. Feagan does not appear to be admitted to the Kentucky State Bar, and is not on the pleadings of any Kentucky cases. Rather, the Kentucky cases were filed by Anthony Romeo of Deters Law. The Court reiterates, however, that Mr. Feagan is the owner of Deters Law.

[2] The seven lawsuits include: *Beckerich v. St. Elizabeth Med. Ctr., Inc.*, No. 1:21-cv-548 (S.D. Ohio filed Aug. 25, 2021); *Beckerich v. St. Elizabeth Med. Ctr., Inc.*, No. 2:21-cv-100 (E.D. Ky. removed Aug. 24, 2021); *Aldridge v. Mercy Health Cincinnati, LLC*, No. A2102965 (Hamilton Cnty. C.P. filed Aug. 23, 2021); *Alexander v. Cincinnati Children's Hosp. Med. Ctr.*, No. 1:21-cv-545 (S.D. Ohio removed Aug. 25, 2021); *Allen v. TriHealth, Inc.*, No. A2102964 (Hamilton Cnty. C.P. filed Aug. 23, 2021); *Durrough v. Christ Hosp.*, No. 1:21-cv-549 (S.D. Ohio removed Aug. 26, 2021); and *Bezier v. UC Health, LLC*, No. 1:21-cv-551 (S.D. Ohio removed Aug. 25, 2021).

[3] Entry Denying Pls.' Mot. Temp. Restraining Order, *Aldridge*, No. A2102965 (Hamilton Cnty. C.P. Aug. 27, 2021).

On September 3, 2021, Deters Law resumed its litigations against the Ohio Defendants and St. Elizabeth by filing two more lawsuits, this time in federal court exclusively. Deters Law filed one class action suit in the Eastern District of Kentucky against St. Elizabeth (the "EDKY case").[4] And Deters Law filed another class action suit in the Southern District of Ohio (the "OHSD case"), combining all claims against the Ohio Defendants, as well as its antitrust claim against Saint Elizabeth.[5] In both cases, Deters Law once again moved for emergency relief, seeking to stop any COVID-19 vaccine policies from going into effect. The EDKY case was randomly assigned to the Honorable David L. Bunning; the OHSD case was randomly assigned to the undersigned.

Deters Law proceeded in the EDKY case, litigating their motion for temporary restraining order without interruption. Ultimately, on September 24, 2021, Judge Bunning issued a well-reasoned order denying Plaintiffs' request for emergency relief in the EDKY case against St. Elizabeth. *Beckerich v. St. Elizabeth Med. Ctr.*, 563 F. Supp. 3d 633, 637 (E.D. Ky. 2021), reconsideration denied, No. 2:21-cv-105-DLB-EBA, 2021 WL 4722915 (E.D. Ky. Sept. 30, 2021).

The proceedings in the OHSD case, however, did not progress so seamlessly.

Rather, in the OHSD case, on September 10, 2021, pursuant to Local Rule 65, the Court held an informal teleconference with the parties to set an expedited briefing schedule on Plaintiffs' motion for temporary restraining order and preliminary

---

[4] *Beckerich v. St. Elizabeth Med. Ctr., Inc.*, No. 2:21-cv-00105 (E.D. Ky. filed Sept. 3, 2021).

[5] *Beckerich v. St. Elizabeth Med. Ctr., Inc.*, No. 1:21-cv-00576 (S.D. Ohio filed Sept. 3, 2021).

3

injunction.[6] After an expedited briefing schedule was established, Deters Law requested a hearing to present expert testimony. This Court indicated that, given the emergent nature of the Plaintiffs' request, the Court would determine the necessity for a hearing after briefing. In the interim, however, the Court permitted Plaintiffs to supplement their motion, in order to file any supporting evidence. But Deters Law was unhappy with this Court's decision. Deters Law was also unhappy that the OHSD case was randomly assigned to this Judge.[7] So, later that same day, Deters Law voluntarily dismissed the OHSD case.

But Deters Law was not done.

On September 14, 2021, Deters Law refiled their combined class action against the Ohio Defendants in state court, but dropped the antitrust claim and St. Elizabeth from the complaint. Unsurprisingly, the Ohio Defendants removed the case to federal court. Again, the case—*i.e.*, now the present case—was randomly assigned to the undersigned. The Court, again, set an expedited briefing schedule. The Court, again, provided Plaintiffs an opportunity to file additional supporting evidence.

Although Deters Law initially challenged the case's removal to federal court, Deters Law ultimately abandoned that challenge and elected to proceed before this Judge. On September 30, 2021, this Court denied Plaintiffs' motion for a temporary restraining order and preliminary injunction. (Doc. 48).

---

[6] Transcript of Proceedings, *Beckerich*, No. 1:21-cv-00576 (S.D. Ohio Sept. 16, 2021), Doc. 17.

[7] *See* Eric Deters, The Bulldog Show, Bulldog Show 1 | September 13, 2021, YouTube (Sep. 13, 2021), https://youtu.be/Orxmwq2b5mk?t=570.

4

After this Court denied Plaintiffs' motion, Defendants filed motions to dismiss and motions for sanctions. On January 27, 2022, Plaintiffs moved to dismiss the complaint, stating that they, "in essence," received a ruling on their case via the Supreme Court's ruling in *Biden v. Missouri*, 142 S. Ct. 647, 211 L.Ed.2d 433 (2022). (Docs. 75, 76).[8] The Court construed Plaintiffs' motion as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and dismissed the case with prejudice pursuant to Rule 41(a)(1)(B). (Doc. 77). However, the Court explicitly retained jurisdiction over the pending motions for sanctions, which jurisdiction now includes additional motions for attorney fees. (Docs. 56, 59-61, 78, 79).

## II. STANDARDS OF REVIEW

### A. Federal Rule of Civil Procedure 11

Fed. R. Civ. P. 11(b) details a party's obligation when presenting the court with a pleading, written motion, or other paper. By signing a paper presented to the Court, an attorney certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Once the Court determines Rule 11(b) was violated, after notice and a reasonable opportunity to respond, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." *Id*.

---

[8] Pursuant to that Order granting Plaintiffs' motions to dismiss (Doc. 77), all motions (Docs. 21, 49, 51, 52, 53, 54, 57) except those related to sanctions or fees shall be terminated as moot.

Any sanctions imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*. "[A]lthough it is clear that Rule 11 is not intended to be a compensatory mechanism in the first instance, it is equally clear that effective deterrence sometimes requires compensating the victim for attorney fees arising from abusive litigation." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 400 (6th Cir. 2009).

## B. 28 U.S.C. § 1927

Pursuant 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "[Section] 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citation omitted). Sanctions under this section are warranted when an attorney objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Rentz*, 556 F.3d at 396. "[A]n attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id*. (citation omitted).

6

"[S]anctions under 28 U.S.C. § 1927 may be imposed only on individual attorneys, and not law firms." *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 757 (6th Cir. 2010).

### III. ANALYSIS

Defendants seek sanctions and attorney fees against Deters Law and Mr. Feagan, individually.[9] (Docs. 56, 59-61, 78, 79). Defendants mainly argue that sanctions and fees are warranted because: (1) Deters Law and Mr. Feagan engaged in abusive litigation tactics, including forum- and judge-shopping; and (2) Deters Law and Mr. Feagan filed a frivolous, meritless, and harassing complaint lacking in any legal or factual support.

In response, Deters Law and Mr. Feagan argue that sanctions should not issue because: (1) they conducted a reasonable investigation before filing; (2) their claims were not meritless; and (3) the litigation was not motivated to harass Defendants. (Docs. 64, 82). Mr. Feagan and Deters Law rely, in large part, on Judge Bunning's order denying sanctions in the EDKY case. *See Beckerich v. St. Elizabeth Med. Ctr.*, No. 2:21-cv-105, 2022 WL 325453 (E.D. Ky. Feb. 2, 2022).[10]

---

[9] The Court continues to include Mr. Feagan by reference to Deters Law but, for purposes of the Analysis, will also reference Mr. Feagan individually since § 1927 sanctions may only be imposed against an individual attorney.

[10] Although Judge Bunning declined to sanction Deters Law in the EDKY case, the procedural background of the EDKY case is entirely distinguishable from the present case. Specifically, Deters Law voluntarily dismissed only one case against St. Elizabeth in the Eastern District of Kentucky (which case was removed to federal court), before refiling the case about a week later and proceeding without delay. Conversely, **prior to proceeding in the present case, Deters Law and Mr. Feagan voluntarily dismissed seven cases against the Ohio Defendants, including five cases in this federal court (three of which were removed). Deters Law further publicly confessed that dismissal of the OHSD case was for the purpose of judge shopping.**

At the outset, this Court definitively states that it declines to consider sanctioning Deters Law or Mr. Feagan for reasons relating to their investigation before filing, the merits of any claim, or harassment.  Indeed, consideration of such sanctions is not necessary when, as here, Deters Law and Mr. Feagan have demonstrated a far more fundamental cause warranting sanctions.

That is, the Court finds **sanctions must issue against Deters Law and Mr. Feagan** pursuant to Rule 11, and against Mr. Feagan individually pursuant to 28 U.S.C. § 1927, **based solely on their abuse of the judicial system through their strategic dismissal and re-filing of claims to thwart potentially unfavorable rulings by engaging in confessed judge shopping.**[11]  Deters Law and Mr. Feagan have neither denied such conduct, nor offered any justification for it.  **Their improper practices created needless delay, effort, and expense for the opposing parties and the Court. Such conduct undermines the judicial system as a whole and must be deterred.**

Specifically, over the course of three days, beginning on August 23, 2021, Deters Law filed seven complaints and motions for emergency relief, six of which were filed by Mr. Feagan on behalf of Deters Law (*see* fn. 2, *supra*), and all of which were prompted, at their core, by the same issue—Defendants' COVID-19 vaccine policies.[12]  In other

---

[11] The Court does not sanction counsel-of-record, Alan Statman.  Mr. Statman has not signed any pleadings or motions in this case.  Mr. Statman was a retained "trial attorney" and "not part of Deters Law."  Transcript of Proceedings, *Beckerich*, No. 1:21-cv-00576 (S.D. Ohio Sept. 16, 2021), Doc. 17 at 9:24-10:1.

[12] The Court recognizes that, in different iterations of their complaints, Deters Law and Mr. Feagan modified some of their causes of action.  But the underlying relief sought in all their causes was effectively the same: to stop Defendants' COVID-19 vaccine policies from going into effect.

8

words, Deters Law and Mr. Feagan sought the same relief, arising from effectively the same alleged violations, against the same entities, and yet Deters Law and Mr. Feagan deliberately brought these suits in separate filings, across three different state and federal courts. Deters Law and Mr. Feagan then subsequently dismissed those seven suits after receiving an unfavorable ruling in one of the Ohio state court cases.

But these dismissals were yet another strategic decision, made for improper purposes. Because, just days later, Deters Law and Mr. Feagan once again refiled these claims—this time electing not to do so in the state court that previously ruled against them. Rather, Deters Law filed their effectively redundant actions in federal court—the EDKY case and the OHSD case. Deters Law litigated the EDKY case, but Deters Law and Mr. Feagan elected to once again dismiss the OHSD case. And again, this dismissal was prompted by Deters Law and Mr. Feagan's intent to manipulate the outcome of the proceedings. Indeed, as this Court noted in a prior Order, **Eric Deters himself confessed publicly** that dismissing the OHSD case was done for the express purpose of 'judge-shopping'—*i.e.*, refiling a suit in hopes that, upon refiling, the case will be randomly assigned to a different judge, who the litigant believes will be more likely to give them a favorable outcome.[13]

---

[13] Eric Deters, who is "permanently retired" from practicing law in Ohio and suspended for disciplinary reasons from practicing law in Kentucky, is the office manager of Deters Law. *See, e.g.*, https://www.cincinnati.com/story/news/2021/08/10/eric-deters-pay-6-500-fine-ordered-ohio-supreme-court/5555502001/.

And, indeed, days later, Deters Law and Mr. Feagan once again filed their case, this time electing to go back to state court and thereby avoiding having their case decided by the undersigned. Of course, Defendants appropriately removed the case to federal court, at which point Deters Law and Mr. Feagan found themselves before this Judge once again. And, eventually, the case was voluntarily dismissed after their motion for a temporary restraining order was denied.

**In short, there is no question that Deters Law and Mr. Feagan knowingly filed redundant cases across multiple forums. There is no question that Deters Law and Mr. Feagan dismissed those cases to avoid further unfavorable outcomes, and then refiled in different forums for the sole purpose of taking a second bite at the apple. And there is no question that Deters Law and Mr. Feagan engaged in confessed judge shopping. This conduct is unquestionably improper for any officer of the court.**[14] *McGirr v. Rehme*, 891 F.3d 603, 614 (6th Cir. 2018) ("There is a fundamental public interest in ending [] abuse of the judicial system, in conserving judicial resources, and in preventing further confusion and disruption in this litigation.").

---

[14] *See, e.g., In re Fieger*, 191 F.3d 451 (6th Cir. 1999) (upholding sanctions against attorney who filed thirteen lawsuits, then stated in press interviews that he dismissed twelve of the suits "so that he could select the judge"); *Tennessee v. Gibbons*, No. 3:16-CV-00718, 2017 WL 4535947, at *4 (M.D. Tenn. Oct. 10, 2017) (quotation omitted) (collecting cases) (criticizing "blatantly expressed" judge shopping); *Landau v. Viridian Energy PA LLC*, 274 F. Supp. 3d 329, 339 (E.D. Pa. 2017) ("The practice of judge-shopping raises serious questions of professional ethics and undermines trust in the court's impartiality. Some consequence should follow."); *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 73 (D.P.R. 2004) (D.P.R. 2005) (imposing sanctions and explaining that voluntary dismissals should not be used "as a vehicle for judge-shopping") (collecting cases from across jurisdictions).

Thus, the Court finds that, **in violation of Rule 11(b), Deters Law and Mr. Feagan caused unnecessary delay and needlessly increased the cost of litigation.** The Court further finds that, **in violation of 28 U.S.C. § 1927, Mr. Feagan (at least) knowingly disregarded the risk that his actions would needlessly and unreasonably multiply the proceedings.**

Additionally, the Court finds that Deters Law and Mr. Feagan received notice of and had a reasonable opportunity to respond to the allegations of misconduct and the requests for attorney fees. Deters Law and Mr. Feagan were sent Rule 11 letters, served motions for sanctions, and served motions for attorneys' fees and other reasonable expenses objecting to their conduct. (*E.g.*, Docs. 56-2, 56-3, 59-1, 61-3). This Court also put Deters Law and Mr. Feagan on notice of concerns with their confessed judge shopping and gamesmanship. (Doc. 48 at 13-14).

Yet, despite this notice and opportunity to be heard, Deters Law and Mr. Feagan completely failed to respond to these allegations of misconduct. When responding to the motions for sanctions and attorney fees, **Deters Law and Mr. Feagan did not attempt to justify their dismissals, did not attempt to justify their delay, and did not attempt to justify their blatant judge shopping.**

Thus, the Court finds that Deters Law and Mr. Feagan violated Rule 11(b), and Mr. Feagan violated 28 U.S.C. § 1927. Deters Law and Mr. Feagan were given notice and opportunity to be heard on the issue and failed to justify their actions. Sanctions must issue.

First, to protect this Court from Deters Law's abuse of the judicial system through its confessed judge shopping, and to stop Deters Law from engaging in similar behavior in the future, the Court deems Deters Law a vexatious litigant and enjoins Deters Law from filing or re-filing, in the Southern District of Ohio, any action that names the same parties, arises from the same operative facts, and/or seeks the same relief as any ongoing or voluntarily dismissed litigation, unless Deters Law accompanies its filings with a certification from an attorney in good standing, who is licensed to practice in this Court, and who has no affiliation with Deters Law, stating that the filing or re-filing of the suit is not the product of forum- or judge-shopping and is not brought for any dilatory or otherwise improper purposes. In the event that Deters Law files the case in state court and the case is later removed to federal court in the Southern District of Ohio, Deters Law will be required to file the aforementioned certification within seven (7) days of removal. Failure to file certification in compliance with this Order will result in immediate dismissal of the case with prejudice.

Second, Deters Law and Mr. Feagan, jointly and severally, shall be responsible for paying the Ohio Defendants' "reasonable attorney's fees and other expenses directly resulting from" Deters Law and Mr. Feagan's sanctionable conduct. Fed. R. Civ. P. 11(c)(4); *id.* at 11(c)(1) ("[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee").[15]

---

[15] Like Rule 11, an attorney sanctioned pursuant § 1927 may only be required to pay attorney fees incurred "because of" the sanctionable conduct. Mr. Feagan's sanctionable conduct is the same under both Rule 11 and § 1927, so he alternatively owes these same fees under § 1927.

**As a result of Deters Law and Mr. Feagan's gamesmanship, the Ohio Defendants needlessly prepared to litigate seven cases before the instant action.** Therefore, the Court finds the following attorney fees and costs were a direct result of the violation of Rule 11: (1) any fees and costs incurred from and relating to the motions for sanctions and attorney fees; and (2) any fees and costs incurred prior to the filing of the complaint in the present action (*i.e.*, fees and costs incurred between August 23, 2021 and September 14, 2021).[16] To ensure an accurate computation, the Court reserves ruling on the specific amount of attorney fees, and any modification thereof, subject to the steps detailed in the conclusion, *infra*.

The Court reiterates that the sanctions issued against Deters Law and Mr. Feagan are not based on their investigation before filing or any perceived merit to the claims. **The Court sanctions Deters Law and Mr. Feagan because they needlessly delayed, unreasonably multiplied, and increased the costs of the proceedings. This Court cannot, and will not, condone Deters Law and Mr. Feagan's gamesmanship, delay tactics, and publicly confessed judge shopping.**

Accordingly, sanctions must issue.

---

[16] By permitting fees and costs arising out of the voluntarily dismissed action (*i.e.*, fees incurred between August 23, 2021 and September 14, 2021), the Court specifically tailors this sanction to address Deters Law and Mr. Feagan's improper procedural antics. However, the Court will not grant attorney fees and costs relating to the substantive litigation of the present case. As this Court has previously noted, **the Court is not punishing Deters Law and Mr. Feagan for litigating their substantive claim, regardless of the merits. The Court sanctions only Deters Law and Mr. Feagan's improper conduct and procedural abuse of the judicial system.**

## IV. CONCLUSION

Based upon the foregoing:

1. The motions for sanctions and attorney fees (Docs. 56, 59, 60, 61, 78, 79) are **GRANTED**.

2. Deters Law is deemed a **VEXATIOUS** litigant and is accordingly **ENJOINED** from filing or re-filing, in the Southern District of Ohio, any action that names the same parties, arises from the same operative facts, and/or seeks the same relief as any ongoing or voluntarily dismissed litigation, unless Deters Law accompanies its filings with a certification from an attorney in good standing, who is licensed to practice in this Court, and who has no affiliation with Deters Law, stating that the filing or re-filing of the suit is not the product of forum- or judge-shopping and is not brought for any dilatory or otherwise improper purposes. In the event that Deters Law files the case in state court and the case is later removed to federal court, Deters Law will be required to file the aforementioned certification within seven (7) days of removal. Failure to file certification in compliance with this Order will result in immediate dismissal of the case with prejudice; and

3. Within **fourteen (14) days** of this Order, each Ohio Defendant requesting attorney fees and costs must submit <u>one</u> affidavit from counsel, which affidavit includes as attachments the following:

    a. A summary total amount of:

        i. Fees incurred from and related to motions for sanctions and attorney fees;

        ii. Costs incurred from and related to motions for sanctions and attorney fees;

        iii. Fees incurred prior to the filing of the complaint in the present action (*i.e.*, fees and costs incurred between August 23, 2021 and September 14, 2021);

        iv. Costs incurred prior to the filing of the complaint in the present action (*i.e.*, fees and costs incurred between August 23, 2021 and September 14, 2021);

    b. A chart providing the names of timekeepers, their qualifications, and charged rate;

    c. A detailed list of costs incurred; and

    d. A detailed billing record of fees incurred sorted chronologically.

Upon receipt of the required affidavits, the Court will determine whether the requested fees and costs are reasonable and order the payment of said fees and costs accordingly. Failure to timely submit the required documentation, as specifically instructed, shall result in that defendant's waiver of fees and costs.

**IT IS SO ORDERED.**

Date: 9/20/2022

*s/Timothy S. Black*
Timothy S. Black
United States District Judge